AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Dawid Tomasz Woźniak | ) | |
| | ) | 2:22-mj-0028 KJN |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED**

Feb 17, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____February 16, 2022_____ in the county of _____Sacramento_____ in the
____Eastern____ District of _____California_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. Sec. 3184 | Fugitive from foreign country to the United States |

This criminal complaint is based on these facts:

See attached Affidavit of Assitant U.S. Attorney Audrey B. Hemesath.

☑ Continued on the attached sheet.

_____/s/_____
*Complainant's signature*

Audrey B. Hemesath, Assistant U.S. Attorney
*Printed name and title*

Attested to by the applicant in accordance with the requirements of
Fed. R. Crim. P. 4.1 by email/PDF & telephone.

Date: _____02/17/22_____

_____
*Judge's signature*

City and state: _____Sacramento, CA_____      Hon. Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A COMPLAINT

I, Audrey B. Hemesath, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1.      In this matter, I represent the United States in fulfilling its treaty obligation to the Republic of Poland.

2.      There is an extradition treaty in force between the United States and Poland, the Extradition Treaty Between the United States of America and the Republic of Poland, U.S.-Pol., July 10, 1996, S. TREATY DOC. NO. 105-13 (1997) and the Agreement Between the United States of America and the Republic of Poland on the application of the Extradition Treaty Between the United States of America and the Republic of Poland signed 10 July 1996, U.S.-Pol., June 9, 2006, S. TREATY DOC. NO. 109-14 (2006).

3.      Pursuant to the Treaty, the Government of the Republic of Poland has submitted a formal request through diplomatic channels for the extradition of Dawid Tomasz WOŹNIAK.

4.      According to the information provided by the Government of the Republic of Poland, WOŹNIAK was charged with one count of causing grievous bodily harm resulting in death, in violation of Article 156 § 3 of the Criminal Code of Poland, which stems from an attack that WOŹNIAK is alleged to have committed against Andrzej Malinowski.

5.      This offense was committed within the jurisdiction of the Republic of Poland.  A warrant for WOŹNIAK's arrest was issued on March 3, 2009, by the Regional Court in Ciechanów, Poland.

6.      The extradition request presents the following facts as the basis for the criminal charges and arrest warrant:

        On December 24, 2007, WOŹNIAK and his friends, Marek Szymanski, Arkadiusz Bronislawski, Piotr Chmielewski, and Mariusz Kozlowski, drove to Grudusk, Poland, in two vehicles without any known purpose.  They had been drinking alcohol earlier in the day.  They stopped in a parking lot near a

shopping center in Grudusk around 11:00 p.m.; WOŹNIAK, who was wearing a short sleeve t-shirt, got out of the car in which he was riding, took out a wooden stick from the trunk, and approached another car in which an unidentified man was sitting. WOŹNIAK opened the man's car door and began dragging him out of the car. Kozlowski intervened and pulled WOŹNIAK away from the man.

WOŹNIAK, still holding the wooden stick, walked towards a stadium located on a nearby street. His friend Szymanski followed him while the others waited by the cars. WOŹNIAK and Szymanski approached Szymon Rutkowski, Katarzyna Grodecka, and Karolina Rudnicka, who were standing outside of Ewelina Rudnicka's house waiting for her. WOŹNIAK and Szymanski approached Rutkowski; WOŹNIAK hit Rutkowski in the back with the wooden stick, causing Rutkowski to bend over and shield his face with his hands. WOŹNIAK continued to hit Rutkowski with the wooden stick while Szymanski repeatedly punched and kicked him.[1]

While WOŹNIAK and Szymanski were beating Rutkowski, Andrzej Malinowski walked by and asked WOŹNIAK and Szymanski what they wanted from Rutkowski. WOŹNIAK and Szymanski then approached Malinowski and started hitting him. WOŹNIAK hit Malinowski in the head with the wooden stick while Szymanski punched and kicked Malinowski. Malinowski fell onto his back; WOŹNIAK and Szymanski ran back to the parking lot where their friends were waiting. WOŹNIAK got into Kozlowski's car, Szymanski got into Chmielewski's car, and they all drove away from Grudusk. Rutkowski and Karolina Rudnicka both witnessed the assault against Malinowski and provided statements to the police describing the attack.

Two individuals helped Malinowski walk home. He then went to the hospital, where the doctors discovered that he had sustained an extensive left side subdural hematoma over the entire hemisphere of

---

[1]     Poland is seeking WOŹNIAK's extradition for causing grievous bodily harm resulting in death, in violation of Article 156 § 3 of the Criminal Code of Poland, relating to his acts against Malinowski. Poland is not seeking his extradition for the assaults against Rutkowski or any other victim.

AFFIDAVIT                                                     2

the brain, among other serious injuries.  Malinowski died approximately one week later, on January 1, 2008.  According to a medical expert, the direct cause of death was an acute breathing and circulation failure resulting from the injuries to Malinowski's skull and brain.  Those injuries had led to intracranial hypertension syndrome and swelling of the brain, which caused general encephalomalacia and irreversible destruction of the nervous centers necessary to live.

The shape and location of the head injury indicated that they occurred as a consequence of a single blow with a hard, oblong, oval object.  No trace evidence originating from WOŹNIAK were found on the stick, but multiple witnesses stated that it was WOŹNIAK, wearing a short sleeve t-shirt, who held or used the stick.

7.     WOŹNIAK was 16 at the time of the incident.  He was initially detained as a juvenile, but fled Poland soon after this initial detention.

8.     WOŹNIAK was initially identified by witnesses based on a photograph of him as a child; subsequently, Polish law enforcement assembled a four-photo demonstrative, from which WOŹNIAK was identified by witnesses Szymanski and Kozlowski, among others.  WOŹNIAK was also identified by the two police officers who interviewed WOŹNIAK after the incident.

9.     According to the documents submitted by the Republic of Poland, the statute of limitations for the charged crime expired December 26, 2027.

10.    WOŹNIAK may be found within the jurisdiction of this Court at 10340 Machico Way, Elk Grove, CA 95758.

11.    Tom Heinemann, an attorney in the Office of the Legal Adviser of the U.S. Department of State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the Treaty.  The declaration states that the offenses for which extradition is sought are covered by the Treaty and confirms that the documents supporting the request for extradition bear the certificate or seal of the Ministry of Justice of Poland, in

AFFIDAVIT

accordance with Article 10 of the Treaty, so as to enable them to be received into evidence.

9.      The declaration from the U.S. Department of State with its attachments, including a copy of the diplomatic note from the Republic of Poland, a copy of the Treaty, and the certified documents submitted in support of the request (marked collectively as Government's Exhibit #1) are filed with this complaint and incorporated by reference herein.

10.     WOŹNIAK would likely flee if he learned of the existence of a warrant for his arrest.

        WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the Treaty between the United States and the Republic of Poland, so that the fugitive may be arrested and brought before this Court to the end that the evidence of criminality may be heard and considered and that this complaint and the warrant be placed under the seal of the Court until such time as the warrant is executed.

AUDREY B. HEMESATH
Assistant United States Attorney

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 and 4(d) this ____17th____ day of ____February____, 2022.

Hon. KENDALL J. NEWMAN
Chief United States Magistrate Judge

AFFIDAVIT

4



No 35-16-11

The Embassy of the Republic of Poland presents its compliments to the United States Department of State and in accordance with the Treaty of Extradition between the Republic of Poland and the United States of America has the honor to request the extradition of Dawid Tomasz Woźniak, born on May 13, 1991 in Ciechanów, Poland. He is suspected of the crime of assault with bodily injury resulted in death of another person committed in Poland.

The offense Dawid Tomasz Woźniak is suspected of corresponds with article 2 of the Treaty of Extradition between the Republic of Poland and the United States of America.

The Minister of Justice of the Republic of Poland issued the extradition request.

The Embassy of the Republic of Poland avails itself of this opportunity to renew to the United States Department of State the assurances of its highest consideration.

Enclosures: Documents supporting the extradition request.

U.S. Department of State

W a s h i n g t o n, D. C.

Washington, DC, September 1, 2011



**RZECZPOSPOLITA POLSKA**
**MINISTER SPRAWIEDLIWOŚCI**

Warszawa, dnia *17 sierpnia*    2011 roku

DWM II 073 – *1883*    / 11.

> **Pani**
> **Hillary Rodham Clinton**
>
> **Sekretarz Stanu**
> **Stanów Zjednoczonych Ameryki**


W oparciu o treść artykułu 1, artykułu 2 ustęp 1 i 2 oraz artykułu 12 Umowy między Rzecząpospolitą Polską a Stanami Zjednoczonymi Ameryki o ekstradycji z dnia 10 lipca 1996 roku, w związku z artykułem 5 ustęp 2 Umowy między Stanami Zjednoczonymi Ameryki a Unią Europejską o ekstradycji z dnia 25 czerwca 2003 roku, w załączeniu uprzejmie przesyłam wniosek Prokuratora Okręgowego w Płocku z dnia 22 czerwca 2011 roku, numer I Oz 8/10/C, o tymczasowe aresztowanie i ekstradycję obywatela polskiego Dawida Tomasza Woźniaka podejrzanego o dokonanie przestępstwa z artykułu 156 paragraf 3 kodeksu karnego i artykułu 159 kodeksu karnego – w związku z artykułem 11 paragraf 2 kodeksu karnego i artykułem 10 paragraf 2 kodeksu karnego, wraz z wymaganymi dokumentami.

Podzielając stanowisko wyrażone we wniosku, proszę o jego pozytywne rozpatrzenie.

Jednocześnie uprzejmie proszę o kierowanie dalszej korespondenci w niniejszej sprawie do Prokuratury Generalnej Rzeczypospolitej Polskiej z powołaniem się na numer sprawy PG V Oz 3935/10/E.

z upoważnienia
MINISTRA SPRAWIEDLIWOŚCI

*Piotr Kluz*
PODSEKRETARZ STANU

**PROKURATURA  OKRĘGOWA**
**w PŁOCKU**
Plac Obrońców Warszawy 8
09-404 Płock
prokuratura@plock.po.gov.pl

Płock, 2011 – 06 - 22

I Oz 8/10/C

### Wniosek Prokuratora Okręgowego w Płocku
### o tymczasowe aresztowanie i ekstradycję

Zwracam się z uprzejmą prośbą o tymczasowe aresztowanie i wydanie w celu przeprowadzenia postępowania karnego obywatela polskiego:

Dawida Tomasza Woźniaka,

syna Zbigniewa i Doroty z domu Lewandowskiej,

urodzonego w dniu 13 maja 1991 roku w Ciechanowie, województwo mazowieckie,

ostatnio zamieszkałego w Pawłowie Kościelnym 17, gmina Czernice Borowe, województwo mazowieckie,

aktualnie zamieszkałego w Stanach Zjednoczonych Ameryki pod adresem 420 E. Roseburg Avenue, Modesto Kalifornia and 1006 Hackberry Ale., Modesto Kalifornia.

Prokurator Rejonowy w Ciechanowie prowadzi śledztwo o sygnaturze Ds 964/08/Sp(c) przeciwko Dawidowi Tomaszowi Woźniakowi podejrzanemu o to, że: w dniu 24/25 grudnia 2007 roku w Grudusku działając wspólnie i w porozumieniu z Markiem Szymańskim, wziął udział w pobiciu Andrzeja Malinowskiego w ten sposób, że uderzał go drewnianą pałką w głowę, zaś Marek Szymański uderzał pokrzywdzonego rękami i kopał po całym ciele, czym spowodował obrażenia ciała Andrzeja Malinowskiego powodujące jego śmierć w dniu 1 stycznia 2008 roku to jest o przestępstwo z artykułu 156 paragraf 3 kodeksu karnego i artykułu 159 kodeksu karnego w związku z artykułem 11 paragraf 2 kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu karnego.

**RZECZPOSPOLITA POLSKA**
**MINISTER SPRAWIEDLIWOŚCI**

Warszawa, dnia *17 sierpnia* 2011 roku

DWM II 073 – *1883* / 11.

**Pani**
**Hillary Rodham Clinton**

**Sekretarz Stanu**
**Stanów Zjednoczonych Ameryki**

W oparciu o treść artykułu 1, artykułu 2 ustęp 1 i 2 oraz artykułu 12 Umowy między Rzecząpospolitą Polską a Stanami Zjednoczonymi Ameryki o ekstradycji z dnia 10 lipca 1996 roku, w związku z artykułem 5 ustęp 2 Umowy między Stanami Zjednoczonymi Ameryki a Unią Europejską o ekstradycji z dnia 25 czerwca 2003 roku, w załączeniu uprzejmie przesyłam wniosek Prokuratora Okręgowego w Płocku z dnia 22 czerwca 2011 roku, numer I Oz 8/10/C, o tymczasowe aresztowanie i ekstradycję obywatela polskiego Dawida Tomasza Woźniaka podejrzanego o dokonanie przestępstwa z artykułu 156 paragraf 3 kodeksu karnego i artykułu 159 kodeksu karnego – w związku z artykułem 11 paragraf 2 kodeksu karnego i artykułem 10 paragraf 2 kodeksu karnego, wraz z wymaganymi dokumentami.

Podzielając stanowisko wyrażone we wniosku, proszę o jego pozytywne rozpatrzenie.

Jednocześnie uprzejmie proszę o kierowanie dalszej korespondenci w niniejszej sprawie do Prokuratury Generalnej Rzeczypospolitej Polskiej z powołaniem się na numer sprawy PG V Oz 3935/10/E.

z upoważnienia
MINISTRA SPRAWIEDLIWOŚCI

PODSEKRETARZ STANU

**PROKURATURA   OKRĘGOWA**
**w PŁOCKU**
Plac Obrońców Warszawy 8
09-404 Płock
prokuratura@plock.po.gov.pl

Płock, 2011 – 06 - *22*

I Oz 8/10/C

**Wniosek Prokuratora Okręgowego w Płocku**

**o tymczasowe aresztowanie i ekstradycję**

Zwracam się z uprzejmą prośbą o tymczasowe aresztowanie i wydanie w celu przeprowadzenia postępowania karnego obywatela polskiego:

Dawida Tomasza Woźniaka,

syna Zbigniewa i Doroty z domu Lewandowskiej,

urodzonego w dniu 13 maja 1991 roku w Ciechanowie, województwo mazowieckie,

ostatnio zamieszkałego w Pawłowie Kościelnym 17, gmina Czernice Borowe, województwo mazowieckie,

aktualnie zamieszkałego w Stanach Zjednoczonych Ameryki pod adresem 420 E. Roseburg Avenue, Modesto Kalifornia and 1006 Hackberry Ale., Modesto Kalifornia.

Prokurator Rejonowy w Ciechanowie prowadzi śledztwo o sygnaturze Ds 964/08/Sp(c) przeciwko Dawidowi Tomaszowi Woźniakowi podejrzanemu o to, że: w dniu 24/25 grudnia 2007 roku w Grudusku działając wspólnie i w porozumieniu z Markiem Szymańskim, wziął udział w pobiciu Andrzeja Malinowskiego w ten sposób, że uderzał go drewnianą pałką w głowę, zaś Marek Szymański uderzał pokrzywdzonego rękami i kopał po całym ciele, czym spowodował obrażenia ciała Andrzeja Malinowskiego powodujące jego śmierć w dniu 1 stycznia 2008 roku to jest o przestępstwo z artykułu 156 paragraf 3 kodeksu karnego i artykułu 159 kodeksu karnego w związku z artykułem 11 paragraf 2 kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu karnego.

W sprawie poczyniono następujące ustalenia faktyczne:

W dniu 24 grudnia 2007 roku około godziny 23.00 Dawid Tomasz Woźniak – wraz ze swoimi znajomymi Markiem Szymańskim, Arkadiuszem Bonisławskim, Piotrem Chmielewskim i Mariuszem Kozłowskim przyjechali do miejscowości Grudusk. Wszyscy wymienieni znali się wcześniej, utrzymywali kontakty koleżeńskie. Spotykali się często w miejscach zamieszkania.

Do miejscowości tej wyżej wymienieni przyjechali bez określonego celu. Wcześniej tego samego dnia wypili wspólnie około 3 półlitrowych butelek wódki, po czym jeździli samochodami po kilku miejscowościach.

W Grudusku zatrzymali się na parkingu przy pawilonach handlowych. Dawid Tomasz Woźniak przyjechał wraz z Arkadiuszem Bonisławskim samochodem Fiat 126P, którym kierował Mariusz Kozłowski, drugim samochodem przyjechał Piotr Chmielewski i Marek Szymański. Dawid Tomasz Woźniak był ubrany w jasną koszulkę z krótkim rękawem.

W pewnym momencie Dawid Tomasz Woźniak wysiadł z samochodu Mariusza Kozłowskiego, wyjął z bagażnika drewnianą pałkę i podszedł do zaparkowanego tam innego pojazdu, w którym siedział nieustalony dotąd mężczyzna. Następnie, bez powodu, Dawid Tomasz Woźniak otworzył drzwi tego samochodu i zaczął szarpać znajdującego się w nim mężczyznę. Zachowywał się bardzo agresywnie. W trakcie tego zdarzenia interweniował Mariusz Kozłowski, który odciągnął Dawida Tomasza Woźniaka z tego miejsca.

Dawid Tomasz Woźniak trzymając w ręku pałkę drewnianą udał się następnie w kierunku stadionu w Grudusku, znajdującego się przy ulicy Marii Konopnickiej. Marek Szymański wysiadł z samochodu Piotra Chmielewskiego i poszedł za Dawidem Tomaszem Woźniakiem. Pozostali znajomi Dawida Tomasza Woźniaka zostali przy pojazdach.

W tym czasie w okolicy budynku przy ulicy Marii Konopnickiej 4 przebywał Szymon Rutkowski w towarzystwie Katarzyny Grodeckiej i Karoliny Rudnickiej. Czekali oni wspólnie na Ewelinę Rutkowską, która weszła do swojego domu po czapkę i rękawiczki.

Marek Szymański i Dawid Tomasz Woźniak podeszli do Szymona Rutkowskiego, co widząc Katarzyna Grodecka uciekła z tego miejsca. Następnie Dawid Tomasz Woźniak jako pierwszy uderzył Szymona Rutkowskiego w plecy drewnianą pałką i wówczas Karolina Rudnicka

oddaliła się za Karoliną Grodecką. Po otrzymaniu uderzenia Szymon Rutkowski pochylił się i zasłonił rękami twarz. Następnie otrzymywał od Dawida Tomasza Woźniaka kolejne uderzenia drewnianą pałką w plecy, natomiast Marek Szymański kopał go w ramiona i klatkę piersiową.

W tym czasie chodnikiem przy ulicy Konopnickiej przechodził w pobliżu Andrzej Malinowski. Widząc zaistniałą sytuację zapytał on Marka Szymańskiego i Dawida Tomasza Woźniaka czego chcą od Szymona Rutkowskiego. Wówczas Marek Szymański i Dawid Tomasz Woźniak podeszli do Andrzeja Malinowskiego. Dawid Tomasz Woźniak od razu uderzył go pałką w głowę, a Marek Szymański zadawał ciosy kopiąc Andrzeja Malinowskiego w okolice klatki piersiowej. Andrzej Malinowski przewrócił się na plecy. Dawid Tomasz Woźniak i Marek Szymański uciekli z tego miejsca w kierunku parkingu przed stadionem. Dawid Tomasz Woźniak wsiadł do samochodu Mariusza Kozłowskiego, a Marek Szymański do samochodu Piotra Chmielewskiego i odjechali z Gruduska.

Andrzej Malinowski z miejsca pobicia został odprowadzony do domu przez Annę Lubieniecką i Michała Lubienieckiego. Ze swojego miejsca zamieszkania został przewieziony do szpitala w Ciechanowie. Na skutek zadanych mu ciosów Andrzej Malinowski doznał stłuczenia głowy z otarciem skóry okolicy ciemieniowej prawej i ucha prawego, sińca okolicy zausznej prawej i wycieku treści krwistej z przewodu słuchowego prawego, stłuczenia klatki piersiowej-resorbujący się krwiak tkanek miękkich okolicy lewej 15x15 cm, stłuczenia podudzia lewego -resorbujący się krwiak tkanek miękkich okolicy ½ podudzia powierzchni przedniej 4x4 cm, złamania piramidy kości ciemieniowej prawej oraz rozległego krwiaka podtwardówkowego lewostronnego nad całą półkulą mózgu.

W dniu 01 stycznia 2008 roku Andrzej Malinowski zmarł w Szpitalu Wojewódzkim w Ciechanowie. Według opinii biegłego lekarza bezpośrednią przyczyną jego zgonu stała się ostra niewydolność krążeniowo oddechowa będąca następstwem urazu czaszkowo-mózgowego, który doprowadził do zespołu ciasnoty śródczaszkowej i obrzęku mózgu, a w ich następstwie do jego uogólnionego rozmiękienia i nieodwracalnego uszkodzenia ośrodków niezbędnych do życia.

Marek Szymański został tymczasowo aresztowany przez Sąd Rejonowy w Ciechanowie. Wyrokiem Sądu Okręgowego w Płocku z 14 lipca 2008 roku został uznany za winnego współudziału w pobiciu Szymona Rutkowskiego, za które to przestępstwo wymierzono mu karę 1 roku pozbawienia wolności i współudziału udziału w pobiciu Andrzeja Malinowskiego, za które wymierzono mu karę 3 lat pozbawienia wolności. Markowi Szymańskiemu wymierzono jedną karę łączną 3 lat i 6 miesięcy pozbawienia wolności. Dodać należy, że Sąd Okręgowy w Płocku w wyroku skazującym Marka Szymańskiego wskazał, że Marek Szymański działał wspólnie i w porozumieniu z ustaloną osobą, która uderzała pokrzywdzonego narzędziem w postaci drewnianej pałki.

Zgodnie z polskim prawem odpowiedzialności karnej podlegają osoby, które w chwili popełnienia czynu zabronionego ukończyły 17 lat ( artykuł 10 paragraf 1 kodeksu karnego). Odpowiedzialność karna osób młodszych jest możliwa, ale jedynie w przypadku spełnienia warunków ściśle określonych w paragrafie 2 przywołanego powyżej przepisu.

Zgodnie z jego treścią odpowiedzialności karnej podlegają osoby, które w chwili popełnienia jednego ze wskazanych w tym przepisie czynów zabronionych ukończyły 15 lat, zaś okoliczności sprawy oraz stopień rozwoju sprawcy, jego właściwości i warunki osobiste za tym przemawiają, w szczególności, jeżeli poprzednio stosowane środki wychowawcze lub poprawcze okazały się bezskuteczne.

O zaistnieniu powyższych przesłanek decyduje Sąd Rodzinny jako organ właściwy do rozpoznawania spraw osób nieletnich.

W dniu popełnienia zarzucanego mu przestępstwa Dawid Tomasz Woźniak miał ukończone 16 lat. Z tego powodu początkowo materiały niniejszej sprawy w jego zakresie zostały przekazane do Wydziału III Rodzinnego i Nieletnich Sądu Rejonowego w Przasnyszu. Ten sam Sąd, po rozpoznaniu na posiedzeniu sprawy Dawida Tomasza Woźniaka, postanowieniem z dnia 11 lutego 2008 roku, działając na podstawie artykułu 42 ustęp 3 Ustawy o postępowaniu w sprawach nieletnich, zadecydował o przekazaniu sprawy Dawida Tomasza Woźniaka Prokuratorowi Rejonowemu w Ciechanowie. W uzasadnieniu swojej decyzji Sąd wskazał w szczególności, że w stosunku do tego nieletniego stosowano już środki wychowawcze, które nie odniosły

pozytywnego skutku, wobec czego zachodzi konieczność orzeczenia wobec niego kary na podstawie artykułu 10 paragraf 2 kodeksu karnego.

Na mocy tej decyzji dalsze postępowanie w sprawie wyżej wymienionego toczy się jak wobec osoby dorosłej, na zasadach określonych w kodeksie karnym.

W toku tego postępowania, postanowieniem z dnia 29 kwietnia 2008 roku, Prokurator Rejonowy w Ciechanowie zarzucił Dawidowi Tomaszowi Woźniakowi popełnienie przestępstwa polegającego na pobiciu ze skutkiem śmiertelnym Andrzeja Malinowskiego, który to czyn wyczerpuje znamiona artykułu 156 paragraf 3 i artykułu 159 kodeksu karnego w związku z artykułem 11 paragraf 2 kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu karnego.

Materiały w zakresie jego udziału w pobiciu Szymona Rutkowskiego, który to czyn zakwalifikowany został z artykułu 159 kodeksu karnego Prokurator Rejonowy w Ciechanowie przekazał ponownie do Sądu Rejonowego w Przasnyszu Wydział Rodzinny i Nieletnich albowiem zgodnie z artykułem 10 paragraf 2 kodeksu karnego, osoba która dopuściła się czynu karalnego po ukończeniu 15 roku życia może odpowiadać jedynie za czyn skatalogowany w tym przepisie.

Przestępstwo z artykułu 156 paragraf 3 kodeksu karnego zostało wymienione w przywołanym przepisie, natomiast samoistny czyn zakwalifikowany z artykułu 159 kodeksu karnego dokonany na szkodę Szymona Rutkowskiego nie należy do tej grupy.

Wobec powyższego Dawid Tomasz Woźniak nie może zostać w trybie artykułu 10 paragraf 2 kodeksu karnego pociągnięty do odpowiedzialności karnej za czyn dokonany na szkodę Szymona Rutkowskiego, może natomiast odpowiedzieć karnie za przestępstwo, na skutek którego śmierć poniósł Andrzej Malinowski.

W toku prowadzonego śledztwa Ds. 964/08/Sp(c) nie zdołano ogłosić Dawidowi Tomaszowi Woźniakowi zarzutu popełnienia tego przestępstwa, albowiem wyjechał on poza granice Polski.

Z uwagi na fakt, że od tego czasu Dawid Tomasz Woźniak ukrywa się przed organami wymiaru sprawiedliwości, postanowieniem z 3 marca 2009 roku, sygnatura II Kp 45/09, Sąd Rejonowy w Ciechanowie

zastosował wobec wymienionego środek zapobiegawczy w postaci tymczasowego aresztowania na okres 14 dni od daty jego zatrzymania. W dniu 16 marca 2009 roku zarządzono poszukiwania podejrzanego listem gończym. W toku czynności poszukiwawczych ustalono, że Dawid Tomasz Woźniak przebywa obecnie na terenie **Stanów Zjednoczonych Ameryki pod adresem 420 E. Roseburg Avenue, Modesto Kalifornia and 1006 Hackberry Ale., Modesto Kalifornia.**

Powyższy stan faktyczny ustalono w oparciu o następujące dowody:

– zeznania świadków: Szymona Rutkowskiego, Eweliny Rudnickiej, Karoliny Rudnickiej, Katarzyny Grodeckiej, Mariusza Kozłowskiego, Piotra Chmielewskiego;

– wyjaśnienia oskarżonego Marka Szymańskiego;

– okazania fotografii,

– opinii biegłego lekarza.

Wskazane dowody potwierdzają fakt popełnienia przez Dawida Tomasza Woźniaka zarzuconego czynu.

**Dowód numer 1: zeznania świadka Szymona Rutkowskiego.**

Szymon Rutkowski przesłuchany w charakterze świadka w dniu 25 grudnia 2007 roku w Komendzie Powiatowej Policji w Ciechanowie i w trakcie rozprawy przez Sądem Okręgowym w Płocku w dniu 12 czerwca 2008 roku (karta 12-15, 597-601 akt śledztwa) zeznał, że w dniu 24 grudnia 2007 roku około godziny 23.47 przyjechał do Gruduska. Spotkał się z Eweliną Rudnicką, Karoliną Rudnicką i Katarzyną Grodecką. Gdy razem z Karoliną Rudnicką i Katarzyną Grodecką stał przed domem Eweliny Rudnickiej podbiegło do niego dwóch mężczyzn. Jeden z nich ubrany był w jasną koszulkę z krótkim rękawem. Szymon Rutkowski znał jednego z napastników -Marka Szymańskiego. Szymon Rutkowski od razu został uderzony drewnianą pałką przez jednego z nich, był bity rękami i kopany przez drugiego ze sprawców. Katarzyna Grodecka i Karolina Rudnicka uciekły. Zobaczył to przechodzący w pobliżu tego miejsca Andrzej Malinowski, który zwrócił się do napastników mówiąc: czego od niego chcecie. Wówczas

dwaj mężczyźni, którzy zaatakowali Szymona Rutkowskiego podbiegli do Andrzeja Malinowskiego, zaczęli go uderzać drewniana pałką w głowę, kopać po całym ciele, w trakcie zadawania ciosów Andrzej Malinowski przewrócił się, a wtedy sprawcy uciekli z tego miejsca.

### Dowód numer 2: wyjaśnienia oskarżonego Marka Szymańskiego.

Marek Szymański przesłuchany w charakterze podejrzanego w dniu 27 grudnia 2007 roku (karta 746-748,751) wyjaśnił, że Dawid Tomasz Woźniak wziął udział w pobiciu Szymona Rutkowskiego, którego uderzał drewnianą pałką a następnie widział go jak trzymając drewnianą pałkę stał nad leżącym mężczyzną.

Przesłuchany w charakterze oskarżonego w dniu 12 czerwca 2008 roku na rozprawie przed Sądem Okręgowym w Płocku (karta 588 akt śledztwa) wyjaśnił, że razem z Dawidem Tomaszem Woźniakiem uderzał pałką Szymona Rutkowskiego, a bezpośrednio po tym widział jak Dawid Tomasz Woźniak trzymając drewnianą pałkę stał nad leżącym mężczyzną. Wyjaśnił, że tylko Dawid Tomasz Woźniak posługiwał się drewniana pałką. Z zeznań tegoż świadka wynika, że zna Dawida Tomasza Woźniaka od czasu swego dzieciństwa. Mieszka w Pawłowie Nowym, a Dawid Tomasz Woźniak w Pawłowie Kościelnym, ale są to dwie miejscowości, których zabudowa łączy się. Razem uczęszczali do tej samej szkoły podstawowej.

### Dowód numer 3: zeznania świadka Eweliny Rudnickiej.

Ewelina Rudnicka przesłuchana w charakterze świadka w dniu 25 grudnia 2007 roku (karta 17-20 akt śledztwa) zeznała, że w dniu 24 grudnia 2007 roku około godziny $23^{00}$-$24^{00}$ razem z Karoliną Rudnicką, Katarzyną Grodecką, Szymonem Rutkowskim udali się do jej domu. Ona weszła do domu po szalik i rękawiczki. Gdy wyszła z domu to zobaczyła, że dwóch mężczyzn podbiegło do Andrzeja Malinowskiego, który wcześniej zwrócił im uwagę mówiąc: co mu robicie, zostawcie go. Obaj mężczyźni zaczęli uderzać Andrzeja Malinowskiego. Jeden z napastników uderzał go kijem bejsbolowym, po którymś uderzeniu Andrzej Malinowski upadł na chodnik, a napastnicy uciekli.

Ewelina Rudnicka przesłuchana w charakterze świadka w dniu 16 czerwca 2008 roku przed Sądem Okręgowym w Płocku (karta 607-612 akt śledztwa) zeznała, że widziała przy Andrzeju Malinowskim Marka Szymańskiego i drugiego napastnika. Jeden ze sprawców uderzał go kijem bejsbolowym, ale świadek nie potrafiła wskazać, który z mężczyzn uderzał nim Andrzeja Malinowskiego. Dodała, że jeden z napastników ubrany był w koszulkę z krótkim rękawem.

### Dowód numer 4: zeznania świadka Karoliny Rudnickiej.

Karolina Rudnicka przesłuchana w charakterze świadka w dniu 25 grudnia 2007 roku (karta 21-23 akt śledztwa) zeznała, że razem z Szymonem Rutkowskim, Katarzyną Grodecką przebywała w pobliżu swojego domu w Grudusku. Podeszło do nich dwóch mężczyzn. Jeden z nich ubrany był tylko w koszulkę z krótkim rękawem, on trzymał w ręku kij bejsbolowy. Mężczyźni pobili Szymona Rutkowskiego, a potem podbiegli do Andrzeja Malinowskiego. Chłopak ubrany w koszulkę z krótkim rękawem uderzał Andrzeja Malinowskiego kijem w głowę. Po tych uderzeniach Andrzej Malinowski przewrócił się na chodnik.

Karolina Rudnicka przesłuchana w charakterze świadka w dniu 16 czerwca 2008 roku przed Sądem Okręgowym w Płocku (karta 612-615 akt śledztwa) ponownie zeznała, że kij posiadał mężczyzna ubrany w koszulkę z krótkim rękawem.

### Dowód numer 5: zeznania świadka Katarzyny Grodeckiej.

Katarzyna Grodecka przesłuchana w charakterze świadka w dniu 15 stycznia 2008 roku w Prokuraturze Rejonowej w Ciechanowie i w dniu 16 czerwca 2008 roku przed Sądem Okręgowym w Płocku (karta 615-617, 771-773 akt śledztwa) podała, że w dniu 24 grudnia 2007 roku około godziny 23$^{45}$ szła razem z Karoliną i Eweliną Rudnickimi, Szymonem Rutkowskim szła na pasterkę do kościoła w Grudusku. Zatrzymali się przed domem Eweliny Rudnickiej, która weszła do domu po szalik. Podbiegło do nich dwóch mężczyzn. Jeden z nich ubrany w koszulkę z krótkim rękawem trzymał drewnianą pałkę, wtedy Katarzyna Grodecka uciekła z tego miejsca. Później zauważyła, że na jezdni leży jakiś mężczyzna.

**Dowód numer 6: zeznania świadka Mariusza Kozłowskiego.**

Mariusz Kozłowski przesłuchany w charakterze świadka w dniu 25 grudnia 2007 roku w Komendzie Powiatowej Policji w Ciechanowie (karta 57-59 akt śledztwa) i w dniu 16 czerwca 2008 roku przed Sądem Okręgowym w Płocku (karta 618-623 akt śledztwa) zeznał, że do Gruduska przyjechał razem z Dawidem Tomaszem Woźniakiem i Arkadiuszem Bonisławskim samochodem. Drugim samochodem przyjechali Piotr Chmielewski z Markiem Szymańskim. Dawid Tomasz Woźniak wysiadł z samochodu i zaczął zachowywać się agresywnie, chciał wyciągnąć starszego mężczyznę z innego samochodu stojącego na parkingu. Mariusz Kozłowski odciągnął go od tego mężczyzny, ale Dawid Tomasz Woźniak wziął drewnianą pałkę z samochodu Piotra Chmielewskiego i pobiegł w stronę mostu. Jak wybiegł z kijem to był ubrany tylko w koszulkę z krótkim rękawem. Razem z nim pobiegł Marek Szymański. Gdy nie wracali Mariusz Kozłowski i Piotr Chmielewski przejechali swoimi samochodami w inne miejsce. Wkrótce Dawid Tomasz Woźniak dobiegł i wsiadł do samochodu Mariusza Kozłowskiego, a Marek Szymański do samochodu Piotra Chmielewskiego. Dawid Tomasz Woźniak wsiadł do samochodu z drewnianą pałką, był ubrany w koszulkę z krótkim rękawem.

Z zeznań tegoż świadka wynika, że zna Dawida Tomasz Woźniaka gdyż obaj mieszkają w tej samej wsi. Uczył się również w tej samej szkole podstawowej i gimnazjum co Dawid Tomasz Woźniak.

**Dowód numer 7: zeznania świadka Piotra Chmielewskiego.**

Piotr Chmielewski przesłuchany w charakterze świadka w dniu 23 stycznia 2008 roku w Komendzie Powiatowej Policji w Ciechanowie (karta 791-794 akt śledztwa) i w dniu 24 czerwca 2008 roku przed Sądem Okręgowym w Płocku (karta 631-634 akt śledztwa) zeznał, że razem z Dawidem Tomaszem Woźniakiem, Markiem Szymańskim, Arkadiuszem Bonisławskim i Mariuszem Kozłowskim przyjechał do Gruduska. Dawid Tomasz Woźniak zachowywał się agresywnie, miał w rękach kij, pobiegł gdzieś, a za nim Marek Szymański. Z zeznań tegoż świadka wynika, że zna Dawida Tomasza Woźniaka gdyż poznał go w czasie wakacji w 2007 roku.

**Dowód numer 8: zeznania świadka Arkadiusza Bonisławskiego**

Arkadiusz Bonisławski przesłuchany w charakterze świadka w dniu 19 stycznia 2008 roku w Posterunku Policji w Krasnem i w dniu 14 lipca 2008 roku przed Sądem Okręgowym w Płocku zeznał, że razem z razem z Dawidem Tomaszem Woźniakiem, Markiem Szymańskim, Piotrem Chmielewskim i Mariuszem Kozłowskim jeździł do kilku miejscowości. Razem pili alkohol. Arkadiusz Bonisławski nie pamiętał jaki był przebieg zdarzeń w sprawie. Zeznał, że zasnął w samochodzie. Z zeznań tegoż świadka wynika, że zna Dawida Tomasza Woźniaka. Poznał się z nim około roku wcześniej.

**Dowód numer 9: opinia biegłego lekarza.**

Według opinii lekarskiej bezpośrednią przyczyną zgonu Andrzeja Malinowskiego stała się ostra niewydolność krążeniowo-oddechowa będąca następstwem urazu czaszkowo-mózgowego. Doprowadził on do zespołu ciasnoty śródczaszkowej i obrzęku mózgu, a w konsekwencji do zespołu ciasnoty śródczaszkowo-mózgowej przebytej kilka dni wcześniej. Kształt i lokalizacja zmian powierzchownych wskazuje na to, że powstały one w wyniku jednorazowego uderzenia twardym, podłużnym obłym przedmiotem. Narzędziem takim mogła być pałka, której fotografia znajduje się w aktach sprawy.

W sprawie przeciwko Markowi Szymańskiemu zabezpieczono dowód rzeczowy-kij o długości 59 cm i średnicy 5 cm, którym posługiwał się Dawid Tomasz Woźniak. Sąd Okręgowy w Płocku orzekł przepadek tego dowodu w sprawie sygnatura akt II K 44/08. W trakcie śledztwa nie ustalono, żeby na tym dowodzie znajdowały się ślady pochodzące od Dawida Tomasza Woźniaka.

W trakcie śledztwa Markowi Szymańskiemu, Mariuszowi Kozłowskiemu, Arkadiuszowi Bonisławskiemu okazano fotografię Dawida Tomasza Woźniaka. Mariusz Kozłowski i Arkadiusz Bonisławski zeznali, że to jest Dawid Tomasz Woźniak- kiedy był, dzieckiem. Marek Szymański podał, że jest to osoba podobna do Dawida Tomasza Woźniaka. Twierdzi tak bo już go nie pamięta z czasu dzieciństwa.

Analiza przedstawionych wyżej dowodów jednoznacznie wskazuje, że opisywany przez świadków mężczyzna ubrany w koszulkę z krótkim rękawem i

uderzający pokrzywdzonego drewniana pałką jest poszukiwany w niniejszej sprawie Dawid Tomasz Woźniak.

Z tych względów wniosek niniejszy uważam za zasadny.

Niniejszym oświadczam, iż okoliczności przedstawione we wniosku są oparte i zgodne ze zgromadzonym w aktach sprawy materiałem dowodowym.

Jednocześnie składam zapewnienie, że Dawid Tomasz Woźniak nie zostanie pociągnięty bez zgody odnośnych władz Stanów Zjednoczonych Ameryki do odpowiedzialności karnej za przestępstwa nie objęte niniejszym wnioskiem, jak też nie zostanie wydany władzom innego państwa.

Pragnę nadmienić, że zarzucone Dawidowi Tomaszowi Woźniakowi przestępstwo z artykułu 156 paragraf 3 kodeksu karnego i artykułu 159 kodeksu karnego w związku z artykułem 11 paragraf 2 kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu karnego ulega przedawnieniu karalności w dniu 24 grudnia 2032 roku.

Ponadto informuję, iż prokuratura ani też policja nie posiadają materiałów identyfikacyjnych Dawida Tomasza Woźniaka, gdyż nie figuruje on w bazach danych Centralnej Registratury Daktyloskopijnej CLK KGP w Warszawie. W toku postępowania uzyskano jedynie fotografię Dawida Tomasza Woźniaka z 2003 roku, której autentyczność została potwierdzona przez jego matkę Dorotę Woźniak.

Uwzględniając powyższe okoliczności wnoszę jak na wstępie.



Prokurator Okręgowy
Waldemar Osowiecki

W załączeniu:

1. odpis postanowienia o tymczasowym aresztowaniu,

2. odpis postanowienia o sprostowaniu oczywistej omyłki pisarskiej,

4. odpis listu gończego,

5. wyciąg z przepisów Kodeksu karnego,

6. wyciąg z przepisów Ustawy o postępowaniu w sprawach nieletnich,

8. odpis protokołu przesłuchania świadka Doroty Woźniak wraz ze zdjęciem Dawida Tomasza Woźniaka.

Sygnatura akt II KP 45/08

Ds.964/08/Sp/ co

POSTANOWIENIE

Dnia 3 marca 2009 roku

Sąd Rejonowy w Ciechanowie- II Wydział Karny

w składzie:

Przewodniczący :Sędzia Sądu Rejonowego  Małgorzata Komorowska

Protokolant: Iwona Kosmala

Przy udziale Prokuratora: Iwona Lewandowska Sontorek

po rozpoznaniu w sprawie przeciwko **Dawidowi Tomaszowi Woźniakowi** urodzonemu 13 maja 1991 roku  w Ciechanowie, synowi Zbigniewa i Doroty z domu  Lewandowskiej,

podejrzanemu o to , że : w dniu 24 / 25 grudnia 2007 roku  w Grudusku działając wspólnie i w porozumieniu z osobą , co do której prowadzone jest odrębne postępowanie karne wziął udział w pobiciu Andrzeja Malinowskiego w ten sposób, że uderzał go po całym ciele, czym spowodowała obrażenia ciała Andrzeja Malinowskiego

powodujące śmierć w dniu 1.stycznia.2008 roku.

to jest o przestępstwo z artykułu  286 paragraf  1kodeksu karnego.

z wniosku Prokuratora w przedmiocie zastosowania środka zapobiegawczego w postaci tymczasowego na okres 14 dni od dnia zatrzymania na podstawie artykułu 249paragraf 1 kodeksu postępowania karnego, artykuł 250 paragraf  1 i 2 kodeksu postępowania karnego.

**postanawia**

zastosować wobec podejrzanego **Dawida Tomasza Woźniaka** urodzonego 13 maja 1991roku  w Ciechanowie, syna Zbigniewa i Doroty z domu Lewandowskiej, środek zapobiegawczy w postaci tymczasowego aresztowania na okres 14 (czternastu )dni od daty zatrzymania.

UZASADNIENIE

Zebrane w sprawie dowody wskazują na duże prawdopodobieństwo , że podejrzany Dawid Tomasz Woźniak popełnił zarzucane mu przestępstwo .

Prokurator wydał postanowienie o przedstawieniu mu zarzutów, lecz podejrzany nie przybywa w miejscu zamieszkania i jak wynika z informacji uzyskanych przez policję po zwolnieniu ze schroniska dla nieletnich wyjechał do Stanów Zjednoczonych Ameryki, do swojego ojca. Należy zatem uznać, że podejrzany ukrywa się i nie jest znane dokładne miejsce jego pobytu.

Powyższe wpłynęło na decyzję Sądu co do zastosowania w obecnie go tymczasowego aresztowania na 14 dni od chwili zatrzymania.

Z tych względów postanowiono jak na wstępie.

pieczęć okrągła Sądu Rejonowego w Ciechanowie

Za zgodność z oryginałem
Urszula Nawrocka
St. sekretarz Sądowy
(podpis nieczytelny)

Za zgodność z
oryginałem · kopią
świadczy....................
STARSZY REFERENT
Prokuratury Rejonowej
*Krystyna Klimkowska*

EXT_WOZNIAK_0016

Sygnatura akt II Kp 45/09
Ds.964/08/Sp co

**POSTANOWIENIE**

Dnia 2 kwietnia 2009 roku.

Sąd Rejonowy w Ciechanowie –Wydział II Karny

w składzie:

Przewodniczący: Sędzia Sądu Rejonowego Małgorzata Komorowska.

Protokolant :…………………………….

w obecności Prokuratora :………………………..

po rozpoznaniu w sprawie **Dawida Tomasza  Woźniaka**

podejrzanego z artykułu 156 paragraf 3 kodeksu karnego. i artykuł 159 kodeksu karnego w związku z

artykułem 11 paragraf 2 kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu karnego.

z urzędu

w przedmiocie sprostowania oczywistej omyłki pisarskiej

na podstawie artykułu 105 paragraf 1,paragraf 2 i paragraf 3 kodeksu postępowania karnego.

Postanawia

sprostować oczywistą omyłkę pisarską w postanowieniu Sądu Rejonowego w Ciechanowie Wydział II

Karny z dnia 3 marca 2009 roku w ten sposób, że w kwalifikacji prawnej czynu zamieszczonej po

zarzucie w komparacji postanowienia zamiast błędnego: artykuł 286  paragraf 1 kodeksu karnego.

wpisać prawidłowy: ,,artykuł 156 paragraf 3 kodeksu karnego i artykuł 159 kodeksu karnego w

związku z artykułu 11 paragraf 2 kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu

karnego .

albowiem

Sąd omyłkowo wpisał we wskazanym miejscu jako kwalifikację prawną zarzucanego podejrzanemu

czynu artykuł 286 paragraf 1 kodeksu karnego ,choć opis czynu jednoznacznie wskazuje na

kwalifikację prawną z artykułu 156 paragraf 3 kodeksu karnego i artykuł 159 kodeksu karnego w

związku z artykułem 11 paragraf 2 kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu

karnego .Błąd ten wynika z techniki komputerowej .Stanowi on oczywistą omyłkę pisarską, którą

należało sprostować.

pieczęć okrągła Sądu Rejonowego w Ciechanowie

Za zgodność z oryginałem

Urszula Nawrocka

Starszy Sekretarz Sądowy

(podpis nieczytelny)



Za zgodność z
oryginałem - kopia
świadczy

STARSZY REFERENT
Prokuratury Rejonowej
EXT_WOZNIAK_0017

Krystyna Klimkowska

Prokuratura Rejonowa w Ciechanowie
ulica Grodzka 1
06-400 Ciechanów
telefon 023-6724876, fax: 023-6722252
e-mail: pr.ciechanow@plock.po.gov.pl

Sygnatura akt **Ds. 964/08/Sp(c)**

Ciechanów , dnia **16 marca 2009** roku

Komenda Powiatowa Policji
w Przasnyszu
06-300 Przasnysz

## LIST GOŃCZY

**Bogusław Wasilewski – prokurator Prokuratury Rejonowej w Ciechanowie**

stosownie do postanowienia o poszukiwaniu listem gończym podejrzanego **Dawid Tomasz Woźniak** z dnia **16 marca 2009** roku w sprawie **Ds. 964/ 08/Sp(c)** poleca:

1. rozesłać list gończy za poszukiwanym **Dawid Tomasz Woźniak**

    Nazwisko rodowe:

    Alias:

    Pseudonim:

    Płeć: **mężczyzna**

    Numer ewidencyjny PESEL: **91051301714**

    Imię ojca: **Zbigniew**

    Imię i nazwisko rodowe matki: **Dorota z domu Lewandowska**

    Data i miejsce urodzenia: **13 maja 1991** roku , **Ciechanów**

    Obywatelstwo: **Polska**

    Ostatnie miejsce zamieszkania: **Czernice Borowe, ulica PAWŁOWO KOŚCIELNE numer 17, Polska**

    Adres rodziców lub rodziny:

    Zawód:

    Ostatnie miejsce pracy:

    Rysopis:

| | |
|---|---|
| wiek z wyglądu w latach | twarz |
| wzrost w centymetrach | czoło |
| budowa ciała | nos |
| kolor oczu | uszy |
| Włosy | usta |
| Zarost | znaki szczególne |
| inne cechy rysopisowi | |

Za zgodność z
oryginałem - kopią
świadczy.....................

EXT WOŹNIAK 0018

STARSZY REFERENT
Prokuratury Rejonowej

Prokuratura Rejonowa w Ciechanowie
ulica Grodzka 1
06-400 Ciechanów
telefon 023-6724876, fax 023-6722252
e-mail: pr.ciechanow@plock.po.gov.pl

podejrzanym o to, że:

1. w dniu 24/25.12.2008 roku w Grudusku wziął udział w pobiciu Szymona Rutkowskiego i Andrzeja Malinowskiego, używając drewnianej pałki, w wyniku czego Andrzej Malinowski zmarł, to jest o przestępstwo z artykułu 156 paragraf 3 kodeksu karnego i artykułu 158 paragraf 1 kodeksu karnego i artykułu 11 paragraf 2 kodeksu karnego i artykułu 10 paragraf 2 kodeksu karnego

tymczasowo aresztowanym postanowieniem Sądu Rejonowego w Ciechanowie z dnia 3 marca 2009 roku sygnatura akt II Kp 45/09.

2. rozpowszechnić list gończy wraz z wizerunkiem poszukiwanego poprzez

**Wzywa się** każdego, kto zna miejsce pobytu osoby poszukiwanej do zawiadomienia o tym najbliższej jednostki Policji lub prokuratora (artykuł 280 paragraf 1 punkt 4 kodeksu postępowania karnego).

**Ostrzega się,** że za ukrywanie osoby poszukiwanej lub dopomaganie jej w ucieczce grozi kara pozbawienia wolności do lat 5(artykuł 239 paragraf 1 kodeksu karnego).

**Udziela się** zapewnienia o utrzymaniu tajemnicy co do osoby informującej (artykuł 280 paragraf 2 kodeksu postępowania karnego).

Pieczęć okrągła Prokuratury Rejonowej w Ciechanowie z godłem Polski w środku

Pieczątka
Prokurator Prokuratury Rejonowej
Bogusław Wasilewski
(podpis nieczytelny prokuratora)

**Załączniki:**

- odpis postanowienia o tymczasowym aresztowaniu.
- nakaz przyjęcia do najbliższego aresztu śledczego.
-



Za zgodność z
oryginałem - kopią
świadczy... STARSZY REFERENT
Prokuratury Rejonowej
Krystyna Klimkowska
EXT_WOZNIAK_0019

Pieczątka
Prokurator Prokuratury Rejonowej
Bogusław Wasilewski
(podpis nieczytelny prokuratora)

**WYCIĄG Z KODEKSU KARNEGO**
**(Ustawa z dnia 6 czerwca 1997roku**
**Dziennik Ustaw z dnia 2 sierpnia 1997roku Numer 88 pozycja 553 ze zmianami)**

## Artykuł 10

**Paragraf 1.** Na zasadach określonych w tym kodeksie odpowiada ten, kto popełnia czyn zabroniony po ukończeniu 17 lat.

**Paragraf 2.** [1] Nieletni, który po ukończeniu 15 lat dopuszcza się czynu zabronionego określonego w artykule 134, artykule 148 paragraf 1, artykule 156 paragraf 1 lub 3, artykule 163 paragraf 1 lub 3, artykule 166, artykule 173 paragraf 1 lub 3, artykule 197 paragraf 3 lub 4, artykule 252 paragraf 1 lub 2 oraz w artykule 280, może odpowiadać na zasadach określonych w tym kodeksie, jeżeli okoliczności sprawy oraz stopień rozwoju sprawcy, jego właściwości i warunki osobiste za tym przemawiają, a w szczególności, jeżeli poprzednio stosowane środki wychowawcze lub poprawcze okazały się bezskuteczne.

**Paragraf 3.** W wypadku określonym w paragrafie 2 orzeczona kara nie może przekroczyć dwóch trzecich górnej granicy ustawowego zagrożenia przewidzianego za przypisane sprawcy przestępstwo; sąd może zastosować także nadzwyczajne złagodzenie kary.

**Paragraf 4.** W stosunku do sprawcy, który popełnił występek po ukończeniu lat 17, lecz przed ukończeniem lat 18, sąd zamiast kary stosuje środki wychowawcze, lecznicze albo poprawcze przewidziane dla nieletnich, jeżeli okoliczności sprawy oraz stopień rozwoju sprawcy, jego właściwości i warunki osobiste za tym przemawiają.

## Artykuł 11

**Paragraf 1.** Ten sam czyn może stanowić tylko jedno przestępstwo.

**Paragraf 2.** Jeżeli czyn wyczerpuje znamiona określone w dwóch albo więcej przepisach ustawy karnej, sąd skazuje za jedno przestępstwo na podstawie wszystkich zbiegających się przepisów.

**Paragraf 3.** W wypadku określonym w paragrafie 2 sąd wymierza karę na podstawie przepisu przewidującego karę najsurowszą, co nie stoi na przeszkodzie orzeczeniu innych środków przewidzianych w ustawie na podstawie wszystkich zbiegających się przepisów.

## Artykuł 101

**Paragraf 1.** Karalność przestępstwa ustaje, jeżeli od czasu jego popełnienia upłynęło lat:

    1) 30 – gdy czyn stanowi zbrodnię zabójstwa,

    2) 20 – gdy czyn stanowi inną zbrodnię,

    2a) 15 – gdy czyn stanowi występek zagrożony karą pozbawienia wolności przekraczającą 5 lat,

3) 10 – gdy czyn stanowi występek zagrożony karą pozbawienia wolności przekraczającą 3 lata.

4) 5 – gdy chodzi o pozostałe występki.

5) (uchylony)

**Paragraf 2.** Karalność przestępstwa ściganego z oskarżenia prywatnego ustaje z upływem roku od czasu, gdy pokrzywdzony dowiedział się o osobie sprawcy przestępstwa, nie później jednak niż z upływem 3 lat od czasu jego popełnienia.

**Paragraf 3.** W wypadkach przewidzianych w paragrafie 1 lub 2, jeżeli dokonanie przestępstwa zależy od nastąpienia określonego w ustawie skutku, bieg przedawnienia rozpoczyna się od czasu, gdy skutek nastąpił.

**Paragraf 4.** [64] Przedawnienie karalności przestępstw określonych w artykule 199 paragraf 2 i 3, artykule 200, artykule 202 paragraf 2 i 4 oraz artykule 204 paragraf 3, jak również przestępstw określonych w artykule 197, artykule 201, artykule 202 paragraf 3, artykule 203 i artykule 204 paragraf 4, w przypadku gdy pokrzywdzonym jest małoletni - nie może nastąpić przed upływem 5 lat od ukończenia przez pokrzywdzonego 18 lat.

## Artykuł 156

**Paragraf 1.** [68] Kto powoduje ciężki uszczerbek na zdrowiu w postaci:

1) pozbawienia człowieka wzroku, słuchu, mowy, zdolności płodzenia,

2) innego ciężkiego kalectwa, ciężkiej choroby nieuleczalnej lub długotrwałej, choroby realnie zagrażającej życiu, trwałej choroby psychicznej, całkowitej albo znacznej trwałej niezdolności do pracy w zawodzie lub trwałego, istotnego zeszpecenia lub zniekształcenia ciała,

    podlega karze pozbawienia wolności od roku do lat 10.

**Paragraf 2.** Jeżeli sprawca działa nieumyślnie,

    podlega karze pozbawienia wolności do lat 3.

**Paragraf 3.** Jeżeli następstwem czynu określonego w paragrafie 1 jest śmierć człowieka, sprawca

    podlega karze pozbawienia wolności od lat 2 do 12.

## Artykuł 158

**Paragraf 1.** Kto bierze udział w bójce lub pobiciu, w którym naraża się człowieka na bezpośrednie niebezpieczeństwo utraty życia albo nastąpienie skutku określonego w artykule 156 paragraf 1 lub w artykule 157 paragraf 1,

    podlega karze pozbawienia wolności do lat 3.

**Paragraf 2.** Jeżeli następstwem bójki lub pobicia jest ciężki uszczerbek na zdrowiu człowieka, sprawca

    podlega karze pozbawienia wolności od 6 miesięcy do lat 8.

**Paragraf 3.** Jeżeli następstwem bójki lub pobicia jest śmierć człowieka, sprawca

podlega karze pozbawienia wolności od roku do lat 10.

### Artykuł  159.

Kto, biorąc udział w bójce lub pobiciu człowieka, używa broni palnej, noża lub innego podobnie niebezpiecznego przedmiotu,

     podlega karze pozbawienia wolności od 6 miesięcy do lat 8.



PROKURATOR
PROKURATURY REJONOWEJ
*Bogusław Wasilewski*

**Wyciąg z ustawy z dnia 26 października 1982 roku**

**o postępowaniu w sprawach nieletnich**

**(tekst jednolity: Dziennik Ustaw z 2010 roku, Numer 33, pozycja 178)**

### Artykuł 1

**Paragraf 1.** Przepisy ustawy stosuje się w zakresie:

1) zapobiegania i zwalczania demoralizacji – w stosunku do osób, które nie ukończyły lat 18;

2) postępowania w sprawach o czyny karalne – w stosunku do osób, które dopuściły się takiego czynu po ukończeniu lat 13, ale nie ukończyły lat 17;

3) wykonywania środków wychowawczych lub poprawczych – w stosunku do osób, względem których środki te zostały orzeczone, nie dłużej jednak niż do ukończenia przez te osoby lat 21.

**Paragraf 2.** Ilekroć w ustawie jest mowa o:

1) „nieletnich" – rozumie się przez to osoby, o których mowa w paragrafie 1;

2) „czynie karalnym" – rozumie się przez to czyn zabroniony przez ustawę jako:

   a) przestępstwo lub przestępstwo skarbowe albo

   b) wykroczenie określone w artykule 51, 62$^{(1)}$, 69, 74, 76, 85, 87, 119, 122, 124, 133 lub 143 Kodeksu wykroczeń.

### Artykuł 42

**Paragraf 1.** Jeżeli na podstawie zebranych materiałów sędzia rodzinny uzna, że ze względu na okoliczności i charakter sprawy oraz osobowość nieletniego celowe jest zastosowanie środków wychowawczych lub leczniczych, wydaje postanowienie o rozpoznaniu sprawy w postępowaniu opiekuńczo-wychowawczym.

**Paragraf 2.** Jeżeli sędzia rodzinny uzna, że zachodzą warunki do umieszczenia nieletniego w zakładzie poprawczym, wydaje postanowienie o rozpoznaniu sprawy w postępowaniu poprawczym.

**Paragraf 3.** Jeżeli w toku postępowania wyjaśniającego ujawnione zostaną okoliczności uzasadniające orzeczenie wobec nieletniego kary na podstawie artykułu 10 paragraf 2 Kodeksu karnego, sędzia rodzinny wydaje postanowienie o przekazaniu sprawy prokuratorowi. W razie ujawnienia nowych okoliczności wskazujących, iż nie zachodzi potrzeba orzeczenia kary, prokurator nie sporządza aktu oskarżenia i przekazuje sprawę sędziemu rodzinnemu.

**Paragraf 4.** Sędzia rodzinny może przekazać sprawę nieletniego szkole, do której nieletni uczęszcza, albo organizacji społecznej, do której należy, jeżeli uzna, że środki oddziaływania wychowawczego, jakimi dana szkoła lub organizacja rozporządza, są dostateczne; w postanowieniu o przekazaniu sprawy sędzia rodzinny wskazuje w miarę potrzeby środki oddziaływania wychowawczego. Szkoła lub organizacja społeczna jest zobowiązana zawiadamiać sąd rodzinny o nieskuteczności zastosowanych środków oddziaływania wychowawczego.

ZA ZGODNOŚĆ
Z ORYGINAŁEM

PROKURATOR
Prokuratury Okręgowej

Mieczysław Petrykowski

PROTOKÓŁ

## PRZESŁUCHANIA ŚWIADKA

### DOROTA WOŹNIAK

| | | | | |
|---|---|---|---|---|
| (imię i nazwisko osoby przesłuchiwanej) | 00 40 | 21 12 | 2009 | |
| | gg mm | dd mm | rrrr | |

na podstawie artykułu 177 paragraf 1, 200 paragraf 3, 307 paragraf 3, 325a kodeksu postępowania karnego
Pawłowo Kościelne
(miejsce czynności –adres lub inne określenie miejsca czynności albo nazwa jednostki Policji)
Aspirant   sztabowy Michał Szpakowski               z   Komendy Powiatowej Policji w Przasnyszu
(stopień, imię i nazwisko)                              (nazwa jednostki Policji)

Osoby uczestniczące w czynnościach: protokołowałem osobiście (charakter przybrania –protokolant, stenograf :udział-zgodnie z artykułem 171 paragraf 2 kodeksu postępowania karnego obecności-zgodnie z artykułu 171 paragraf 3 kodeksu postępowania karnego lub inny);

Przebieg czynności będzie utrwalany za pomocą urządzenia rejestrującego obraz/dźwięk   ~~tak~~ nie
o czym uprzedzono uczestników (rodzaj i cechy identyfikacyjne urządzenia, nośnika oraz techniczne warunki rejestracji)
obsługiwanego przez (imię i nazwisko i adres oraz stanowisko służbowe - w przypadku policjantów adres jednostki Policji)
Tożsamość osoby przesłuchiwanej ustalono na podstawie: oświadczenie ustne
(nazwa, seria, data wydania, numer dokumentu tożsamości oraz nazwa organu wydającego, albo odnotowanie braku dokumentu tożsamości i zapis „według oświadczenia")
numer ewidencyjny PESEL

**Oświadczenie osoby przesłuchiwanej:**
zostałem(am) uprzedzony(a) o odpowiedzialności karnej za zeznanie nieprawdy lub zatajenie prawdy (artykuł 233 paragraf 1 kodeksu karnego)-dotyczy świadków powyżej 17 lat
zostałem(am) uprzedzony o możliwości zastosowania środków przewidzianych w przepisach o postępowaniu w sprawach nieletnich za zeznanie nieprawdy (artykuł 233 paragraf 1 kodeksu karnego) - dotyczy świadków poniżej 17 lat
zostałem(am) pouczony(a)o uprawnieniach wynikających z artykułu 179-180,  182, 183, 185, 191 paragraf 3 kodeksu postępowania karnego oraz o ----------------dotyczy biegłego – treści artykułu 196 paragraf 1 kodeksu postępowania karnego
zostałem(am) uprzedzony(a) o obowiązku stawienia się na wezwanie i złożenia zeznań (artykuł 177 paragraf 1 kodeksu postępowania karnego)
zostałem(am) uprzedzony(a) o odpowiedzialności karnej za wydanie fałszywej opinii (artykuł 233 paragraf 4 kodeksu karnego)-dotyczy biegłego

podpis o treści Woźniak Dorota
(podpis świadka)

Świadkowi ,który(a) jest pokrzywdzonym wręczono-jeżeli wcześniej tego nie uczyniono-pisemne „Pouczenie pokrzywdzonego o uprawnieniach i obowiązkach"

...............................................
(Podpis pokrzywdzonego)

Za zgodność z
oryginałem - kopią
świadczy.................
STARSZY REFERENT
Prokuratury Rejonowej
Krystyna Zielińska Borasińska

EXT_WOZNIAK_0025

świadek /~~biegły~~ podał następujące dane osobowe:

imię i nazwisko: Dorota Woźniak

wiek; 41; data urodzenia: 19 września 1968; miejsce urodzenia: Przasnysz
(w latach)

zajęcie: LG Miara- pracownik fizyczny
(rodzaj wykonywanej pracy, uczeń, student, emeryt ,bezrobotny)

zamieszkały(a): w Pawłowo Kościelne 17 gmina Czernice Borowe
(adres, numer telefonu/numer telefaksu/adres poczty elektronicznej)

adres dla doręczeń w kraju: jak wyżej
( w przypadku osoby przebywającej za granicą )

karalność za fałszywe zeznanie lub oskarżenie: nie karana

 stosunek świadka/~~biegłego~~ do stron: matka Dawida Woźniaka

Treść zeznania :

Świadka uprzedzono o odpowiedzialności karnej za zeznania nieprawdy lub zatajenia prawdy z artykułu 233 paragraf 1 kodeksu karnego i  pouczono o treści artykułu 182 kodeksu postępowania karnego po czym zeznała co następuje: W dniu dzisiejszym okazano mi kolorowy wizerunek powiększonego zdjęcia i stwierdzam, że jest to zdjęcie mojego syna Dawida Tomasza Woźniak urodzonego 13 stycznia 1991 roku i zdjęcie to pochodzi z okresu kiedy to syn rozpoczynał naukę w Gimnazjum i miał wtedy 12 lat. Nie posiadam bardziej aktualnego zdjęcia syna. To wszystko na tym protokół zakończono..

Dorota Woźniak
(czytelny podpis świadka)

Omówienie skreśleń oraz poprawek i uzupełnień poczynionych w protokole: czyniono

Zgłoszone przez osoby uczestniczące w czynności zarzuty ,co do treści protokołu oraz oświadczenie policjanta prowadzącego czynność: nie zgłoszono

Do protokołu załączono: nie załączono
(liczba i rodzaj załączników)

Czynność zakończono  o godzinie 17.30  dnia 31 sierpnia 2010 roku

Podpis o treści Michał Szpakowski                    Podpis o treści Woźniak
Dorota
(podpis policjanta dokonującego czynność)                    (podpis świadka)

Podpis osób biorących udział w czynności:
1------------------------------------   2----------------------------   3----------------------------
Podpisy osób obsługujących urządzenie rejestrujące
1------------------------------------   2----------------------------   3----------------------------

Za zgodność z oryginałem - kopią
świadczy...............
STARSZY REFERENT
Prokuratury Rejonowej

Krystyna Zielińska Borasińska



EXT_WOZNIAK_0027

/national emblem of the Republic of Poland/        Warsaw, 17th August 2011
**REPUBLIC OF POLAND**
**MINISTER OF JUSTICE**


**Our reference: DWM II 073 – 1883/11**

         **Ms Hillary Rodham Clinton**
         **Secretary of State**
         **United States of America**


      By virtue of article 1, article 2, clauses 1 and 2 and article 12 of the Extradition Treaty between the Republic of Poland and the United States of America, executed on 10th July 1996 and by virtue of article 5, clause 2 of the Agreement on Extradition between the European Union and the United States of America of 25th June 2003, I am sending attached hereto the request from the District Public Prosecutor in Płock, reference number I Oz 8/10/C, dated 22nd June 2011, for provisional detention and extradition of the Polish citizen Dawid Tomasz Woźniak, who is suspected of having committed a crime under article 156, section 3 of the Polish Penal Code and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code and article 10, section 2 of the Polish Penal Code, including the required documents.

      I do support the viewpoint expressed in the request and I would be very much obliged, if you consider it positively.

      Please send any further correspondence regarding this matter to the General Public Prosecutor's Office of the Republic of Poland and refer to the case's reference number PG V Oz 3935/10/E.

      Best regards


            *Oblong stamp:*
            by authority of
            MINISTER OF JUSTICE

            *Oblong stamp:*
            Piotr Kluz
            UNDERSECRETARY OF STATE
            *(-) illegible signature*


*Round official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "Minister of Justice * 8 *."

/national emblem of the Republic of Poland/
**DISTRICT PUBLIC PROSECUTOR**
**IN PŁOCK**                                    Płock, 22nd June 2011
Plac Obrońców Warszawy 8
09-404 Płock
prokuratura@plock.po.gov.pl


Our reference: I Oz 8/10/C

### Request from the District Public Prosecutor in Płock
### for provisional detention and extradition

I would like to request you to provisionally detain and extradite the following Polish citizen for the purpose of conducting penal proceedings:
Dawid Tomasz Woźniak
son of Zbigniew and Dorota nee Lewandowska
date and place of birth: 13th May 1991, Ciechanów, Mazovian Province
most recent residence address: Pawłowo Kościelne 17, Czernice Borowe commune, Mazovian Province
current place of residence in the United States of America at: 420 E. Roseburg Avenue, Modesto California and 1006 Hackberry Ale., Modesto California.


The Regional Public Prosecutor in Ciechanów is conducting an investigation, reference number Ds 964/08/Sp(c), against Dawid Tomasz Woźniak, who is suspected of having committed the following: on 24th/25th December 2007 in Grudusk, acting jointly and in conspiracy with Marek Szymański, he took part in the beating of Andrzej Malinowski in the following way. He was heating the wronged with a wooden stick in his head, and Marek Szymański was hitting him with his hands and kicking all over his body, thus inflicting bodily injuries on Andrzej Malinowski, which resulted in the victim's death on 1st January 2008; this being a crime under article 156, section 3 of the Polish Penal Code and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code and in conjunction with article 10, section 2 of the Polish Penal Code.
The following facts of the case have been found out:
Dawid Tomasz Woźniak and his friends, Marek Szymański, Arkadiusz Bronisławski, Piotr Chmielewski and Mariusz Kozłowski came to Grudusk on 24th December 2007 at approximately 23:00 hours. They all has known each other and were friends. They had often visited each other at home.
They came to that place without any specific purpose. Earlier that day they drank together approximately 3 half-litre bottles of vodka and very driving cars in several places.
In Grudusk, they stopped at a parking place next to a shopping pavilion. Dawid Tomasz Woźniak came by a Fiat 126P car together with Arkadiusz Bronisławski, which was driven by Mariusz Kozłowski. Piotr Chmielewski and Marek Szymański came by another car. Dawid Tomasz Woźniak was wearing a light short-sleeve shirt.
At a certain moment, Dawid Tomasz Woźniak got out of Mariusz Kozłowski's car, took out a wooden stick from the boot and came over to another car parked there in which a man unidentified so far was sitting. Then, without any reason, Dawid Tomasz Woźniak opened the door of the car and started tugging the man in the car. His behaviour was very

aggressive. Mariusz Kozłowski intervened during this incident and pulled Dawid Tomasz Woźniak away from that place.

Then Dawid Tomasz Woźniak, holding the wooden stick in his hand, went towards the stadium located at Marii Konopnickiej street in Grudusk. Marek Szymański got out of Piotr Chmielewski's car and followed Dawid Tomasz Woźniak. The other friends of Dawid Tomasz Woźniak stayed next to their cars.

At that time, Szymon Rutkowski was in the company of Katarzyna Grodecka and Karolina Rudnicka next to the building at 4 Marii Konopnickiej street. They were waiting for Ewelina Rutkowska, who had gone home to take her hats and gloves.

Marek Szymański and Dawid Tomasz Woźniak approached Szymon Rutkowski. When Katarzyna Grodecka saw this, she ran away. Then Dawid Tomasz Woźniak was the first to hit Szymon Rutkowski with the wooden stick in his back. Then Karolina Rudnicka followed Karolina Grodecka. When Szymon Rutkowski got the blow, he bent and shielded his face with his hands. Then he was struck again and again in his back with the wooden stick by Dawid Tomasz Woźniak, while Marek Szymański was kicking him in his arms and chest.

At that time, Andrzej Malinowski was walking on the pavement along Konopnickiej street close to them. When he saw what was happening, he asked Marek Szymański and Dawid Tomasz Woźniak what they wanted from Szymon Rutkowski. Then Marek Szymański and Dawid Tomasz Woźniak approached Andrzej Malinowski. Dawid Tomasz Woźniak immediately hit him with the stick in his head, and Marek Szymański was kicking Andrzej Malinowski in his chest. Andrzej Malinowski fell down on his back. Dawid Tomasz Woźniak and Marek Szymański ran away from that place in the direction of the parking place next to the stadium. Dawid Tomasz Woźniak got into Mariusz Kozłowski, car, and Marek Szymański got into Piotr Chmielewski's car, and they all drove away from Grudusk.

Anna Lubieniecka and Michał Lubieniecki helped Andrzej Malinowski to walk home from the place where he was beaten. He was taken to the hospital in Ciechanów from his place of residence. As a consequence of the blows, Andrzej Malinowski sustained a contusion of the head with abrasion of the skin in the right parietal area and right ear, bruising of the area behind his right ear and leakage of fluid containing blood from the right ear, contusion of the chest – desorbing haematoma of soft tissues in the left area 15x15 cm, contusion of the left lower leg - desorbing haematoma of soft tissues in the middle front area 4 x 4 cm, fraction of the pyramid of the right parietal bone and an extensive left side subdural haematoma over the entire hemisphere of the brain.

Andrzej Malinowski died at the Province Hospital in Ciechanów on 1st January 2008. According to an opinion issued by an expert in medicine, the direct cause of his death was an acute breathing and circulation failure being a consequence of injury of the skull and brain, which led to intracranial hypertension syndrome and swelling of the brain, which in turn cause general encephalomalacia and irreversible destruction of the centres necessary for life.

Marek Szymański was provisionally detained by the District Court in Ciechanów. In a sentence passed by the District Court in Płock as of 14th July 2008, he was found guilty of complicity in the beating of Szymon Rutkowski, for which a punishment of 1-year imprisonment was imposed on him, and for complicity in the beating of Andrzej Malinowski, for which a punishment of 3 years imprisonment was imposed on him. A total penalty of 3 years and 6 months imprisonment was imposed on Marek Szymański. It needs to be added that the District Court in Płock in its verdict sentencing Marek Szymański indicated that Marek Szymański was acting jointly and in conspiracy with another identified person, who was beating the wronged with a tool in the form of a wooden stick.

Pursuant to Polish law, criminal charges can be brought against individuals who at the time of committing a prohibited act are aged 17 (article 10, section 1 of the Polish Penal

Code). Younger individuals can be held liable only subject to meeting a number of conditions which are precisely determined in section 2 of the regulation quoted hereinabove.

According to this regulation, individuals who are aged 15 at the time of committing one of the prohibited acts as indicated in this regulation can face criminal liability, and the circumstances of the case and the extent of development of the perpetrator, his/her personal characteristics and features provide reasons for that, in particular if the education or corrective measures used so far turned out unsuccessful.

The Family Court as an authority competent to consider minors cases decides whether such circumstances exist.

Dawid Tomasz Woźniak was 16 on the day when the crime which he is charged with was committed. For this reason, the evidence regarding this case was initially sent to the 3rd Family and Minors Department in Przasnysz. The same Court, having considered the case of Dawid Tomasz Woźniak under a decision as of 11th February 2008, acting on the grounds of article 42, clause 3 of the Procedures for Minors Cases Act, decided to forward the case of Dawid Tomasz Woźniak to the Regional Public Prosecutor in Ciechanów. In the reasons for its decision, the Court indicated in particular that educational measures had been used with regard to this minor and turned out unsuccessful. Therefore, it was necessary to impose a penalty on him on the grounds of article 10, section 2 of the Polish Penal Code.

On the grounds of this decision, further proceedings into the case of this person are being conducted as if he was an adult according to the rules set in the Polish Penal Code.

During the proceedings, the Regional Public Prosecutor in Ciechanów brought charges of beating Andrzej Malinowski to death against Dawid Tomasz Woźniak, which act matches the definition of the crime under article 156, section 3 and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code and in conjunction with article 10, section 2 of the Polish Penal Code.

The Regional Public Prosecutor in Ciechanów forwarded the evidence concerning his participation in the beating of Szymon Rutkowski, which act was qualified under article 159 of the Polish Penal Coded, again to the Family and Minors Department of the Regional Court in Przasnysz because pursuant to article 10, section 2 of the Polish Penal Code, a person who have come of the age of 15 and committed a prohibited act can only be held liable for a prohibited act listed in this regulation.

The crime under article 156, section 3 of the Polish Penal Code is listed in the aforementioned regulation, while the separate prohibited act, classified under article 159 of the Polish Penal Code, which was committed to the detriment of Szymon Rutkowski, does not belong to this group.

Therefore, Dawid Tomasz Woźniak may not be held liable for the prohibited act committed to the detriment of Szymon Rutkowski according to the procedure set under article 10, section 2 of the Polish Penal Code but he can face penal liability for the crime as a consequence of which Andrzej Malinowski died.

It has been impossible to announce the charge to Dawid Tomasz Woźniak during the investigation, reference number Ds. 964/08/Sp(c), due to the fact that he left Poland.

Since Dawid Tomasz Woźniak had been hiding from justice authorities, the Regional Court in Ciechanów by its decision as of 3rd March 2009, reference number II Kp 45/09, imposed on this person a preventive measure in the form of provisional detention for 14 days from the date of his apprehension. A search for the suspect under a wanted notice was ordered on 16th March 2009. It has been found out during the search that Dawid Tomasz Woźniak is currently staying in the **United States of America at the address: 420 E. Roseburg Avenue, Modesto California and 1006 Hackberry Ale, Modesto California.**

The facts of the case were established on the basis of the following evidence:

- statements given by witnesses: Szymon Rutkowski, Ewelina Rudnicka, Karolina Rudnicka, Katarzyna Grodecka, Mariusz Kozłowski and Piotr Chmielewski;
- statements by defendant Marek Szymański;
- presentation of photographs;
- opinion of an expert in medicine.

The aforementioned evidence proves that Dawid Tomasz Woźniak committed the crime he is charged with.

### Piece of evidence number 1: statements by witness Szymon Rutkowski.

Szymon Rutkowski was examined as a witness on 25th December 2007 at Ciechanów Powiat Police Headquarters and during the trial in front of the District Court in Płock on 12th June 2008 (pages 12-15 and 597-601 in the files of the investigation). He stated that he had come to Grudusk on 24th December 2007 more or less at 23:47 hours. He met with Ewelina Rudnicka, Karolina Rudnicka and Katarzyna Grodecka. When he was standing with Karolina Rudnicka and Katarzyna Grodecka in front of Ewelina Rudnicka's house, two men ran over to him. One of them was wearing a light short-sleeve shirt. Szymon Rutkowski knew one of the attackers, Marek Szymański. Szymon Rutkowski was immediately hit with a wooden stick by one of them, was beaten with hands and kicked by the other perpetrator. Katarzyna Grodecka and Karolina Rudnicka ran away. Andrzej Malinowski, who was passing by, saw this and said to the attackers "what do you want from him?" Then the two men who had assaulted Szymon Rutkowski ran over to Andrzej Malinowski and started hitting him with the wooden stick in his head and kicking him all over his body. During the beating Andrzej Malinowski fell down. Then the perpetrators ran away.

### Piece of evidence number 2: statements by defendant Marek Szymański.

Marek Szymański was interrogated as a suspect on 27th December 2007 (pages 746-748 and 751). He stated that Dawid Tomasz Woźniak had taken part in the beating of Szymon Rutkowski, whom he was hitting with a wooden stick, and then saw him holding the wooden stick and standing above the lying man.

He was interrogated as a defendant on 12th June 2008 at the trial in front of the District Court in Płock (page 588 in the files of this investigation) and stated that he was hitting Szymon Rutkowski with a stick together with Dawid Tomasz Woźniak and directly afterwards saw Dawid Tomasz Woźniak holding the wooden stick and standing above the lying man. He explained that only Dawid Tomasz Woźniak was using the wooden stick. According to statements given by the same witness, he has known Dawid Tomasz Woźniak since childhood. He lives in Pawłowo Nowe, and Dawid Tomasz Woźniak lives in Pawłowo Kościelne, but these are two different places, the buildings of which are located close to each other and make them seem one place. They went together to the same primary school.

### Piece of evidence number 3: statements by witness Ewelina Rudnicka.

Ewelina Rudnicka was examined as a witness on 25th December 2007 (pages 17-20 in the files of the investigation) and stated that between 23:00 and 24:00 hours on 24th December 2007 she and Karolina Rudnicka, Katarzyna Grodecka and Szymon Rutkowski went to her house. She went in to get a scarf and gloves. When she came out, she saw two men running over to Andrzej Malinowski, who had earlier reprimanded them by saying "What are you doing, leave him alone." The two men started beating Andrzej Malinowski. One of the attackers was heating him with a baseball bat. After a blow Andrzej Malinowski fell down on the pavement, and the attackers ran away.

Ewelina Rudnicka was examined as a witness on 16th June 2008 in front of the District Court in Płock (pages 607-612 in the files of the investigation). She stated that she saw Marek

Szymański and another attacker next to Andrzej Malinowski. One of the perpetrators was beating him with a baseball bat, but the witness was unable to indicate who of the men was heating Andrzej Malinowski with the bat. She added that one of the attackers was wearing a short-sleeve shirt.

**Piece of evidence number 4: statements by witness Karolina Rudnicka.**

Karolina Rudnicka was examined as a witness on 25th December 2007 (pages 21-23 in the files of the investigation). She stated that she was standing next to her house in Grudusk together with Szymon Rutkowski and Katarzyna Grodecka. Two men approached them. One of them was wearing only a short-sleeve shirt and was holding a baseball bat. The men beat up Szymon Rutkowski and then ran over to Andrzej Malinowski. The boy wearing the short-sleeve shirt was hitting Andrzej Malinowski with the bat in the head. After the blows, Andrzej Malinowski fell down on the pavement.

Karolina Rudnicka was examined as a witness on 26th June 2008 in front of the District Court in Płock (pages 612-615 in the files of the investigation) and stated again that the bat was held by the man dressed in the short-sleeve shirt.

**Piece of evidence number 5: statements by witness Katarzyna Grodecka.**

Katarzyna Grodecka was examined as a witness on 15th January 2008 at the Regional Public Prosecutor's Office in Ciechanów and on 16th June 2008 in front of the District Court in Płock (pages 615-617 and 771-773 in the files of the investigation). She stated that at about 23:45 hours on 24th December 2007 she and Karolina Rudnicka, Ewelina Rudnicka and Szymon Rutkowski were going to the Midnight Mass to the church in Grudusk. They stopped in front of Ewelina Rudnicka's house, who went in to get her scarf. Two men ran over to them. One of them was wearing a short-sleeve shirt and holding a wooden stick. Then Katarzyna Grodecka ran away. Later she noticed a man lying on the road.

**Piece of evidence number 6: statements by witness Mariusz Kozłowski.**

Mariusz Kozłowski was examined as a witness on 25th December 2007 at Ciechanów Powiat Police Headquarters (pages 57-59 in the files of the investigation) and on 16th June 2008 in front of the District Court in Płock (pages 618-623 in the files of the investigation). He stated that he had come to Grudusk together with Dawid Tomasz Woźniak and Arkadiusz Bonisławski by car. Piotr Chmielewski and Marek Szymański came by another car. Dawid Tomasz Woźniak came out of the car and started behaving aggressively. He wanted to pull out an elderly man from another car standing at the parking place. Mariusz Kozłowski pulled him away from the man, but Dawid Tomasz Woźniak took a wooden stick from Piotr Chmielewski's car and ran in the direction of the bridge. When he ran away with the bridge, he was wearing just a short-sleeve shirt. Marek Szymański ran together with him. Since they were not coming back, Mariusz Kozłowski and Piotr Chmielewski went by their cars to another place. However, soon Dawid Tomasz Woźniak ran up and got into Mariusz Kozłowski's car, and Marek Szymański got into the car of Piotr Chmielewski. Dawid Tomasz Woźniak got into the car with a wooden stick, he was wearing a short-sleeve shirt.

According to statements given by the same witness, he knows Dawid Tomasz Woźniak because they both live in the same village. He went to the same primary and middle school as Dawid Tomasz Woźniak.

**Piece of evidence number 7: statements by witness Piotr Chmielewski.**

Piotr Chmielewski was examined as a witness on 23rd January 2008 at Ciechanów Powiat Police Headquarters (pages 791-794 in the files of the investigation) and on 24th June 2008 in front of the District Court in Płock (pages 631-634 in the files of the investigation). He stated

that he had come to Grudusk together with Dawid Tomasz Woźniak, Marek Szymański, Arkadiusz Bonisławski and Mariusz Kozłowski. Dawid Tomasz Woźniak was behaving aggressively. He was holding a stick in his hands. He ran somewhere, and Marek Szymański ran with him. According to statements given by the same witness, he knows Dawid Tomasz Woźniak because he met him during the summer holidays in 2007.

**Piece of evidence number 8: statements by witness Arkadiusz Bonisławski.**

Arkadiusz Bonisławski was examined as a witness on 19th January 2008 at the Police Station in Krasne and on 14th July 2008 in front of the District Court in Płock. He stated that he went by car to several places together with Dawid Tomasz Woźniak, Marek Szymański, Piotr Chmielewski and Mariusz Kozłowski. They were drinking alcohol together. Arkadiusz Bonisławski did not remember what had been happening. He stated that he had fallen asleep in the car. According to statements given by the witness, he knows Dawid Tomasz Woźniak. They met approximately one year before.

**Piece of evidence number 9: opinion by an expert in medicine.**

According to the medical opinion, the direct cause of Andrzej Malinowski's death was an acute circulation and breathing failure resulting from an injury of the skull and brain. It led to intracranial hypertension syndrome and swelling of the brain and as a consequence to intracranial cerebral hypertension syndrome a few days before. The shape and the location of the superficial changes indicates that they occurred as a consequence of a single blow with a hard, oblong, oval object. This tool could be the stick the photograph of which can be found in the files of the case.

A material piece of evidence, a stick 59 cm long and with a diameter of 5 cm, which Dawid Tomasz Woźniak was using, has been secured in the case against Marek Szymański. The District Court in Płock awarded seizure of this piece of evidence in the matter, reference number II K 44/08. It has not been found out during the investigation that any traces originating from Dawid Tomasz Woźniak were found on this piece of evidence. A photograph of Dawid Tomasz Woźniak has been shown during the investigation to Marek Szymański, Mariusz Kozłowski and Arkadiusz Bonisławski. Mariusz Kozłowski and Arkadiusz Bonisławski stated that this was Dawid Tomasz Woźniak as a child. Marek Szymański stated that this person resembled Dawid Tomasz Woźniak. He said so because he did not remember him from childhood.

An analysis of the evidence presented above indicates beyond any doubt that the man wearing a short-sleeve shirt and hitting the wronged with the wooden stick as described by the witnesses was Dawid Tomasz Woźniak, who is wanted in connection with this case.

For these reasons I believe that this request is reasonable.

I herewith state that the circumstances presented in this request are based on and comply with the evidence collected in the files of this case.

At the same time, I would also like to assure you that Dawid Tomasz Woźniak will not be held liable for any other crime than stated in this request and will not be surrendered to authorities of any other state without prior consent from competent authorities of the United States of America.

Please be advised that the crime under article 156, section 3 of the Polish Penal Code and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code and in conjunction with article 10, section 2 of the Polish Penal Code will be barred by prescription on 24th December 2032.

Please also be informed that neither the public prosecution authorities nor the police have any identification materials on Dawid Tomasz Woźniak since he is not present in the databases of the Central Fingerprint Registration Office of the Central Forensic Laboratory of

Reference number II Kp 45/08
Ds. 964/08/Sp/co

DECISION

3rd March 2009

The Regional Court in Ciechanów, 2nd Penal Department in the following panel:
Presiding Judge: Judge of the Regional Court Małgorzata Komorowska
Recording Clerk: Iwona Kosmala
With the participation of Public Prosecutor: Iwona Lewandowska Sontorek
having considered the case against **Dawid Tomasz Woźniak**
date and place of birth: 13th May 1991, Ciechanów
son of Zbigniew and Dorota nee Lewandowska
who is suspected of having committed the following: on 24th/25th December 2007 in Grudusk,
acting jointly and in conspiracy with another person against whom separate penal proceedings
are being conducted he took part in the beating of Andrzej Malinowski by hitting him all over
his body, thus inflicting bodily injuries upon Andrzej Malinowski which resulted in the
victim's death on 1st January 2008;
this being a prohibited act under article 286, section 1 of the Polish Penal Code
upon request from the Public Prosecutor to impose a preventive measure in the form of
provisional detention for 14 days from the date of his apprehension on the grounds of article
249, section 1 of the Polish Code of Penal Procedure and article 250, sections 1 and 2 of the
Polish Code of Penal Procedure

**decided:**

to impose on suspect **Dawid Tomasz Woźniak**, born on 13th May 1991 in Ciechanów, son of
Zbigniew and Dorota nee Lewandowska, a preventive measure in the form of provisional
detention for the period of 14 (fourteen) days from the date of his apprehension.

REASONS

The evidence collected in connection with this case indicates with high likelihood that suspect
Dawid Tomasz Woźniak has committed the crime he is charged with.
The public prosecutor issued a decision to bring charges against this suspect, but the suspect
is not staying at his place of residence, and according to information obtained by the Police
after his release from a shelter for minors, he left for the United States of America to live with
his father. Therefore, it needs to be deemed that the suspect is hiding and his precise
whereabouts are unknown.
All this has influenced the Court's decision the imposition of provisional detention for 14
days from the date of his apprehension on this suspect.
Therefore, it was decided as first and above written.

round stamp of the Regional Court in Ciechanów

Certified to be true to the original document
Urszula Nawrocka
Senior Court Secretary
(illegible signature)



*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "Regional Public Prosecutor's Office in Ciechanów * 1 *"

*Oblong stamp:*
Certified to be true to the original
document – copy
by

*Oblong stamp:*
Senior Clerk
Regional Public Prosecutor's Office
Krystyna Klimkowska
*(-) illegible signature*

*Oblong stamp:*
No. *handwritten:* 4472/B/2011
Ministry of Foreign Affairs
herewith confirms that the signature was made with own hand by
*handwritten:* Waldemar Osowiecki
from *handwritten:* the District Public Prosecutor's Office in Płock
and that the official stamp is authentic.
Stamp duty collected
Warsaw, on

*Date stamp:* 5th August 2011

*Oblong stamp:*
Krzysztof Augustyniak
senior counsel

*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "Ministry of Foreign Affairs * 7 *"

Exempted from stamp duty
(Stamp Duty Act as of 16th November 2006
Journal of Laws No. 225, item 1635, article 2, clause 1, point 1)



Reference number II Kp 45/09
Ds. 964/08/Sp/co

**DECISION**

2nd April 2009

The Regional Court in Ciechanów, 2nd Penal Department in the following panel:
Presiding Judge: Judge of the Regional Court Małgorzata Komorowska
Recording Clerk:
With the participation of Public Prosecutor:
having considered the case against **Dawid Tomasz Woźniak**
who is suspected of having committed a crime under article 156, section 3 of the Polish Penal Code and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code and in conjunction with article 10, section 2 of the Polish Penal Code
ex officio
concerning correction of an obvious misprint
on the grounds of article 105, section 1, section 2 and section 3 of the Polish Code of Penal Procedure

**decided:**

to correct an obvious misprint in the decision of the Regional Court in Ciechanów, 2nd Penal Department as of 3rd March 2009 in the following way: the legal qualification of the prohibited act specified after the description of the charge instead of the wrong article 286, section 1 of the Polish Penal Code should be replaced with the right qualification "article 156, section 3 of the Polish Penal Code and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code and in conjunction with article 10, section 2 of the Polish Penal Code."

because

The Court wrote by mistake in the place as indicated above the wrong legal qualification of the prohibited act the suspect is charged with as article 286, section 1 of the Polish Penal Code although the description of the prohibited act indicates beyond any doubt that the right legal qualification is article 156, section 3 of the Polish Penal Code and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code and in conjunction with article 10, section 2 of the Polish Penal Code. This is a computer-generated error and is an obvious misprint, which had to be corrected.
round stamp of the Regional Court in Ciechanów

Certified to be true to the original document
Urszula Nawrocka
Senior Court Secretary
(illegible signature)

*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim: "Regional Public Prosecutor's Office in Ciechanów * 1 *"*

*Oblong stamp:*

Certified to be true to the original
document – copy
by

*Oblong stamp:*
Senior Clerk
Regional Public Prosecutor's Office
Krystyna Klimkowska
*(-) illegible signature*

*Oblong stamp:*
No. *handwritten:* 4473/B/2011
Ministry of Foreign Affairs
herewith confirms that the signature was made with own hand by
*handwritten:* Waldemar Osowiecki
from *handwritten:* the District Public Prosecutor's Office in Płock
and that the official stamp is authentic.
Stamp duty collected
Warsaw, on

*Date stamp:* 5th August 2011

*Oblong stamp:*
Krzysztof Augustyniak
senior counsel

*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "Ministry of Foreign Affairs * 7 *"

Exempted from stamp duty
(Stamp Duty Act as of 16th November 2006
Journal of Laws No. 225, item 1635, article 2, clause 1, point 1)



Regional Public Prosecutor's Office in Ciechanów
ulica Grodzka 1
06-400 Ciechanów
telephone: 023-6724876, fax: 023-6722252
email: pr.cechanow@plock.po.gov.pl

Reference number Ds 964/08/Sp(c)

Ciechanów, 16th March 2009

**Powiat Police Headquarters
in Przasnysz
06-300 Przasnysz**

WANTED NOTICE

**Bogusław Wasilewski, public prosecutor from the Regional Public Prosecutor's Office in Ciechanów**, pursuant to his decision to search for suspect **Dawid Tomasz Woźniak** under a wanted notice as of **16th March 2009** in connection with the matter, reference number **Ds. 964/08/Sp(c)** herewith orders:

1. the search of suspect **Dawid Tomasz Woźniak** by wanted notice:

| | |
|---|---|
| Family name | |
| Alias | - |
| Nickname | |
| PESEL *(population registration number)*: | **91051301714** |
| Name of the father : | **Zbigniew** |
| Mother's name and maiden name: | **Dorota nee Lewandowska** |
| Date and place of birth: | **13th May 1991, Ciechanów** |
| Citizenship: | **Polish** |
| Most recent place of residence | **Czernice    Borowe,    ulica    PAWŁOWO KOŚCIELNE number 17, Poland** |
| Parent's or family address: | |
| Profession: | |
| Most recent place of employment: | |
| Person's description: | |

| | |
|---|---|
| age by look in years | face |
| height in centimetres | forehead |
| body built | nose |
| eyes | ears |
| hair | mouth |
| facial hair | special features |
| other features | |

*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim: "Regional Public Prosecutor's Office in Ciechanów * 1 *"*

*Oblong stamp:*
Certified to be true to the original
document – copy
by

*Oblong stamp:*
Senior Clerk
Regional Public Prosecutor's Office
Krystyna Klimkowska
*(-) illegible signature*

Regional Public Prosecutor's Office in Ciechanów
ulica Grodzka 1
06-400 Ciechanów
telephone: 023-6724876, fax: 023-6722252
email: pr.cechanow@plock.po.gov.pl

who is suspected of having committed the following:

1. **On 24th/25th December 2008 in Grudusk, he took part in the beating of Szymon Rutkowski and Andrzej Malinowski using a wooden stick, as a consequence of which Andrzej Malinowski died; this being a crime under article 156, section 3 of the Polish Penal Code and article 158, section 1 of the Polish Penal Code and article 11, section 2 of the Polish Penal Code and article 10, section 2 of the Polish Penal Code**
provisional detention on whom has been imposed under a decision of the **Regional Court in Ciechanów** as of 3rd **March 2009**, reference number **II Kp 45/09.**

2. This wanted notice shall be circulated via

~~Everyone who knows the whereabouts of the said wanted person is hereby required~~ to report on it to the nearest Police unit or public prosecutor (article 280, section 1, point 4 of the Polish Code of Penal Procedure).

**Warning: anyone who hides the wanted person or helps such a person in his escape shall be liable to a penalty of imprisonment for a period not longer than 5 years (article 239, section 1 of the Polish Penal Code).**
**The identity of the informer shall be kept in secret (article 280, section 2 of the Polish Code of Penal Procedure).**

Round stamp of the Regional Public Prosecutor's Office in Ciechanów with the national emblem of Poland in the centre.

Stamp
Public Prosecutor
Regional Public Prosecutor's Office
Bogusław Wasilewski
(illegible signature of the public prosecutor)

**Attachments:**
- A copy of the decision to impose provisional detention.
- Order to accept at the nearest detention on remand.


*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "Regional Public Prosecutor's Office in Ciechanów *1*"

*Oblong stamp:*
Certified to be true to the original
document – copy
by


*Oblong stamp:*
Senior Clerk
Regional Public Prosecutor's Office
Krystyna Klimkowska
*(-) illegible signature*
Stamp
Public Prosecutor
Regional Public Prosecutor's Office
Bogusław Wasilewski
(illegible signature of the public prosecutor)


*Oblong stamp:*
No. *handwritten:* 4474/B/2011
Ministry of Foreign Affairs
herewith confirms that the signature was made with own hand by
*handwritten:* Waldemar Osowiecki
from *handwritten:* the District Public Prosecutor's Office in Płock
and that the official stamp is authentic.
Stamp duty collected
Warsaw, on


*Date stamp:* 5th August 2011


*Oblong stamp:*
Krzysztof Augustyniak
senior counsel


*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "Ministry of Foreign Affairs * 7 *"


Exempted from stamp duty
(Stamp Duty Act as of 16th November 2006
Journal of Laws No. 225, item 1635, article 2, clause 1, point 1)



**Excerpt from the Polish Penal Code**
**(Act of June 6, 1997**
**Journal of Laws of 1997 Number 88, item 553 as amended)**

## Article 10

**Section 1.** Anyone committing a prohibited act while over 17, is responsible on the principles set forth in the present Code.

**Section 2.**[1] Juveniles over 15, who perpetrate a prohibited act specified in article 134, article 148 paragraph 1, article 156 paragraph 1 or 3, article 163 paragraph 1 or 3, article 166, article 173 paragraph 1 or 3, article 197 paragraph 3 or 4, article 252 paragraph 1 or 2 and in article 280, may be responsible on the principles set forth in the present Code, if circumstances of the case and the degree of development of the perpetrator, his traits and personal conditions are supportive of the same, and in particular if previously applied educational or correctional measures have proven ineffective.

**Section 3.** In the event specified in paragraph 2 the administered penalty may not exceed two thirds of the upper limit of statutory threat provided for the offense alleged to the perpetrator; the court may also apply extraordinary mitigation of penalty.

**Section 4.** With respect to a perpetrator who committed an offense while over 17 but under 18 years of age, the court, instead of a penalty, applies educational, medical or correctional measures for juveniles, if the circumstances of the case and the degree of development of the perpetrator, host traits and personal conditions are supportive of the same.

## Article 11

**Section 1. The same act can constitute only one offence.**

**Section 2.** If an act satisfies the attributes specified in two or more provisions of the criminal law, the court sentences for one offence on the basis of all regulations applicable in concurrence.

**Section 3.** In the case described in paragraph 2 the Court administers penalty on the basis of the regulation providing for the most severe penalty, which is no obstacle to the adjudication of other means provided for in the law on the basis of all regulations applicable in conjunction.

**Article 101 Section 1.**

An offence may not be prosecuted upon the expiration of the following periods from the time of its perpetration:

1.  30 years – if the act is a felony of homicide;
2.  20 years – if the act is another felony;
2a. 15 years – if the act is an offense amenable to a penalty of imprisonment exceeding 5 years,
3.  10 years – if the act is an offense amenable to a penalty of imprisonment exceeding 3 years;
4.  5 years – in case of other offenses
5.  /revoked/

**Section 2.** A crime or offence prosecuted upon private accusation ceases to be punishable upon the expiration of one year after the date when the wronged person learnt about the perpetrator's identity, however not later than upon the expiration of 3 years since the date of its perpetration.

**Section 3.** In cases provided for in paragraph 1 or 2 above, if perpetration of a crime depends on the occurrence of a consequence indicated in the law, then the limitation period is calculated starting with the date of the occurrence of such a consequence.

**Section 4**

Limitation of prosecution of offenses specified in article 199 Section 2 and 3, article 200, article 202 Section 2 and 4 and article 204 paragraph 3, as well as offenses specified in article 197, article 201, article 202 paragraph 3, article 203 and article 204 Section 4 in case where the victim is a minor - may not take place prior to the lapse of 5 years from the day when the victim has turned 18.

**Article 156**

**Section 1.**

A person who causes grave detriment to health in the form of:

1) deprivation of a person of sight, hearing, speech, ability to reproduce,

2) other grave handicap, grave incurable or long-lasting illness, illness posing a real threat to life, enduring incapability to work in profession or enduring, material disfiguration or deformation of the body

is subject to a penalty of imprisonment for a term from one year up to 10 years.

**Section 2.**

If the perpetrator acts inadvertently, he/she is subject to a penalty of imprisonment for a term of up to 3 years.

**Section 3.** If the aftermath of the act specified in § 1 is death of a person, the perpetrator is subject to a penalty of imprisonment for a period from 2 to 12 years.

### Article 158

### Section 1

A person who participates in a fight or beating, in which a person is exposed to a direct threat of loss of life or arising of result specified in article 156 paragraph 1 or article 157 paragraph 1, is subject to a penalty of imprisonment for a period of up to 3 years.

### Section 2

If the result of the fight or beating is a grave detriment to the health of a person, the culprit is subject to a penalty of imprisonment from 6 months up to 8 years.

### Section 3

If the result of the fight or beating is death of a person, the culprit is subject to a penalty of imprisonment for a period from one year up to 10 years.

### Article 159

A person who, while participating in a fight or beating of a person, uses a firearm, knife or similar dangerous object, is subject to a penalty of imprisonment for a period from 6 months up to 8 years.

*Oblong stamp:*

Prosecutor of

Regional Public Prosecutor's Office

*(-) illegible signature*

Bogusław Wasilewski

*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "Regional Public Prosecutor's Office in Ciechanów *1*"



**Excerpt from the Law of October 26, 1982**

**on proceedings in matters of juveniles**

**(consolidated text: Journal of Laws of 2010, Number 33, item 178)**

## Article 1

**Section 1.** The regulations of this law are applied in the scope of:

1) prevention and combating demoralization - with respect to individuals under 18 years of age;

2) proceedings in mattes of criminal acts - with respect to individuals who perpetrated such an act while over 13, but under 17 years of age;

3) execution of educational or correctional measures - with respect to individuals having such measures adjudicated to them, however not longer than until these individuals are 21 years of age.

**Section 2.** Whenever the law refers to:

1) „juveniles" - it is understood to mean the individual mentioned in paragraph 1;

2) „criminal act" - it is understood to mean an act prohibited by the law as:

    a) an offense or a fiscal offense, or

    b) a misdemeanor specified in article 51, $62^{(1)}$, 69, 74, 76, 85, 87, 119, 122, 124, 133 or 143 of the Misdemeanors Code.

## Article 42

**Section 1.** If by virtue of the collected materials the family judge finds that in view of the circumstances and character of the case and personality of a juvenile it is purposeful to administer educational or medical measures, he issues a decision on hearing the case in custodian-educational proceedings.

**Section 2.** If the family judge finds that conditions arise for commitment of a juvenile to a correctional institution, he issues a decision on hearing the case in correctional proceedings.

**Section 3.** If in the course of clarification proceedings circumstances are revealed that justify administration with respect to a juvenile of a penalty by virtue of article 10 paragraph 2 of the Criminal Code, the family judge issues a decision on remanding of the case to a prosecutor. In case of discovery of new circumstances indicating that there is no need for

administration of penalty, the prosecutor does not draft an indictment and remands the case to the family judge.

**Section 4.** The family judge may remand the case of a juvenile to the school where the juvenile goes, or a social organization, to which he belongs, if the judge finds that the educational measures at the disposal of the given school or organization are sufficient; in the decision on remanding of the case the family judge indicates educational measures as needed. The school or social organization is obliged to notify the family court of ineffectiveness of the administered educational measures.

*Oblong stamp:*
FOR CONFORMITY WITH THE ORIGINAL

*Oblong stamp:*
PROSECUTOR
DISTRICT PROSECUTOR'S OFFICE
*/-/ illegible signature*
Mieczysław Petrykowski

*Round seal with the state emblem in the center and the inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN PŁOCK."



**RECORDS**

**OF WITNESS EXAMINATION**
**DOROTA WOŹNIAK**
(full name of the witness)

| 00 | 40 | 21 | 12 | 2009 |
|----|----|----|----|------|
| hh | mm | dd | mm | yyyy |

on the grounds of article 177, section 1, article 200, section 3, article 307, section 3 and article 325a of the Polish Code of Penal Procedure

Pawłowo Kościelne
(place of the examination – address of other description of the place of the examination, or name of the Police unit)

Staff candidate officer from Przasnysz Powiat Police Headquarters
(rank and full name)                    (name of Police unit)

The examination will be recorded with an video/audio recording device: no
which the participants have been warned of (type and identification features of the device, carrier and technical condition of the recording)

operated by (full name, address and rank – in the case of Police officer, address of the Police unit)

The witness's identity was verified on the basis of: oral statement
(name, serial number, date of issue, number of the identity document and name of the issuing authority or statement that no identity document was presented and an entry "according to statement")

PESEL (population registration number)

**Statement by the witness:**
**I have been warned of penal liability for giving false evidence or concealing the truth (article 233, section 1 of the Polish Penal Code) – concerns witnesses older than 17**
**I have been warned of the possibility of applying measures as are provided in regulations on proceedings involving minors for giving false evidence (article 233, section 1 of the Polish Penal Code) concerns witnesses younger than 17**
**I have been instructed about my rights vested in me under articles 179-180, 182, 183, 185 and 191, section 3 of the Polish Code of Penal Procedure and of ------- concerns experts**
**- provisions under article 196, section 1 of the Polish Code of Penal Procedure**
**I have been instructed of the obligation to appear on summons and give statements (article 177, section 1 of the Polish Code of Penal Procedure)**
**I have been warned of penal liability for giving a false opinion (article 233, section 4 of the Polish Penal Code) – concerns experts**

signature Woźniak Dorota
(witness's signature)

The witness, who is also a wronged party, was also given – unless this had been done before – written 'Instructions on the rights and obligations of the wronged.'

-----------------
(signature of the wronged)

*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim: "Regional Public Prosecutor's Office in Ciechanów *I*"*

*Oblong stamp:*
Certified to be true to the original
document – copy
by

*Oblong stamp:*
Senior Clerk
Regional Public Prosecutor's Office
Krystyna Zielińska Borasińska
*(-) illegible signature*

the witness stated the following personal details:
full name: Dorota Woźniak
age: 41; date of birth: 19th September 1968; place of birth: Przasnysz
(in years)
occupation: LG Miara – blue-collar worker
(type of occupation, pupil, student, pensioner, unemployed)
place of residence: Pawłowo Kościelne 17 gmina Czernice Borowe
(address, telephone number, fax number, email address)
address for correspondence in Poland: as above
(concerns individuals who stay abroad)
criminal record for false statements or accusation: none
witness's relation to the parties: mother of Dawid Woźniak
Statements:
The witness was warned of penal liability for giving false statements or concealing the truth
as provided under article 233, section 1 of the Polish Penal Code and was instructed of the
provisions under article 182 of the Polish Code of Penal Procedure, and stated as follows:
Today a colour copy of a magnified photograph was shown to me, and I state that this is a
photograph of my son, Dawid Tomasz Woźniak, born on 13th January 1991. This photograph
is from the period when my son was starting education in the middle school and was aged 12.
I have no more current photograph of my son. This is all. At this point the records were
finished.

Dorota Woźniak
(legible signature of the witness)

Comments on erasures, corrections and supplementations made in the records: were made

Complains made by participants in the examination about the contents of the records and
statement by the police officer who conducted the examination: none were made

Attachments to the records: none
(number and type of attachments)

The examination was finished at 17:30 hours on 31st August 2010
Signature Michał Szpakowski                     Signature Woźniak Dorota
(signature of the Police officer)                (signature of the witness)







MINISTERSTWO SPRAWIEDLIWOŚCI
Departament Współpracy Międzynarodowej
i Praw Człowieka
00 - 950 Warszawa, Al. Ujazdowskie 11
Tel/fax: (+ 48 22) 6280949

Warszawa,  March 20, 2014

DWMPC II 073 - 105 / 14 / 3
PG V Oz  3935 / 10 / E
Please quote our ref. when responding

U.S. Department of Justice
Criminal Division
Office of International Affairs
1301 New York Avenue NW
Washington, DC 20530

Extradition Treaty between the Republic of Poland and the United States of America signed
in Washington on July 10, 1996.
Extradition of a Polish citizen Dawid Tomasz WOŹNIAK from the United States to Poland
Your reference 95 -100 - 21484

Dear Ms. Warlow,

With reference to the request of the District Public Prosecutor's Office in Płock for extradition from the United States of a Polish citizen **Dawid Tomasz WOŹNIAK,** the Ministry of Justice of the Republic of Poland - acting as an executive authority pursuant to Article 25 of the Treaty - kindly sends enclosed the additional documents prepared by the requesting authority, which were requested in your aforementioned letter. The documents have been authorised by the Polish Ministry of Justice according to the aforementioned Extradition Treaty.

Sincerely yours,

Head of Division
Katarzyna Biernacka

Cc:
General Prosecutor's Office
Department of International Cooperation
Ref. PG V Oz 3935 / 10 / E

95-100-21484

EXT_WOZNIAK_0050



**REPUBLIC OF POLAND**
**PROSECUTOR GENERAL'S OFFICE**
Department of International Cooperation
fax: 48 22 1251 422

Warsaw, March /2 , 2014

**Our Ref. No.: PG V Oz 3935/10/E**

**U.S. Department of Justice**
**Office of International Affairs**
**Criminal Division**
**Site 800**
**1301 New York Avenue, N. W.**
**WASHINGTON D.C. 20530**

**Your No: 95-95-100-21484**

With reference to our previous correspondence and in response to your letter of 04 October 2013, please find attached  the supplementary information of the District Prosecutor in Płock, concerning the extradition of **Dawid Tomasz Woźniak.**

Sincerely yours,





Director of Departament

Józef Gemra



EXT_WOZNIAK_0052



**PROKURATURA OKRĘGOWA**
**Plac Obrońców Warszawy 8**
**09-404 Płock**
**tel. 242674560 fax 242674580**
e-mail – prokuratura@plock.po.gov.pl

Płock, dnia  11  lutego 2014 roku

I Oz 8/10/C
Dotyczy:  PG V Oz 3935/10/E

### Informacja uzupełniająca

**do wniosku Prokuratora Okręgowego w Płocku o tymczasowe aresztowanie i ekstradycję Dawida Tomasza Woźniaka**

W odpowiedzi na Państwa korespondencję z dnia 4 października 2013 roku wasz  numer referencyjny 95-100-95-100-21484 dotyczącą  wniosku o ekstradycję  Dawida  Tomasza  Woźniaka,  uprzejmie  informuję,  że  w przedmiotowej sprawie sporządzono tablicę poglądową zawierającą  wizerunki 4 mężczyzn, wśród których pod pozycją numer 2 umieszczono zdjęcie Dawida Tomasza Woźniaka przekazane przez Kalifornijski Urząd Komunikacji. Tak sporządzoną  tablicę  okazywano  6  osobom  (Maciejowi  Żółtek,  Markowi Szymańskiemu, Wiesławowi Olszewskiemu, Elżbiecie Redwańskiej, Mariuszowi Kozłowskiemu,  Włodzimierzowi  Woźniak)  i  z  czynności  tych  sporządzono stosowne dokumenty.

W załączeniu uprzejmie  przesyłam poświadczoną za zgodność kopię materiałów z wykonania tychże czynności.

Tym samym oświadczam, że mężczyzna o nazwisku Dawid Tomasz Woźniak, którego zdjęcie zostało zamieszczone na tablicy poglądowej numer 2 jest tym samym mężczyzną, którego zdjęcie przekazane zostało przez Kalifornijski Urząd Komunikacji i który dokonał czynu opisanego we wniosku o ekstradycję.

Prokurator Okręgowy
Waldemar Osowiecki

EXT_WOZNIAK_0053

EXT_WOZNIAK_0054



Sygn. akt Ds. 207/14/Sp

## PROTOKÓŁ OKAZANIA

Ciechanów, dnia 03 lutego 2014 roku o godzinie 11.00

Bogusław Wasilewski-prokurator  Prokuratury Rejonowej w Ciechanowie ----------------

z udziałem protokolanta - bez protokołowałem osobiście --------------------------------------

na podstawie artykułu 143 paragraf 1 punkt 5 przy zastosowaniu artykułu 173 paragraf 1,

173 paragraf 2 kodeksu postępowania karnego okazał niżej wymienionemu świadkowi

w celach rozpoznawczych wizerunki osób z tablicy poglądowej karta 917 akt sprawy.

Świadka uprzedzono o odpowiedzialności karnej za fałszywe zeznania (artykuł 233

kodeksu karnego), po czym świadek stwierdza własnoręcznym podpisem, że uprzedzono

go o tej odpowiedzialności (artykuł 190 kodeksu postępowania karnego).

Maciej Żółtek

.................................................

(podpis świadka)

Następnie świadek, którego tożsamość ustalono na podstawie – legitymacji służbowej

numer LPB 066962   - zeznał co następuje:

Imię i nazwisko -  Maciej Żółtek

Imiona rodziców -  Tadeusz Anna

Data i miejsce urodzenia – 31 sierpnia 1974 roku w Ciechanowie

Miejsce zamieszkania -  Ciechanów, ulica Bogusławskiego 13/15

Zajęcie – aspirant policji

Wykształcenie - wyższe

Karalność za fałszywe zeznania – nie karany

Stosunek do stron - obcy

Oświadczam, że: okazano tablice poglądową z wizerunkami czterech mężczyzn

oznaczonych numerami 1 do 4. Mężczyzna, którego wizerunek oznaczony jest numerem

dwa jest tym, z którym wykonywałem czynności w sprawie pobicia i uszkodzenia ciała

ze skutkiem śmiertelnym do którego doszło w Grudusku w dniu 24 grudnia 2007 roku.

On miał krótko ostrzyżone włosy, ciemny blond, twarz okrągła, dobrze zbudowany.

On był chyba średniego wzrostu, był podejrzewany o udział w pobiciu w nocy z 24/25

ZA ZGODNOŚĆ
Z ORYGINAŁEM

Referent
w Płocku
Justyna Mitura-Lisiewicz

EXT_WOZNIAK_0055

EXT_WOZNIAK_0056

grudnia 2007 roku. Nie przypominam sobie, żebym wykonywał z jego udziałem czynności procesowe. Sporządzałem protokół zatrzymania nieletniego, a zatem widziałem go i w jego obecności sporządzany był ten protokół. W tym miejscu świadkowi okazano protokół zatrzymania nieletniego Dawida Woźniaka z karty numer 32 akt sprawy. Po okazaniu świadek oświadcza, że w całości ten protokół wypełniłem pismem ręcznym. W mojej obecności Dawid Woźniak złożył podpisy na protokole. Ja nie pobierałem odcisków palców od nieletniego, o ile pamiętam w tamtym czasie zaczęły obowiązywać przepisy, że nie do wszystkich przestępstw pobieraliśmy odciski palców. Nie wykonywałem fotografii Dawidowi Woźniakowi. Nie pamiętam, żebym rozmawiał na temat przebiegu zdarzenia z Dawidem Woźniakiem i nie wykonywałem czynności z innymi osobami.

Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
..............................................
(podpis nieczytelny)

Maciej Żółtek
..............................................
(podpis świadka)

Omówienie poprawek i uzupełnień w treści protokołu: w treści zeznań świadka Macieja Żółtka na stronie 982 w wersie 7 od góry strony nadpisano „nie" przed słowem „pobierałem".

Czynność okazania zakończono o godzinie 11.30

Protokół odczytano.

Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
..............................................
(podpis nieczytelny)

Maciej Żółtek
..............................................
(podpis świadka)

ZA ZGODNOŚĆ
Z ORYGINAŁEM
Referent
Prokuratury Okręgowej
w Płocku
Justyna Mitura-Lisiewicz



EXT_WOZNIAK_0058

**ODPIS**

Sygn. akt Ds. 207/14/Sp

## PROTOKÓŁ OKAZANIA

Ciechanów, dnia 10 lutego 2014 roku o godzinie 9.30

Bogusław Wasilewski - prokurator Prokuratury Rejonowej w Ciechanowie -----------------

z udziałem protokolanta - bez protokołowałem osobiście --------------------------------------

na podstawie artykułu 143 paragraf 1 punkt 5 przy zastosowaniu artykułu 173 paragraf 1,

173 paragraf 2 kodeksu postępowania karnego okazał niżej wymienionemu świadkowi w

celach rozpoznawczych wizerunki osób z tablicy poglądowej karta 917 akt sprawy.

Świadka uprzedzono o odpowiedzialności karnej za fałszywe zeznania (artykuł 233

kodeksu karnego), po czym świadek stwierdza własnoręcznym podpisem, że uprzedzono

go o tej odpowiedzialności (artykuł 190 kodeksu postępowania karnego).

Marek Szymański

...............................................

(podpis świadka)

Następnie świadek, którego tożsamość ustalono na podstawie – dowodu osobistego

numer  ATM904095  - zeznał co następuje:

Imię i nazwisko – Marek Szymański

Imiona rodziców -  Tadeusz Barbara

Data i miejsce urodzenia – 18 kwietnia1988 roku w Ciechanowie

Miejsce zamieszkania -  06 - 415 Czernice Borowe , Pawłowo Nowe 21

Zajęcie – cukiernik

Wykształcenie - zawodowe

Karalność za fałszywe zeznania – nie karany

Stosunek do stron – obcy

Oświadczam, że: okazano tablicę poglądową z wizerunkami czterech mężczyzn

oznaczonych numerami 1 do 4. Mężczyzna, którego wizerunek oznaczony jest numerem

dwa jest to Dawid Woźniak. Ja ostatni raz widziałem w dniu zdarzenia. Uważam, że

wygląd jego twarzy nie uległ większej zmianie. Dawid Woźniak ma okrągłą twarz, lekko

przymknięte oczy, to jest zabudowane. Moim zdaniem na fotografii jest on już starszy.

Dawida Woźniaka znam od dzieciństwa. Mieszkaliśmy w pobliżu. On jest trochę

młodszy, ale chodziliśmy do tych samych szkół - Szkoły Podstawowej w Pawłowie,

ZA ZGODNOŚĆ
Z ORYGINAŁEM
EXT_WOZNIAK_0069

Referent
Prokuratury Okręgowej
w Płocku

Justyna Mitura-Lisiewicz

EXT_WOZNIAK_0060

Gimnazjum w Czernicach Borowych. W dniu zdarzenia pojechałem z nim do Gruduska. Zaparkowaliśmy samochody przy sklepie w Grudusku. Ja przyjechałem z Chmielewskim, a Dawid Woźniak z Kozłowskim. Zobaczyłem jak Dawid wyjął jakąś pałkę z samochodu i pobiegł w stronę stadionu. Pobiegłem za Dawidem Woźniakiem. Pamiętam, że zobaczyłem jak Dawid Woźniak szarpie się z jakimś chłopakiem. Podbiegłem i uderzyłem tego chłopaka pięścią w twarz. On usiadł na murku i zasłonił rękami głowę. Teraz nie pamiętam czy tego chłopaka Dawid Woźniak bił pałką. Ja podszedłem do niego i zapytałem skąd jest. Odpowiedział, że z Kamienia. W tym czasie zobaczyłem jak Dawid Woźniak odbiega od pierwszego chłopaka. Jak się odwróciłem to zobaczyłem leżącego człowieka, a Dawid Woźniak był za nim. Ja teraz nie pamiętam czy widziałam, żeby Dawid Woźniak go uderzył drewnianą pałką. Jak przebiegałem przy tym mężczyźnie to on leżał bez ruchu. Ja go nie uderzyłem. Tylko Dawid miał wtedy drewnianą pałkę. W momencie gdy ten drugi pokrzywdzony upadł nie widziałem przy nim innych osób oprócz Dawida Woźniaka. Ja wyraźnie widziałem Dawida Woźniaka przy drugim pokrzywdzonym.

    Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski

..................................................
   (podpis nieczytelny)

                         Marek Szymański
              ..............................................
                (podpis świadka)

Czynność zakończono o godz.10.00
Protokół odczytano.

    Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski

..................................................
   (podpis nieczytelny)

                         Marek Szymański
              ..............................................
                (podpis świadka)



ZA ZGODNOŚĆ
Z ORYGINAŁEM
Referent
Prokuratury Okręgowej
w Płocku
Justyna Mittura-Lisiewicz

EXT_WOZNIAK_0061



EXT_WOZNIAK_0062

**ODPIS**

Sygn. akt Ds. 207/14/Sp

## PROTOKÓŁ OKAZANIA

Ciechanów, dnia 03  lutego 2014 roku o godzinie 10.00

Bogusław Wasilewski-prokurator  Prokuratury Rejonowej w Ciechanowie ----------------

z udziałem protokolanta - bez protokołowałem osobiście -------------------------------------

na podstawie artykułu 143 paragraf 1 punkt 5 przy zastosowaniu artykułu 173 paragraf 1,

173 paragraf 2 kodeksu postępowania karnego okazał niżej wymienionemu świadkowi

w celach rozpoznawczych wizerunki osób z tablicy poglądowej karta 917 akt sprawy.

Świadka uprzedzono o odpowiedzialności karnej za fałszywe zeznania (artykuł 233

kodeksu karnego), po czym świadek stwierdza własnoręcznym podpisem, że uprzedzono

go o tej odpowiedzialności (artykuł 190 kodeksu postępowania karnego).

Wiesław Olszewski

...........................................

(podpis świadka)

Następnie świadek, którego tożsamość ustalono na podstawie – legitymacji służbowej

numer LPB 268241   - zeznał co następuje:

Imię i nazwisko -   Wiesław Olszewski

Imiona rodziców -  Bolesław i Danuta

Data i miejsce urodzenia – 29 maja 1961 roku w Ciechanowie

Miejsce zamieszkania -  Ciechanów, ulica Powstańców Wielkopolskich 12/16

Zajęcie – aspirant sztabowy policji

Wykształcenie - średnie

Karalność za fałszywe zeznania – nie karany

Stosunek do stron - obcy

Oświadczam, że: okazano tablicę poglądową z wizerunkami czterech mężczyzn

oznaczonych numerami 1 do 4. Mężczyzna, którego wizerunek oznaczony jest numerem

dwa jest tym, z którym najprawdopodobniej wykonywałem czynności w sprawie pobicia

i uszkodzenia ciała ze skutkiem śmiertelnym do którego doszło w Grudusku. Nie

pamiętam obecnie nazwisk osób pokrzywdzonych. Przypominam sobie, że nazywał się

Woźniak, był nieletni, miał poniżej siedemnastu lat, był najmłodszy z grupy osób

biorących udział w zdarzeniu. On był sprawcą najbardziej aktywnym i agresywnym.

ZA ZGODNOŚĆ
Z ORYGINAŁEM

Referent
Prokuratury Okręgowej
w Płocku

EXT_WOZNIAK_0063

EXT_WOZNIAK_0064

Pamiętam, że nie był zbyt wysoki, blondyn z krótko obciętymi włosami. Poznaje go po układzie twarzy. Wydaje mi się, że jest to ta sama osoba, tylko starsza. Przesłuchiwałem go w godzinach wieczorowo - nocnych w budynku „B" Komendy Powiatowej Policji w Ciechanowie. Już wtedy pojawiła się informacja, że jego ojciec przebywa w Stanach Zjednoczonych. Prawdopodobnie była to informacja od nieletniego, którą ujawnił w trakcie przesłuchania lub rozmowy poprzedzającej przesłuchanie. Kojarzy mi się, że Dawid Woźniak przyznał się do udziału w pobiciu jednego z pokrzywdzonych , a później do udziału w pobiciu drugiego pokrzywdzonego. W trakcie zdarzenia Woźniak posiadał kij bejsbolowy, którym zadawał uderzenia pokrzywdzonym. Ja nie pobierałem odcisków palców od Dawida Woźniaka, ani nie fotografowałem go. Nie byłem prowadzącym postępowanie, a byłem jednym z policjantów wykonującym czynności procesowe. Jego tożsamość została ustalona. Jestem pewien, że osoba, którą przesłuchiwałem to nieletni Dawid Woźniak, on w trakcie przesłuchania wskazał swoje dane, miejsce zamieszkania, inne przesłuchiwane osoby potwierdziły jego tożsamość. Był to ich kolega, oni znali się od lat, mieszkali w sąsiedztwie. Zapadła decyzja o tym, że Dawid Woźniak został przewieziony do Policyjnej Izby Dziecka w Płocku. Po tym Sąd Rodzinny właściwy dla jego miejsca zamieszkania miał podjąć dalsze decyzje w jego sprawie. Ja później nie wykonywałem już innych czynności w tej sprawie.

Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
..............................................
(podpis nieczytelny)

Wiesław Olszewski
..............................................
(podpis świadka)

Czynność okazania zakończono o godz. 10.50

Protokół odczytano.

Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
..............................................
(podpis nieczytelny)



ZA ZGODNOŚĆ
Z ORYGINAŁEM
Referent
Prokuratury Okręgowej
w Płocku
Justyna Mitura-Lisiewicz

Wiesław Olszewski
..............................................
(podpis świadka)



EXT_WOZNIAK_0066

ODPIS

Sygn. akt Ds. 207/14/Sp

## PROTOKÓŁ OKAZANIA

Ciechanów, dnia 04 lutego 2014 roku o godzinie10.00

Bogusław Wasilewski-prokurator  Prokuratury Rejonowej w Ciechanowie ----------------

z udziałem protokolanta - bez protokołowałem osobiście -------------------------------------

na podstawie artykułu 143 paragraf 1 punkt 5 przy zastosowaniu artykułu 173 paragraf 1,

173 paragraf 2 kodeksu postępowania karnego okazał niżej wymienionemu świadkowi w

celach rozpoznawczych wizerunki osób z tablicy poglądowej karta 917 akt sprawy.

Świadka uprzedzono o odpowiedzialności karnej za fałszywe zeznania (artykuł 233

kodeksu karnego), po czym świadek stwierdza własnoręcznym podpisem, że uprzedzono

go o tej odpowiedzialności (artykuł 190 kodeksu postępowania karnego).

Redwanowska Elżbieta

...............................................

(podpis świadka)

Następnie świadek, którego tożsamość ustalono na podstawie – dowodu osobistego

numer  AHT305420   - zeznał co następuje:

Imię i nazwisko -   Elżbieta Redwanowska

Nazwisko panieńskie (dla mężatek) - Tyburska

Imiona rodziców -  Rajmund Zofia

Data i miejsce urodzenia – 02 czerwca 1960 roku w Przasnyszu

Miejsce zamieszkania -  06 - 415 Czernice Borowe, Pawłowo Kościelne 27

Zajęcie – rencistka

Wykształcenie - średnie

Karalność za fałszywe zeznania – nie karany

Stosunek do stron – obca Dawida Woźniaka

Oświadczam, że: okazano tablicę poglądową z wizerunkami czterech mężczyzn

oznaczonych numerami 1 do 4. Mężczyzna , którego wizerunek oznaczony jest numerem

dwa jest to Dawid Woźniak. Ja ostatni raz widziałam go jeszcze przed tym pobiciem

w listopadzie 2007 roku. On przez całe życie mieszkał w tej samej miejscowości. Jego

ZA ZGODNOŚĆ
Z ORYGINAŁEM

Referent
Prokuratury Okręgowej
w Płocku

EXT_WOZNIAK_0067
Justyna Mitura-Lisiewicz

EXT_WOZNIAK_0068

dom jest w odległości około 100 metrów od mojego. Ja go widywałam co drugi, co trzeci dzień przez całe jego życie. On przychodził do miejscowego sklepu, po przeciwnej stronie drogi mieszka babcia i wujek z rodziną. Na fotografii Dawid Woźniak jest starszy, ja go dobrze zapamiętałem. Zawsze nosił krótkie włosy, zgadzają się rysy twarzy, miał okrągłą twarz. Ja nic nie wiem na temat dokonania przez Dawida Woźniaka jakiegoś przestępstwa. Nie byłam świadkiem takiego zdarzenia. Słyszałam od innych osób, że było pobicie w Grudusku w wyniku, którego zmarł mężczyzna. Ja nie byłam przy tym zdarzeniu i nie wiem czy brał udział w nim Dawid Woźniak.

Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
................................................
(podpis nieczytelny)

Redwanowska Elżbieta
................................................
(podpis świadka)

Czynność okazania zakończono o godzinie 10.15

Protokół odczytano.

Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
................................................
(podpis nieczytelny)

Redwanowska Elżbieta
.......................................
(podpis świadka)



ZA ZGODNOŚĆ
Z ORYGINAŁEM
Referent
Prokuratury Okręgowej
w Płocku
Justyna Mitura-Lisiewicz





EXT_WOZNIAK_0070

ODPIS

Sygn. akt Ds. 207 /14/Sp

## PROTOKÓŁ OKAZANIA

Ciechanów, dnia 10 lutego 2014 roku o godzinie 10.10

Bogusław Wasilewski-prokurator  Prokuratury Rejonowej w Ciechanowie ----------------

z udziałem protokolanta - bez protokołowałem osobiście -------------------------

na podstawie artykułu 143 paragraf 1 punkt 5 przy zastosowaniu artykułu 173 paragraf 1,

173 paragraf 2 kodeksu postępowania karnego okazał niżej wymienionemu świadkowi

w celach rozpoznawczych wizerunki osób z tablicy poglądowej karta 917 akt sprawy.

Świadka uprzedzono o odpowiedzialności karnej za fałszywe zeznania (artykuł 233

kodeksu karnego), po czym świadek stwierdza własnoręcznym podpisem, że uprzedzono

go o tej odpowiedzialności (artykuł 190 kodeksu postępowania karnego).

Mariusz Kozłowski

...............................................

(podpis świadka)

Następnie świadek, którego tożsamość ustalono na podstawie – dowodu osobistego

numer  AWM018100  - zeznał co następuje:

Imię i nazwisko – Mariusz Kozłowski

Imiona rodziców -  Stefan Wiesława

Data i miejsce urodzenia –  02 kwietnia 1989 roku w Ciechanowie

Miejsce zamieszkania -  06 - 415 Czernice Borowe, Pawłowo – Poręba 1

Zajęcie – pracownik fizyczny

Wykształcenie - gimnazjalne

Karalność za fałszywe zeznania – nie karany

Stosunek do stron – obcy

Oświadczam, że: okazano tablice poglądową z wizerunkami czterech mężczyzn

oznaczonych numerami 1 do 4. Mężczyzna, którego wizerunek oznaczony jest numerem

dwa jest to Dawid Woźniak. Poznaje go po wyglądzie twarzy. Ma charakterystyczną

twarz, znamy się od dzieciństwa, widywałem go w szkole podstawowej. Nie mama

wątpliwości, że to on. Nie zmienił się wiele od czasu kiedy go ostatnio widziałem.

ZA ZGODNOŚĆ
Z ORYGINAŁEM
Prokuratury Okręgowej
w Płocku
Justyna Mitura-Lisiewicz
EXT_WOZNIAK_0071

EXT_WOZNIAK_0072

Utrzymywaliśmy kontakty koleżeńskie. W dniu zdarzenia przyjechałem razem z nim do Gruduska. Dawid Woźniak zabrał z mojego samochodu gruby kij i poszedł gdzieś oddalił się. Chyba Szymański za nim poszedł. Ja nie widziałem, jak Dawid Woźniak uderza pałką inne osoby. Dawid przyszedł do mojego samochodu. Miał chyba ten kij. Nie opowiadał co się zdarzyło. Pamiętam, że był pod wpływem alkoholu. Widziałem jak wcześniej pił wódkę. Dawida Woźniaka ostatnio widziałem na drugi dzień po tym zdarzeniu jak nas zatrzymała policja.

Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
...............................................
(podpis nieczytelny)

Mariusz Kozłowski
...............................................
(podpis świadka)

Czynność okazania zakończono o godzinie 10.20

Protokół odczytano.

Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
...............................................
(podpis nieczytelny)

Mariusz Kozłowski
...............................................
(podpis świadka)



ZA ZGODNOŚĆ
Z ORYGINAŁEM
Referent
Prokuratury Okręgowej
w Płocku
Justyna Mitura-Lisiewicz





EXT_WOZNIAK_0074

ODPIS

Sygn. akt Ds. 207/14/Sp

## PROTOKÓŁ OKAZANIA

Ciechanów, dnia 4 lutego 2014 roku o godzinie 10.45

Bogusław Wasilewski-prokurator  Prokuratury Rejonowej w Ciechanowie -----------------
z udziałem protokolanta - bez protokołowałem osobiście --------------------------------------
na podstawie artykułu 143 paragraf 1 punkt 5 przy zastosowaniu artykułu 173 paragraf 1,
173 paragraf 2 kodeksu postępowania karnego okazał niżej wymienionemu świadkowi w
celach rozpoznawczych wizerunki osób z tablicy poglądowej karta 917 akt sprawy.
Świadka uprzedzono o odpowiedzialności karnej za fałszywe zeznania (artykuł 233
kodeksu karnego), po czym świadek stwierdza własnoręcznym podpisem, że uprzedzono
go o tej odpowiedzialności (artykuł 190 kodeksu postępowania karnego).

Woźniak Włodzimierz

................................................
(podpis świadka)

Następnie świadek, którego tożsamość ustalono na podstawie – dowodu osobistego
numer  ANA476350  - zeznał co następuje:

Imię i nazwisko -    Włodzimierz Woźniak

Imiona rodziców -  Romuald Jadwiga

Data i miejsce urodzenia – 02 marca 1965 roku w Przasnyszu

Miejsce zamieszkania -  06 - 415 Czernice Borowe, Pawłowo Kościelne 20

Zajęcie – rolnik

Wykształcenie - średnie

Karalność za fałszywe zeznania – nie karany

Stosunek do stron – stryj Dawida Woźniaka

Oświadczam, że: okazano tablice poglądową z wizerunkami czterech mężczyzn
oznaczonych numerami 1 do 4. Mężczyzna, którego wizerunek oznaczony jest numerem
dwa jest to Dawid Woźniak. Ja ostatni raz widziałem go przed tym jak narozrabiał
w Grudusku, mam na myśli pobicie mężczyzny w Grudusku. Ja rozpoznaje go po twarzy,
całości wizerunku. On od urodzeniu ma jedno oko trochę mniejsze. To chyba było lewe

ZA ZGODNOŚĆ
Z ORYGINAŁEM

Referent
Prokuratury Okręgowej
w Płocku
Justyna Mitura-Lisiewicz

EXT_WOZNIAK_0075

oko. Znam go od dziecka. Mieszkał w tej samej miejscowości, około pół kilometra od mojego domu. Spotykałem go dwa, trzy razy w tygodniu. Przychodził do mnie. Nie mam żadnej wątpliwości, że na okazanej kserokopii fotografii numer 2 znajduje się Dawid Woźniak. Ja nie mam jego zdjęć. Nie widziałem tego zdarzenia, które dotyczy Dawida Woźniaka. Wiem tyle co wszyscy mieszkańcy Pawłowa, to jest to, że Dawid Woźniak pobił chłopaka, który zmarł i było to w noc wigilijną z 24 na 25 grudnia 2007 roku, ale dokładnie nie pamiętam roku.

  Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
.............................................
  (podpis nieczytelny)

              Woźniak Wiesław
           .............................................
            (podpis świadka)

Czynność okazania zakończono o godzinie 11.00

Protokół odczytano.

  Prokurator
Prokuratury Rejonowej
Bogusław Wasilewski
.............................................
  (podpis nieczytelny)

              Woźniak Wiesław
           .............................................
            (podpis świadka)



ZA ZGODNOŚĆ
Z ORYGINAŁEM
Referent
Prokuratury Okręgowej
w Płocku
Justyna Mitura-Lisiewicz



EXT_WOZNIAK_0078

TABLICA POGLĄDOWA

917



①



②



③



④

EXT_WOZNIAK_0079

ZGODNOŚĆ
Z ORYGINAŁEM
W PŁOCKU

Referent
Prokuratury Okręgowej
w Płocku
Justyna Mitura-Lisiewicz

1). DAWID SKRZYPINSKI ZAM. MARUSY 23 GM. SOŃSK

2). DAWID WOŻNIAK ZAM. USA.

3). EMIL CYLKE ZAM. CIECHANÓW UL. M STYCZNIA 23/1A

4). PIOTR NAZARENKO ZAM. TARGONIE 46 GM. REGIMIN



ZA ZGODNOŚĆ
Z ORYGINAŁEM

Referent
Prokuratury Okręgowej
w Płocku
*Justyna Mitura-Lisiewicz*



EXT_WOZNIAK_0080

**Certified translation from Polish**

*/national emblem of the Republic of Poland/*
Prokuratura Okręgowa [Circle Prosecution Office]
Plac Obrońców Warszawy 8
09-404 Płock
tel. 242674560 fax 242674580
e-mail prokuratura@plock.po.gov.pl

Warsaw, 28 February 2014

I Oz 8/10/C
Re.: PG V Oz 3935/10/E

**Further Information**
**to the request of Circle Prosecutor in Plock for provisional arrest and extradition of**
**Dawid Tomasz Woźniak**

In response to your correspondence dated 4 October 2013, your reference number 95-100-95-100-21484 concerning the request for the extradition of Dawid Tomasz Woźniak, I would like to inform you that a demonstrative table was prepared for the case, containing pictorial images of four men, including a photo of Dawid Tomasz Woźniak under number 2, provided by the California Office of Communications. The demonstrative table was presented to 6 persons (Maciej Żółtek, Marek Szymański, Wiesław Olszewski, Elżbieta Redwańska, Mariusz Kozłowski, Włodzimierz Woźniak) and the relevant documents were prepared in respect of these activities.

Please find enclosed herewith a duly authenticated copy of the materials from implementation of these activities.

Thus, I declare that a man named Dawid Tomasz Woźniak, whose photo was published on the demonstrative table as number 2 is the same man whose image has been transferred by the California Office of Communications and who committed the offense described in the request for extradition.

Circle Prosecutor
Waldemar Osowiecki
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription*: Prokuratura Okręgowa [Circle Prosecution Office] in Płock *2*



EXT_WOZNIAK_0081

EXT_WOZNIAK_0082

*Document executed on 2 pages both bearing the following stamps:*
*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Clerk
Prokuratura Okręgowa [Circle Prosecution Office]
in Płock
Justyna Mitura-Lisiewicz
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* Prokuratura Okręgowa [Circle Prosecution Office] in Płock

*Oblong stamp:*
COPY

File no.: Ds. 207/14/Sp

## RECORD OF PRESENTATION

Ciechanów, 3 February 2014 at 11:00

Bogusław Wasilewski – prosecutor in Prokuratura Rejonowa [District Prosecution Office] in Ciechanów
with participation of the clerk – none – I made the record personally
pursuant to Article 143 paragraph 1 point 5 with application of Article 173 paragraph 1, 173 paragraph 2 of the Code of Criminal Procedure presented to the witness the images of the demonstrative table on page 917 of the case files, for recognition purposes.

The witness was advised about criminal liability for false testimony (Article 233 of the Criminal Code), and by placement of his/her signature the witness confirmed that he/she was advised about such liability (Article 190 of the Code of Criminal Procedure).

Maciej Żółtek
(signature of the witness)

Then the witness, whose identity has been established pursuant to official ID number LPB 066962 – testified as follows:
Full name - Maciej Żółtek
Parents' names - Tadeusz Anna
Date and place of birth - 31 August 1974, Ciechanów
Place of residence - Ciechanów, ul. Bogusławskiego 13/15
Occupation – Police officer
Education – university degree
Sentenced for false testimony - no
Relationship to the parties – not related



EXT_WOZNIAK_0084

I hereby declare as follows: I was presented with demonstrative table with images of four men numbered 1 to 4. The man, whose image is marked with the number two is the one with whom I performed proceedings on the battery and injuries with fatal consequences occurred in Grudusk on 24 December 2007. He had close-cropped hair, dark blond, round face, well built. He was probably of average height, he was suspected of taking part in the battery on the night of 24/25 December 2007. I do not recall ever performing procedural steps with his participation. I prepared a juvenile detention report and therefore I saw him, and the report was drawn up in his presence. At this point the witness was presented with detention report of juvenile Dawid Woźniak of page number 32 of case files. After the presentation, the witness declares: I filled this report entirely by hand. In my presence Dawid Woźniak signed the report. I did not fingerprint the juvenile, as I recall, at that time the rules began to apply that fingerprints were not taken in the case of all crimes. I have not taken photos of Dawid Woźniak. I do not remember talking about the course of events with Dawid Wozniak and did not perform proceedings with others.


Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)


Maciej Żółtek
(signature of the witness)


Discussion on amendments and additions to the content of the report: in the testimony of the witness Maciej Żółtek, on page 982 in verse 7 from the top "not" was placed before the word "taken".
The presentation was completed at 11:30
The report was read.


Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)


Maciej Żółtek
(signature of the witness)



EXT_WOZNIAK_0086

*Document executed on 2 pages both bearing the following stamps:*
*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Clerk
Prokuratura Okręgowa [Circle Prosecution Office]
in Płock
Justyna Mitura-Lisiewicz
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* Prokuratura Okręgowa [Circle Prosecution Office] in Płock

*Oblong stamp:*
COPY

File no.: Ds. 207/14/Sp

### RECORD OF PRESENTATION

Ciechanów, 10 February 2014 at 9:30
Bogusław Wasilewski – prosecutor in Prokuratura Rejonowa [District Prosecution Office] in Ciechanów
with participation of the clerk – none – I made the record personally
pursuant to Article 143 paragraph 1 point 5 with application of Article 173 paragraph 1, 173 paragraph 2 of the Code of Criminal Procedure presented to the witness the images of the demonstrative table on page 917 of the case files, for recognition purposes.

The witness was advised about criminal liability for false testimony (Article 233 of the Criminal Code), and by placement of his/her signature the witness confirmed that he/she was advised about such liability (Article 190 of the Code of Criminal Procedure).

Marek Szymański
(signature of the witness)

Then the witness, whose identity has been established pursuant to ID document ATM904095 – testified as follows:
Full name – Marek Szymański
Parents' names - Tadeusz Barbara
Date and place of birth – 18 April 1988, Ciechanów
Place of residence - 06-415 Czernice Borowe, Pawłowo Nowe 21
Occupation – confectioner
Education – vocational
Sentenced for false testimony - no
Relationship to the parties – not related



EXT_WOZNIAK_0087

EXT_WOZNIAK_0088

I hereby declare as follows: I was presented with demonstrative table with images of four men numbered 1 to 4. The man, whose image is marked with the number two is Dawid Woźniak. I last saw on the day of the event. I believe that the appearance of his face has not changed much. Dawid Woźniak has a round face, slightly closed eyes, it is built (sic!). In my opinion, he is older on the photograph. I have known Dawid Woźniak since our childhood. We lived nearby. He is a little younger, but we went to the same schools - Primary School in Pawłów, Junior High School in Czernice Borowe. On the day of the incident I went with him to Grudusk. We parked the car at a shop in Grudusk. I drove with Chmielewski and Dawid Woźniak with Kozłowski. I saw how Dawid took some club out of the car and ran towards the stadium. I ran after Dawid Woźniak. I remember that I saw Dawid Woźniak struggling with some guy. I ran and the punched that boy in the face. He sat down on the stone wall and covered his head with hands. Now I do not remember if Dawid Woźniak beat the boy with the club. I went up to him and asked where he is from. He replied that he was from Kamień. At that time, I saw how Dawid Woźniak runs from the first boy. As I turned around I saw a man lying and Dawid Woźniak was behind him. I do not remember if I saw that Dawid Woźniak hitting him with a wooden club. When I passed by this man, he lay motionless. I did not hit him. Only Dawid had a wooden club. At the time when the latter victim fell I did not see any other persons near him except Dawid Woźniak. I clearly saw Dawid Woźniak by the second victim.


Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)



Marek Szymański
(signature of the witness)



The presentation was completed at 10:00
The report was read.


Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)



Merek Szymański
(signature of the witness)



EXT_WOZNIAK_0089

EXT_WOZNIAK_0090

*Document executed on 2 pages both bearing the following stamps:*
*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Clerk
Prokuratura Okręgowa [Circle Prosecution Office]
in Płock
Justyna Mitura-Lisiewicz
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* Prokuratura Okręgowa [Circle Prosecution Office] in Płock

*Oblong stamp:*
COPY

File no.: Ds. 207/14/Sp

## RECORD OF PRESENTATION

Ciechanów, 10 February 2014 at 10:00
Bogusław Wasilewski – prosecutor in Prokuratura Rejonowa [District Prosecution Office] in Ciechanów
with participation of the clerk – none – I made the record personally
pursuant to Article 143 paragraph 1 point 5 with application of Article 173 paragraph 1, 173 paragraph 2 of the Code of Criminal Procedure presented to the witness the images of the demonstrative table on page 917 of the case files, for recognition purposes.

The witness was advised about criminal liability for false testimony (Article 233 of the Criminal Code), and by placement of his/her signature the witness confirmed that he/she was advised about such liability (Article 190 of the Code of Criminal Procedure).

Wiesław Olszewski
(signature of the witness)

Then the witness, whose identity has been established pursuant to official ID card LPB 268241 – testified as follows:
Full name – Wiesław Olszewski
Parents' names – Bolesław and Danuta
Date and place of birth – 29 May 1961, Ciechanów
Place of residence – Ciechanów, ul. Powstańców Wielkopolskich 12/16
Occupation – police officer
Education – secondary
Sentenced for false testimony - no
Relationship to the parties – not related



EXT_WOZNIAK_0091

I hereby declare as follows: I was presented with demonstrative table with images of four men numbered 1 to 4. The man, whose image is marked with the number two is the one with whom I performed proceedings on the battery and injuries with fatal consequences occurred in Grudusk. I do not remember the names of victims now. I recall that his name was Woźniak, he was a minor below seventeen years old, he was the youngest of the group of persons involved in the incident. He was the most active and aggressive perpetrator.

I remember it was not too tall, blond man with short hair. I recognize him by his facial features. It seems to me that this is the same person, just older. I interrogated him in the evening and night hours in building "B" of the Poviat Police Headquarters in Ciechanów. At that time there was information that his father is in the United States. Perhaps it was the information from a minor, which he revealed in the course of the interrogation or conversation preceding the interrogation. It reminds me that Dawid Woźniak admitted to participating in the battery of one of the victims, and then to participating in the beating of another victim. During the incident Woźniak had a baseball bat, by which he stroked the victims. I did not fingerprint Dawid Woźniak, nor did I photograph him. I was not conducting the investigation, I was one of the officers executing the procedural steps. His identity was established. I am sure that the person I interrogated was the juvenile Dawid Woźniak, during the interrogation he provided his particulars, place of residence, other interrogated persons confirmed his identity. He was their friend, they had known each other for years, lived in the neighborhood. The decision was made that Dawid Woźniak was taken to the Police Juvenile Unit in Płock. Then the Family Court competent for his place of residence was to take further decisions in his case. Later I no longer took part in this case.

Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)

Wiesław Olszewski
(signature of the witness)

The presentation was completed at 10:50
The report was read.

Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)

Wiesław Olszewski
(signature of the witness)



EXT_WOZNIAK_0094

*Document executed on 2 pages both bearing the following stamps:*
*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Clerk
Prokuratura Okręgowa [Circle Prosecution Office]
in Płock
Justyna Mitura-Lisiewicz
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* Prokuratura Okręgowa [Circle Prosecution Office] in Płock

*Oblong stamp:*
COPY

File no.: Ds. 207/14/Sp

## RECORD OF PRESENTATION

Ciechanów, 10 February 2014 at 10:00

Bogusław Wasilewski – prosecutor in Prokuratura Rejonowa [District Prosecution Office] in Ciechanów
with participation of the clerk – none – I made the record personally
pursuant to Article 143 paragraph 1 point 5 with application of Article 173 paragraph 1, 173 paragraph 2 of the Code of Criminal Procedure presented to the witness the images of the demonstrative table on page 917 of the case files, for recognition purposes.

The witness was advised about criminal liability for false testimony (Article 233 of the Criminal Code), and by placement of his/her signature the witness confirmed that he/she was advised about such liability (Article 190 of the Code of Criminal Procedure).

Elżbieta Redwanowska<br/>(signature of the witness)

Then the witness, whose identity has been established pursuant to ID document AHT 305420 – testified as follows:
Full name – Elżbieta Redwanowska
Maiden name (for married women): Tyburska
Parents' names – Rajmund Zofia
Date and place of birth – 2 June 1960, Przasnysz
Place of residence - 06-415 Czernice Borowe, Pawłowo Kościelne 27
Occupation – pensioner
Education – secondary
Sentenced for false testimony - no
Relationship to the parties – not related to Dawid Woźniak



EXT_WOZNIAK_0096

I hereby declare as follows: I was presented with demonstrative table with images of four men numbered 1 to 4. The man, whose image is marked with the number two is Dawid Woźniak. I last saw him before the beating in November 2007. He lived all his life in the same town. His house is about 100 meters away from mine. I used to see him every second, every third day throughout his life. He came to the local store, his grandmother and uncle with his family live on the opposite side of the road. In the photograph Dawid Woźniak is older, I remember him well. He always wore short hair, facial features are the same, he had a round face. I do not know anything about Dawid Woźniak's committing a crime. I did not witness such an event. I heard from other people that there was a beating in Grudusk, as a result of which a man died. I was not there and do not know whether Dawid Woźniak took part in it.


Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)

Elżbieta Redwanowska
(signature of the witness)


The presentation was completed at 10:15
The report was read.


Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)

Elżbieta Redwanowska
(signature of the witness)



EXT_WOZNIAK_0098

*Document executed on 2 pages both bearing the following stamps:*
*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Clerk
Prokuratura Okręgowa [Circle Prosecution Office]
in Płock
Justyna Mitura-Lisiewicz
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* Prokuratura Okręgowa [Circle Prosecution Office] in Płock

*Oblong stamp:*
COPY

File no.: Ds. 207/14/Sp

## RECORD OF PRESENTATION

Ciechanów, 10 February 2014 at 10:10

Bogusław Wasilewski – prosecutor in Prokuratura Rejonowa [District Prosecution Office] in Ciechanów
with participation of the clerk – none – I made the record personally
pursuant to Article 143 paragraph 1 point 5 with application of Article 173 paragraph 1, 173 paragraph 2 of the Code of Criminal Procedure presented to the witness the images of the demonstrative table on page 917 of the case files, for recognition purposes.

The witness was advised about criminal liability for false testimony (Article 233 of the Criminal Code), and by placement of his/her signature the witness confirmed that he/she was advised about such liability (Article 190 of the Code of Criminal Procedure).

Mariusz Kozłowski
(signature of the witness)

Then the witness, whose identity has been established pursuant to ID document AWM018100 – testified as follows:
Full name – Mariusz Kozłowski
Parents' names – Stefan Wiesława
Date and place of birth – 2 April 1989, Ciechanów
Place of residence - 06-415 Czernice Borowe, Pawłowo – Poręba 1
Occupation – blue collar worker
Education – junior high school
Sentenced for false testimony - no
Relationship to the parties – not related



I hereby declare as follows: I was presented with demonstrative table with images of four men numbered 1 to 4. The man, whose image is marked with the number two is Dawid Woźniak. I recognize him by the appearance of the face. He has a characteristic face, we have known each other since childhood, and I've seen him in primary school. I have no doubts that it is him. He has not changed much since I last saw him. We maintained contacts. On the day of the incident I went along with him to Grudusk. Dawid Woźniak took out of my car a big stick and went somewhere. I guess Szymanski went after him. I have not seen Dawid Woźniak hitting other persons with the club. Dawid came to my car. He probably had that club. He did not tell me what happened. I remember that he was under the influence of alcohol. Earlier I saw him drinking vodka. I last saw Dawid Woźniak on the second day after the incident, when the police apprehended us.

Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)

Mariusz Kozłowski
(signature of the witness)

The presentation was completed at 10:20
The report was read.

Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)

Mariusz Kozłowski
(signature of the witness)



EXT_WOZNIAK_0102

*Document executed on 2 pages both bearing the following stamps:*
*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Clerk
Prokuratura Okręgowa [Circle Prosecution Office]
in Płock
Justyna Mitura-Lisiewicz
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* Prokuratura Okręgowa [Circle Prosecution Office] in Płock

*Oblong stamp:*
COPY

File no.: Ds. 207/14/Sp

## RECORD OF PRESENTATION

Ciechanów, 4 February 2014 at 10:45

Bogusław Wasilewski – prosecutor in Prokuratura Rejonowa [District Prosecution Office] in Ciechanów
with participation of the clerk – none – I made the record personally
pursuant to Article 143 paragraph 1 point 5 with application of Article 173 paragraph 1, 173 paragraph 2 of the Code of Criminal Procedure presented to the witness the images of the demonstrative table on page 917 of the case files, for recognition purposes.

The witness was advised about criminal liability for false testimony (Article 233 of the Criminal Code), and by placement of his/her signature the witness confirmed that he/she was advised about such liability (Article 190 of the Code of Criminal Procedure).

Włodzimierz Woźniak
(signature of the witness)

Then the witness, whose identity has been established pursuant to ID document ANA476350 – testified as follows:
Full name – Włodzimierz Woźniak
Parents' names – Romuald Jadwiga
Date and place of birth – 2 March 1965, Przasnysz
Place of residence - 06-415 Czernice Borowe, Pawłowo Kościelne 20
Occupation – farmer
Education – secondary
Sentenced for false testimony - no
Relationship to the parties – uncle of Dawid Woźniak



EXT_WOZNIAK_0101

I hereby declare as follows: I was presented with demonstrative table with images of four men numbered 1 to 4. The man, whose image is marked with the number two is Dawid Woźniak. I last saw him before he messed up in Grudusk, I mean the battery of a man in Grudusk. I recognize his face, the whole image. He had one eye a little smaller from his birth. I think it was the left eye. I've known him since childhood. He lived in the same village, about half a kilometer from my house. I met him two or three times a week. He came to me. I have no doubt that on the photocopy of photograph number 2 is Dawid Woźniak. I do not have his picture. I did not see this incident, in which Dawid Woźniak was involved. I know as much as all the inhabitants of Pawłów, it is that Dawid Woźniak battered the boy who died, and it was on Christmas Eve of 24/25 December 2007, but I do not remember the year exactly.


Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)


                                             Wiesław Woźniak
                                             (signature of the witness)


The presentation was completed at 11:00
The report was read.


Prosecutor
Prokuratura Rejonowa [District Prosecution Office]
Bogusław Wasilewski
(illegible signature)


                                             Wiesław Woźniak
                                             (signature of the witness)



EXT_WOZNIAK_0106

*Handwritten heading:*
Demonstrative table no. 1

*four pictures of males, numbered 1-4*

*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Clerk
Prokuratura Okręgowa [Circle Prosecution Office]
in Płock
Justyna Mitura-Lisiewicz
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription*: Prokuratura Okręgowa [Circle Prosecution Office] in Płock

*Overleaf:*
*Handwritten note:*
1) Dawid Skrzypiński, address: Marusy 23, Gmina Sońsk
2) Dawid Woźniak, residing in the US
3) Emil Cylke, address: Ciechanów, ul. 17 Stycznia 23/1A
4) Piotr Nazarenko, address: Targonie 46, Gmina Regimin

*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Clerk
Prokuratura Okręgowa [Circle Prosecution Office]
in Płock
Justyna Mitura-Lisiewicz
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription*: Prokuratura Okręgowa [Circle Prosecution Office] in Płock

***Rep. No. 122/14***

*I, the undersigned dr. Marek Kamiński, sworn translator of the English language, recorded on the list of sworn translators of the Minister of Justice under No. TP/2022/05, do hereby certify that the foregoing translation is in conformity with the original document in Polish.*

*Warsaw, 10 March 2014*

EXT_WOZNIAK_0108

REPUBLIC OF POLAND
NATIONAL PROSECUTOR'S OFFICE
**BUREAU OF INTERNATIONAL COOPERATION**
26/30 Rakowiecka Street, 02-528 Warsaw
e-mail: sekretariat.bwm@pk.gov.pl
fax: + 48 22 125-14-22

Warsaw, *14 August*, 2018

**Our Ref. No.: PK V Oz.w 1125.2016**

**Your Ref. No.: 95-100-21484**

> **David Silverbrand**
> **Trial Attorney**
> **U. S. Department of Justice**
> **Office of International Affairs**
> **Criminal Division**
> **1301 New York Avenue, N.W.**
> **WASHINGTON  D.C. 20530**
>
> **e-mail: David.Silverbrand@usdoj.gov**

In reference to the previous correspondence (your last e-mail dated 12 July 2018) regarding the  request issued by the Circle Prosecutor in Płock for extradition of Polish citizen DAVID TOMASZ WOŹNIAK, please find enclosed a supplementary information dated 27 July 2018, together with its translation.

Sincerely yours,

Director of Bureau
of International Cooperation

Marcin Szumlacher

**PROKURATURA OKRĘGOWA**
**W PŁOCKU**
09-404 Płock
Plac Obrońców Warszawy 8
tel. 24 267 45 60  fax 24 267 45 80

Płock, dnia ⟨21⟩ lipca 2018 roku

**I Oz 8/10/C**
**dotyczy: 95-100-21484**

### Informacja uzupełniająca
### do wniosku Prokuratora Okręgowego w Płocku o tymczasowe aresztowanie
### i ekstradycję Dawida Tomasza Woźniaka

W nawiązaniu do pisma z dnia 15 grudnia 2017 roku, w uzupełnieniu wniosku o ekstradycję Dawida Tomasza Woźniaka (wasz numer referencyjny **95-100-21484**), uprzejmie informuję, iż zarzucane podejrzanemu Dawidowi Tomaszowi Woźniak przestępstwo z artykułu 156 paragraf 3 kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu karnego ulega przedawnieniu w dniu 26 grudnia 2027 roku.



**Prokurator Okręgowy**
**Przemysław Tarczyński**

Sworn translator of English and Russian
mgr Małgorzata Panasiuk

---

Certified translation from the Polish language

---

*Italics used for translator's comments.*

*National emblem of the Republic of Poland*
**CIRCUIT PROSECUTOR'S OFFICE**
*(Prokuratura Okręgowa)*
**IN PŁOCK**
09-404 Płock
Plac Obrońców Warszawy 8                     Płock, 27 July 2018
tel.: 24 267 45 60, fax: 24 267 45 80

I Oz 8/10/C

Regarding: 95-100-21484

### Supplementary Information to the request of the Circuit Prosecutor for Plock for temporary detention and extradition of Dawid Tomasz Woźniak

In reference to your letter dated 15 December 2017, in supplementation of our request for extradition of Dawid Tomasz Woźniak (your reference number 95-100-21484), please be advised that Dawid Tomasz Woźniak is suspected of having committed a crime under Article 156 Section 3 of the Criminal Code in relation to Article 10 Section 2 of the Criminal Code. The crime in question is due to become statute barred on 26 December 2027.

*Round stamp with the national emblem of the Republic of Poland in the centre and the following circumscription:* Circuit Prosecutor's Office in Płock *1*

Circuit Prosecutor
Przemysław Tarczyński
*(-) illegible signature*

---

Rep. No. 2335/2018
Lipsk, 9 August 2018
I, Małgorzata Panasiuk, a sworn translator of the English and Russian languages, recorded on the list of sworn translators kept by Minister of Justice under No. TP/4455/05, do hereby certify and attest that the foregoing is a true and accurate translation of the original document presented to me.

*Certified translation from Polish*

EXT_WOZNIAK_0111

REPUBLIC OF POLAND

NATIONAL PROSECUTOR'S OFFICE

**BUREAU OF INTERNATIONAL COOPERATION**

26/30 Rakowiecka Street, 02-528 Warsaw

e-mail: sekretariat.bwm@pk.gov.pl

fax: + 48 22 125-14-22

Warsaw, 12 February 2019

**Our Ref. No.: PK V Oz.w 1125.2016**

**Your Ref. No.: 95-100-21484**

> **U. S. Department of Justice**
>
> **Office of International Affairs**
>
> **Criminal Division**
>
> **1301 New York Avenue, N.W.**
>
> **WASHINGTON  D.C. 20530**

**e-mail: David.Silverbrand@usdoj.gov**

In reference to the previous correspondence (your last e-mail dated 12 July 2018) regarding the  request issued by the Circle Prosecutor in Płock for extradition of Polish citizen DAVID TOMASZ WOŹNIAK, please find enclosed a supplementary information dated 31 January 2018, together with its translation.

Sincerely yours,

Deputy Director of Bureau
of International Cooperation

Beata Hlawacz



**PROKURATURA OKRĘGOWA**
**Plac Obrońców Warszawy 8**
**09-404 Płock**
**tel. 242674560 fax 242674580**
e-mail – prokuratura@plock.po.gov.pl

Płock, dnia 3/ stycznia 2019 roku

I Oz 8/10/C
Dotyczy: **95-100-21484**

**Informacja uzupełniająca**

**do wniosku Prokuratora Okręgowego w Płocku o tymczasowe aresztowanie i ekstradycję Dawida Tomasza Woźniaka**

W nawiązaniu do pisma z dnia 22 stycznia  2019 roku, w uzupełnieniu wniosku o ekstradycję Dawida Tomasza Woźniaka (wasz  numer referencyjny **95-100-21484**), uprzejmie informuję, iż ekstradycja dotyczy wszystkich zarzucanych podejrzanemu Dawidowi Tomaszowi Woźniak przestępstw, to jest przestępstw z artykułu 156 paragraf 3 kodeksu karnego i artykułu 159 kodeksu karnego w związku z artykułem 11  paragraf 2  kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu karnego.

Zarzucane podejrzanemu Dawidowi Tomaszowi Woźniak przestępstwa  z artykułu 156 paragraf 3 kodeksu karnego i artykułu 159 kodeksu karnego w związku z artykułem 11  paragraf 2  kodeksu karnego w związku z artykułem 10 paragraf 2 kodeksu karnego ulegają przedawnieniu w dniu 26 grudnia 2027 roku.

Prokurator Okręgowy
Przemysław Tarczyński

Certified translation from the Polish language

/national emblem of the Republic of Poland/

Płock, 31st January 2019

**CIRCUIT PROSECUTOR'S OFFICE**
**Plac Obrońców Warszawy 8**
**09-404 Płock**
**tel. 242674560 fax 242674580**
email: prokuratura@plock.po.gov.pl

Our reference: I Oz 8/10/C
    re **95-100-21484**

### Supplementary information
**to the request from the Circuit Prosecutor in Plock for provisional arrest and extradition of Dawid Tomasz Woźniak**

With reference to the letter of 22nd January 2019 and as a supplementation of the request for extradition of Dawid Tomasz Woźniak (your reference **95-100-21484**), please be advised that the extradition concerns all the crimes with which suspect Dawid Tomasz Woźniak has been charged, i.e. the crimes under article 156, section 3 of the Polish Penal Code and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code in conjunction with article 10, section 2 of the Polish Penal Code.

The statutes of limitation with regard to the crimes under article 156, section 3 of the Polish Penal Code and article 159 of the Polish Penal Code in conjunction with article 11, section 2 of the Polish Penal Code in conjunction with article 10, section 2 of the Polish Penal Code with which suspect Dawid Tomasz Woźniak has been charged will take effect on 26th December 2027.

Circuit Prosecutor
Przemysław Tarczyński
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "Circuit Prosecutor's Office in Płock * 1*."

*Repertory No. 331/2019*
*I, the undersigned, Ryszard Pruszkowski, sworn translator of the English language entered on the list of sworn translators of the Minister of Justice, hereby certify that the above text is a true and complete translation of the original Polish document.*
*Warsaw, February 11, 2019*

REPUBLIC OF POLAND
NATIONAL PROSECUTOR'S OFFICE
**BUREAU OF INTERNATIONAL COOPERATION**
26/30 Rakowiecka Street, 02-528 Warsaw
e-mail: sekretariat.bwm@pk.gov.pl
fax: + 48 22 125-14-22

Warsaw, 08.10. 2019

Our Ref. No.: PK V Oz.w  1125.2016

Your Ref. No.:  95-100-21484

**U.S. Department of Justice**

**Criminal Division**

**Office of International Affairs**

**1301 New York Avenue, NW**

**Washington, DC 20530**

**USA**

**David.Silverbrand@usdoj.gov**

With reference to your   previous correspondence, concerning   the request for extradition of Polish citizen David Tomasz Woźniak, issued by Circuit Public Prosecutor in Płock   (Ref. No. I Oz 8/10/C), please find attached the supplementary document (decision on presentation of charges) in this case.

Sincerely yours,

Director of Bureau
of International Cooperation

Marcin Szumacher



ul. Stanisława Mikołajczyka 5
06-400 CIECHANÓW
tel. 23 672 46 ..., fax 23 672 22 52

Sygn. akt Ds 964/08/Sp

*18/*

## POSTANOWIENIE
o przedstawieniu zarzutów - ~~o uzupełnieniu - o zmianie postanowienia o przedstawieniu zarzutów *)~~

Ciechanów, dnia 29 kwietnia 2008r.

Bogusław Wasilewski – prokurator Prokuratury Rejonowej w Ciechanowie
uwzględniając dane zebrane ~~przeciwko~~ w sprawie przeciwko Dawidowi Woźniakowi
podejrzanemu o przestępstwo z art. 156§3 kk i inne

na podstawie art. ~~313 § 1 i 2 kpk~~ - 314 kpk *)

### postanowił :

- przedstawić  Dawidowi Woźniakowi zarzut (y), że :
        (imię i nazwisko podejrzanego)
- ~~uzupełnić - zmienić postanowienie o przedstawieniu zarzutów~~ ...............................
                                                                        (imię i nazwisko podejrzanego)
wydane w dniu .................. i przedstawić temu podejrzanemu zarzut, że :*)

I.    w dniu 24/25.12.2007r. w Grudusku działając wspólnie i w porozumieniu z osobą, co do
        której prowadzone jest odrębne postępowanie karne wziął udział w pobiciu Andrzeja
        Malinowskiego w ten sposób, że uderzał go drewniana pałką w głowę, zaś inna osoba
        uderzała podejrzanego rękami i kopała po całym ciele, czym spowodował obrażenia ciała
        Andrzeja Malinowskiego powodując jego śmierć w dniu 1.01.2008r.

        tj. o przestępstwo z art. 156 §3kk i art.159kk w zw. z art. 11§2kk w zw. z  art.10§2kk.



podpis prokuratora



Za zgodność
z oryginałem
świadczy........................

2

182

Treść postanowienia ogłoszono mi w dniu ........................, r. oraz pouczono o prawie żądania - do
czasu zawiadomienia mnie o terminie zaznajomienia z materiałami śledztwa - dochodzenia *) -
podania ustnych podstaw zarzutu (ów), a także sporządzenia uzasadnienia postanowienia na piśmie
(art. 313 § 3 kpk).

W związku z czym zgłaszam - nie zgłaszam *) takie ( go ) żądanie ( a ).


....................................................
( podpis podejrzanego )

Postanowienie z uzasadnieniem doręczono:
-   podejrzanemu (ej) *) dnia ..................... r.
-   jego obrońcy *) dnia ............................ r.
Uzasadnienie znajduje się na karcie ................................................. akt.


Zarządzenie:

Na podstawie  art. 21 § 2 kpk o wszczęciu postępowania przeciwko wymienionemu podejrzanemu
zawiadomić:

1. ..............................................................................................................................................
2. ..............................................................................................................................................


....................................................
(data i podpis)



Za zgodność
z oryginałem
PROKURATORY REJONOWEJ
świadczy ...............................
*Bogusław Wasilewski*



**Certified translation from Polish**

*Oblong stamp:*
Prokuratura Rejonowa [District Prosecutor's Office]
ul. Stanisława Mikołajczyka 6
06-400 CIECHANÓW
tel. 23 672 *illegible* fax 23 672 22 60

Reference number: Ds 964/08/Sp

DECISION
on presentation of charges ~~-supplementation~~ amendment to the decision on presentation of
~~charges*)~~

Ciechanów, 29 April 2008

Bogusław Wasilewski - Prosecutor Prokuratura Rejonowa [District Prosecutor's
Office] in Ciechanów
taking into account the information gathered ~~against~~ in the case against Dawid Woźniak
suspected of crime under Article 156 § 3 of the Criminal Code and others
pursuant to Article ~~313 § 1 i 2 of the Code of Criminal Procedure~~ - 314 of the Code of Criminal
Procedure*)

decided to

– present the following charges to Dawid Woźniak:
  (full name of the suspect)
– ~~supplement~~ amend the decision on presentation of charges to ................................................
  (full name of the suspect)
  issued on..................................and present to this suspect charge that:*)

I.    on 24/25.12.2007 in Grudusk, acting together and in cooperation with the person as to which
     there are separate criminal proceedings conducted, he participated in battery of Andrzej
     Malinowski in such way that he hit him on the head with a wooden bat while another person hit
     the victim by hands and kicked all over his body, which in consequence caused bodily injuries of
     Andrzej Malinowski and his death on 1.01.2008.

*Oblong stamp:*
Prosecutor
Prokuratura Rejonowa [Dstrict Prosecutor's Office]
Bogusław Wasilewski
*(-) illegible signature*

i.e. an offense under Article 156 § 3 of the Criminal Code in relation to Article 11 § 2 of the
Criminal Code in relation to Article 10 § 2 of the Criminal Code.

*Oblong stamp:*
Prosecutor
Prokuratura Rejonowa [Dstrict Prosecutor's Office]
Bogusław Wasilewski
*(-) illegible signature*
.........................................
(signature of the prosecutor)

EXT_WOZNIAK_0118

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription*: Prokuratura Rejonowa [Dstrict Prosecutor's Office] in Ciechanów *1*

*Oblong stamp:*
Duly authenticated

*Oblong stamp:*
Prosecutor
Prokuratura Rejonowa [Dstrict Prosecutor's Office]
Bogusław Wasilewski
(-) illegible signature

The decision was announced to me on ................................. and I was advised about my right – before I am informed about the date of the case files examination, to the verbal provision of the charges basis, and also preparation of such justification in writing (Article 313 § 3 of the Code of Criminal Procedure).
In consideration of the aforesaid I hereby request – do not request*) so.

........................................
(signature of the suspect)

The decision with the justification was served to:

- the suspect *) on ......................................
- the defense counsel *) on ........................
Justification on page .............. of the case files

Order
Pursuant to article 21 § 2 of the Code of Criminal Procedure notify about initiation of the proceedings against the abovementioned suspect:
1 ............................................................................................................................................................
2. ..........................................................................................................................  ............................................

........................
(date, signature)

*Oblong stamp:*
Prosecutor
Prokuratura Rejonowa [Dstrict Prosecutor's Office]
Bogusław Wasilewski
*(-) illegible signature*

---

**Rep. No. 831/19**

*I, the undersigned dr. Marek Kamiński, sworn translator of the English language, recorded on the list of sworn translators of the Minister of Justice under No. TP/2022/05, do hereby certify that the foregoing translation is in conformity with the original document in Polish.*

*Warsaw, 3 October 2019*



EXT_WOZNIAK_0119



EXT_WOZNIAK_0120

DISTRICT OF COLUMBIA, ss:

## DECLARATION OF TOM HEINEMANN

I, Tom Heinemann, declare and say as follows:

1. I am an Assistant Legal Adviser in the Office of the Legal Adviser for the Department of State, Washington, DC. This office has responsibility for extradition requests, and I am charged with the extradition case of Dawid Tomasz Woźniak, alias David Tomasz Woźniak. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. The relevant and applicable treaty provisions in full force and effect between the United States and Poland are found in the Extradition Treaty between the United States of America and the Republic of Poland signed July 10, 1996, and the Agreement between the United States of America and the Republic of Poland on the application of the Extradition Treaty between the United States of America and the Republic of Poland signed July 10, 1996, pursuant to Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed at Washington June 25, 2003 (the "Agreement"), with Annex, signed June 9, 2006. The Annex to the Agreement (the "Annex") reflects the integrated text of the provisions of the 1996 U.S.-Poland Extradition Treaty and the U.S.-EU Extradition Agreement. A copy of the Agreement and Annex are attached to this declaration.

3. In accordance with the provisions of the Annex, the Embassy of Poland has submitted Diplomatic Note No. 35-16-11, dated September 1, 2011, formally requesting the extradition of Dawid Tomasz Woźniak, supplemented by letters from the Ministry of Justice of Poland to the

United States Department of Justice dated March 20, 2014, August 14, 2018, and October 8, 2019. Copies of the diplomatic note and letters are attached to this declaration.

4.  In accordance with Article 22 of the Annex, the Government of the United States of America provides legal representation in U.S. courts for the Government of Poland in its extradition requests, and the Government of Poland provides legal representation in its courts for extradition requests made by the United States.

5.  The offense for which extradition is sought is covered under Article 2 of the Annex.

6.  Under Article 10 of the Annex, documents that bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs, of the requesting state are admissible in extradition proceedings without further certification, authentication or other legalization.  Such documents satisfy the authentication requirements of Article 10 without the need for certification by the U.S. Embassy in Warsaw.  Poland, in submitting documents in the instant case that bear the certificate or seal of the Ministry of Justice, has complied with the authentication requirements of Article 10.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 19th, 2020.


_____
TOM HEINEMANN


Attachments:
1.  Copy of Note and Letters
2.  Copy of Agreement with Annex

L.A.L.I
DEPARTMENT OF STATE

2011 SEP 19 A 11: 25

No 35-16-11

        The Embassy of the Republic of Poland presents its compliments to the United States Department of State and in accordance with the Treaty of Extradition between the Republic of Poland and the United States of America has the honor to request the extradition of Dawid Tomasz Woźniak, born on May 13, 1991 in Ciechanów, Poland. He is suspected of the crime of assault with bodily injury resulted in death of another person committed in Poland.

        The offense Dawid Tomasz Woźniak is suspected of corresponds with article 2 of the Treaty of Extradition between the Republic of Poland and the United States of America.

        The Minister of Justice of the Republic of Poland issued the extradition request.

        The Embassy of the Republic of Poland avails itself of this opportunity to renew to the United States Department of State the assurances of its highest consideration.

        Enclosures: Documents supporting the extradition request.



U.S. Department of State

<u>Washington, D. C.</u>

Washington, DC, September 1, 2011





**MINISTERSTWO SPRAWIEDLIWOŚCI**
Departament Współpracy Międzynarodowej
i Praw Człowieka
00 - 950 Warszawa, Al. Ujazdowskie 11
Tel/fax: (+ 48 22) 6280949

DWMPC II 073 - 105 / 14 / 3
PG V Oz 3935 / 10 / E
Please quote our ref. when responding

Warszawa, March 20, 2014

U.S. Department of Justice
Criminal Division
Office of International Affairs
1301 New York Avenue NW
Washington, DC 20530

Extradition Treaty between the Republic of Poland and the United States of America signed in Washington on July 10, 1996.
Extradition of a Polish citizen Dawid Tomasz WOŹNIAK from the United States to Poland
Your reference 95 -100 - 21484

Dear Ms. Warlow,

With reference to the request of the District Public Prosecutor's Office in Płock for extradition from the United States of a Polish citizen Dawid Tomasz WOŹNIAK, the Ministry of Justice of the Republic of Poland – acting as an executive authority pursuant to Article 25 of the Treaty - kindly sends enclosed the additional documents prepared by the requesting authority, which were requested in your aforementioned letter. The documents have been authorised by the Polish Ministry of Justice according to the aforementioned Extradition Treaty.

Sincerely yours,

Head of Division
Katarzyna Biernacka

**Cc:**
General Prosecutor's Office
Department of International Cooperation
Ref. PG V Oz 3935 / 10 / E

EXT_WOZNIAK_0124



REPUBLIC OF POLAND
NATIONAL PROSECUTOR'S OFFICE
**BUREAU OF INTERNATIONAL COOPERATION**
26/30 Rakowiecka Street, 02-528 Warsaw
e-mail: sekretariat.bwm@pk.gov.pl
fax: + 48 22 125-14-22

RECEIVED
OFFICE OF
INTERNATIONAL AFFAIRS

2018 SEP 24  PM 3: 26

CRIMINAL DIVISION

Warsaw, *14 August*, 2018

**Our Ref. No.: PK V Oz.w 1125.2016**

**Your Ref. No.: 95-100-21484**

> **David Silverbrand**
>
> **Trial Attorney**
>
> **U. S. Department of Justice**
>
> **Office of International Affairs**
>
> **Criminal Division**
>
> **1301 New York Avenue, N.W.**
>
> **WASHINGTON D.C. 20530**
>
> **e-mail: David.Silverbrand@usdoj.gov**

In reference to the previous correspondence (your last e-mail dated 12 July 2018) regarding the request issued by the Circle Prosecutor in Płock for extradition of Polish citizen DAVID TOMASZ WOŹNIAK, please find enclosed a supplementary information dated 27 July 2018, together with its translation.

Sincerely yours,

 

Director of Bureau
of International Cooperation

Marcin Szumlacher

EXT_WOZNIAK_0125

RECEIVED
OFFICE OF
INTERNATIONAL AFFAIRS
Warsaw 2019 NOV -8 PM 2006

CRIMINAL DIVISION

REPUBLIC OF POLAND
NATIONAL PROSECUTOR'S OFFICE
BUREAU OF INTERNATIONAL COOPERATION
26/30 Rakowiecka Street, 02-528 Warsaw
e-mail: sekretariat.bwm@pk.gov.pl
fax: + 48 22 125-14-22

Our Ref. No.: PK V Oz.w 1125.2016
Your Ref. No.: 95-100-21484

U.S. Department of Justice
Criminal Division
Office of International Affairs
1301 New York Avenue, NW
Washington, DC 20530
USA
David.Silverbrand@usdoj.gov

    With reference to your previous correspondence, concerning the request for extradition of Polish citizen David Tomasz Woźniak, issued by Circuit Public Prosecutor in Płock (Ref. No. I Oz 8/10/C), please find attached the supplementary document (decision on presentation of charges) in this case.

Sincerely yours,

Director of Bureau
of International Cooperation

Marcin Szumacher





TREATIES AND OTHER INTERNATIONAL ACTS SERIES 10-201.17

# EXTRADITION

**Agreement Amending the**
**Treaty of July 10, 1996**
**Between the**
**UNITED STATES OF AMERICA**
**and POLAND**

Signed at Warsaw June 9, 2006

*with*

Annex



NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89—497, approved July 8, 1966
(80 Stat. 271; 1 U.S.C. 113)—

". . .the Treaties and Other International Acts Series issued
under the authority of the Secretary of State shall be competent
evidence . . . of the treaties, international agreements other than
treaties, and proclamations by the President of such treaties and
international agreements other than treaties, as the case may be,
therein contained, in all the courts of law and equity and of maritime
jurisdiction, and in all the tribunals and public offices of the
United States, and of the several States, without any further proof
or authentication thereof."

EXT_WOZNIAK_0128

# POLAND

## Extradition

*Agreement amending the treaty of July 10, 1996.*
*Signed at Warsaw June 9, 2006;*
*Transmitted by the President of the United States of America*
*to the Senate September 28, 2006 (Treaty Doc. 109-14,*
*109th Congress, 2d Session);*
*Reported favorably by the Senate Committee on Foreign Relations*
*July 29, 2008 (Senate Executive Report No. 110-12,*
*110th Congress, 2d Session);*
*Advice and consent to ratification by the Senate*
*September 23, 2008;*
*Ratified by the President December 11, 2008;*
*Exchange of Instruments of Ratification at*
*Warsaw June 1, 2009;*
*Entered into force February 1, 2010.*
*With annex.*

EXT_WOZNIAK_0129

**Agreement between the United States of America and the Republic of Poland
on the application of the Extradition Treaty between the United States
of America and the Republic of Poland signed 10 July 1996, pursuant to
Article 3(2) of the Agreement on Extradition between the United States
of America and the European Union signed at Washington 25 June 2003**

The United States of America and the Republic of Poland (the "Contracting States" referred to in the Annex to this Agreement),

In view of Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed at Washington 25 June 2003,

Have agreed as follows:

## Article 1

As contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed at Washington 25 June 2003 (hereafter "the U.S.-EU Extradition Agreement"), the United States of America and the Republic of Poland acknowledge that, in accordance with the provisions of this Agreement, the bilateral Extradition Treaty between the United States of America and the Republic of Poland signed at Washington on 10 July 1996 (hereafter "the U.S.-Poland Extradition Treaty") is applied in relation to the U.S.-EU Extradition Agreement, under the following terms:

(a)     Article 6 of the Annex to this Agreement shall be applied in place of Article 6 of the U.S.-Poland Extradition Treaty, pursuant to Article 13 of the U.S.-EU Extradition Agreement;

(b)     Article 9(1) of the Annex to this Agreement shall be applied in place of Article 9(1) of the U.S.-Poland Extradition Treaty, pursuant to Article 5(1) of the U.S.-EU Extradition Agreement;

(c)     Article 9 bis of the Annex to this Agreement shall be applied to supplement the provisions of the U.S.-Poland Extradition Treaty, pursuant to Article 14 of the U.S.-EU Extradition Agreement;

(d)     Article 10 of the Annex to this Agreement shall be applied in place of Article 10 of the U.S.-Poland Extradition Treaty, pursuant to Article 5(2) of the U.S.-EU Extradition Agreement;

(e)     Article 12(4) of the Annex to this Agreement shall be applied to supplement the provisions of the U.S.-Poland Extradition Treaty, pursuant to Articles 5(1) and 7(1) of the U.S.-EU Extradition Agreement; the previous Article 12(4) and 12(5) shall be renumbered as Articles 12(5) and 12(6) respectively;

1

(f)     Article 17 of the Annex to this Agreement shall be applied in place of Article 17 of the U.S.-Poland Extradition Treaty, pursuant to Article 10 of the U.S.-EU Extradition Agreement;

(g)     In view of Articles 3 and 5 of this Agreement, Articles 24 and 26 of the U.S.-Poland Extradition Treaty shall be deleted. Accordingly, Article 25 of the U.S.-Poland Extradition Treaty shall be renumbered as Article 24 of the Annex, and Article 27 of the U.S.-Poland Extradition Treaty shall be renumbered as Article 25 of the Annex.

## Article 2

The Annex reflects the integrated text of the provisions of the U.S.-Poland Extradition Treaty and the U.S.-EU Extradition Agreement as a result of Article 1 of this Agreement. This integrated text shall apply upon entry into force of this Agreement.

## Article 3

In accordance with Article 16 of the U.S.-EU Extradition Agreement, this Agreement shall apply to offenses committed before as well as after it enters into force.

## Article 4

This Agreement shall not apply to requests made prior to its entry into force.

## Article 5

1.     This Agreement shall be subject to ratification and the instruments of ratification shall be exchanged as soon as possible. This Agreement shall enter into force on the date of entry into force of the U.S.-EU Extradition Agreement.

2.     In the event of termination of the U.S.-EU Extradition Agreement, this Agreement shall be terminated as of the date of termination of the U.S.-EU Extradition Agreement, and the U.S.-Poland Extradition Treaty shall be applied instead. The United States of America and the Republic of Poland nevertheless may agree to continue to apply some or all of the provisions of this Agreement.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Agreement.

DONE at Warsaw this 9th day of June , 2006, in duplicate, in the English and Polish languages, both texts being equally authentic.

FOR THE GOVERNMENT OF THE              FOR THE GOVERNMENT OF THE
UNITED STATES OF AMERICA:               REPUBLIC OF POLAND:

2

ANNEX

EXTRADITION TREATY BETWEEN THE UNITED STATES OF AMERICA AND
THE REPUBLIC OF POLAND

### Article 1
### Obligation to Extradite

The Contracting States agree to extradite to each other, pursuant to the provisions
of this Treaty, persons whom the authorities in the Requesting State seek for
prosecution or have found guilty of an extraditable offense.

### Article 2
### Extraditable Offenses

1. An offense shall be an extraditable offense if it is punishable under the laws in
both Contracting States by deprivation of liberty for a maximum period of more than
one year or by a more severe penalty.

2. An offense shall also be an extraditable offense if it consists of an attempt to
commit, or participation in the commission of, an offense described in paragraph 1 of
this Article. Any type of association to commit offenses described in paragraph 1 of this
Article, as provided by the laws of Poland, and conspiracy to commit an offense
described in paragraph 1 of this Article, as provided by the laws of the United States,
shall also be extraditable offenses.

3. For the purposes of this Article, an offense shall be an extraditable offense:

(a)   whether or not the laws in the Contracting States place the offense within the
same category of offenses or describe the offense by the same terminology; or

(b)   whether or not the offense is one for which United States federal law requires
the showing of such matters as interstate transportation, or use of the mails or
of other facilities affecting interstate or foreign commerce, such matters being
merely for the purpose of establishing jurisdiction in a United States federal
court.

4. If the offense has been committed outside the territory of the Requesting State,
extradition shall be granted if the laws in the Requested State provide for the
punishment of an offense committed outside its territory in similar circumstances. If the
laws in the Requested State do not so provide, the executive authority of the Requested
State may, in its discretion, grant extradition.

5. If extradition has been granted for an extraditable offense, it shall also be granted
for any other offense specified in the request, even if the latter offense is punishable by

3

deprivation of liberty for one year or less, provided that all other requirements for extradition are met.

## Article 3
### Fiscal Offenses

An offense shall also be an extraditable offense if it consists of an offense in connection with taxes, duties, international transfers of funds, and importation, exportation, and transit of goods, even if the law of the Requested State does not require the same type of fee or tax or does not regulate fees, taxes, duties, transit of goods, and currency transactions in the same manner as the laws of the Requesting State.

## Article 4
### Nationality

1. Neither Contracting State shall be bound to extradite its own nationals, but the Executive Authority of the Requested State shall have the power to extradite such persons if, in its discretion, it be deemed proper and possible to do so.

2. If extradition is refused solely on the basis of the nationality of the person sought, the Requested State shall, at the request of the Requesting State, submit the case to its competent authorities for a decision as to prosecution.

## Article 5
### Political and Military Offenses

1. Extradition shall not be granted if the offense for which extradition is requested is an offense of a political character.

2. For the purposes of this Treaty, the following offenses shall not be considered to be of a political character:

    (a)  murder or any other offense against the person of a Head of State of one of the Contracting States, or of a member of the Head of State's family;

    (b)  an offense for which both Contracting States have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution; and

    (c)  murder, manslaughter, malicious wounding, or inflicting grievous bodily harm or other grievous injury to health;

    (d)  an offense involving kidnapping, abduction, or any form of unlawful detention, including the taking of a hostage;

4

(e) placing or using an explosive, incendiary or destructive device capable of endangering life, of causing substantial bodily harm, or of causing substantial property damage; and,

(f) an attempt to commit, or participation in the commission of, any of the foregoing offenses, as well as an association to commit these offenses as provided by the laws of Poland, or conspiracy to commit these offenses as provided by the laws of the United States.

3. Notwithstanding paragraph 2 of this Article, extradition shall not be granted if the executive authority of the Requested State determines that the request was politically motivated.

4. The executive authority of the Requested State may refuse extradition for offenses under military law which are not offenses under ordinary criminal law.

## Article 6
## Capital Punishment

Where the offense for which extradition is sought is punishable by death under the laws in the Requesting State and not punishable by death under the laws in the Requested State, the Requested State may grant extradition on the condition that the death penalty shall not be imposed on the person sought, or if for procedural reasons such condition cannot be complied with by the Requesting State, on condition that the death penalty if imposed shall not be carried out. If the Requesting State accepts extradition subject to conditions pursuant to this Article, it shall comply with the conditions. If the Requesting State does not accept the conditions, the request for extradition may be denied.

## Article 7
## Prior Prosecution

1. Extradition shall not be granted when the person sought has been convicted or acquitted with final and binding effect in the Requested State for the offense for which extradition is requested.

2. Extradition shall not be precluded by the fact that the competent authorities in the Requested State have decided either:

(a) not to prosecute the person sought for the acts for which extradition is requested; or

(b) to discontinue any criminal proceedings which have been instituted against the person sought for those acts.

5

## Article 8
### Lapse of Time

Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the law of the Requesting State.

## Article 9
### Extradition Procedures and Required Documents

1. Requests for extradition and supporting documents shall be transmitted through the diplomatic channel.

2. A request for extradition shall be supported by:

(a) documents, statements, or other types of information which describe the identity, nationality, and probable location of the person sought;

(b) information describing the facts of the offense and the procedural history of the case;

(c) the text of the law describing the essential elements of the offense for which extradition is requested;

(d) the text of the law prescribing the punishment for the offense;

(e) a statement of the provisions of law describing any time limit on the prosecution or enforcement of the penalty for the offense for which extradition has been sought; and

(f) the documents, statements, or other types of information specified in paragraph 3 or paragraph 4 of this Article, as applicable.

3. A request for extradition of a person who is sought for prosecution shall also be supported by:

(a) a copy of the warrant or order of arrest, if any, issued by a judge or other competent authority;

(b) a copy of the charging document, if any; and

(c) such information as would justify the committal for trial of the person if the offense had been committed in the Requested State.

6

4. A request for extradition relating to a person who has been found guilty of the offense for which extradition is sought shall also be supported by:

   (a) a copy of the warrant or order of arrest, if any, issued by a judge or other competent authority;

   (b) a copy of the judgment of conviction or, if such copy is not available, a statement by a judicial authority that the person has been found guilty;

   (c) information establishing that the person sought is the person to whom the finding of guilt refers;

   (d) a copy of the sentence imposed, if the person sought has been sentenced, and a statement establishing to what extent the sentence has been carried out; and

   (e) in the case of a person who has been convicted in absentia, the documents required in paragraph 3.

### Article 9 bis
### Sensitive Information in a Request

Where the Requesting State contemplates the submission of particularly sensitive information in support of its request for extradition, it may consult the Requested State to determine the extent to which the information can be protected by the Requested State. If the Requested State cannot protect the information in the manner sought by the Requesting State, the Requesting State shall determine whether the information shall nonetheless be submitted.

### Article 10
### Admissibility of Documents

Documents that bear the certificate or seal of the Ministry or Department of Justice, or Ministry or Department responsible for foreign affairs, of the Requesting State shall be admissible in extradition proceedings in the Requested State without further certification, authentication, or other legalization.

### Article 11
### Translation

All documents submitted by the Requesting State shall be translated into the language of the Requested State.

7

Article 12
Provisional Arrest

1. In case of urgency, a Contracting State may apply for the provisional arrest of the person sought before the request for extradition is submitted. An application for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Justice of the Republic of Poland. The facilities of the International Criminal Police Organization (INTERPOL) may be used to transmit such a request.

2. The application for provisional arrest shall contain:

(a)  a description of the person sought and information concerning the person's nationality;

(b)  the location of the person sought, if known;

(c)  a brief statement of the facts of the case, including, if possible, the time and location of the offense;

(d)  a description of the laws violated;

(e)  a statement of the existence of either:

   (i)  a warrant of arrest for a person sought for prosecution or already found guilty but not yet sentenced, or

   (ii) a judgment of conviction against a person sought for the enforcement of a sentence; and

(f)  a statement that a request for extradition for the person sought will follow.

3. The Requesting State shall be notified without delay of the disposition of its application and the reasons for any denial.

4.  If the person whose extradition is sought is held under provisional arrest by the Requested State, the Requesting State may satisfy its obligation to transmit its request for extradition and supporting documents through the diplomatic channel pursuant to Article 9, by submitting the request and documents to the Embassy of the Requested State located in the Requesting State.  In that case, the date of receipt by the Embassy shall be considered to be the date of receipt by the Requested State for purposes of applying the time limit that must be met under paragraph 5 of this Article in order to enable the person's continued detention.

8

5. A person who is provisionally arrested shall be discharged from custody upon the expiration of sixty (60) days from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the formal request for extradition and the supporting documents required in Article 9.

6. The fact that the person sought has been discharged from custody pursuant to paragraph (5) of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date.

## Article 13
### Additional Information

If the Requested State considers that the information furnished in support of a request for extradition is not sufficient to fulfill the requirements of this Treaty, that State may request that additional information be furnished within such a reasonable length of time as it specifies. Such additional information may be requested and furnished directly between the United States Department of Justice and the Ministry of Justice of Poland or through the diplomatic channel.

## Article 14
### Decision and Surrender

1. The Requested State shall promptly notify the Requesting State of its decision on the request for extradition.

2. If the request is denied in whole or in part, the Requested State shall provide an explanation of the reasons for the denial. The Requested State shall provide copies of pertinent judicial decisions upon request.

3. If the request for extradition is granted, the authorities of the Contracting States shall agree on the time and place for the surrender of the person sought.

4. Surrender of the person sought shall take place within such time as may be prescribed by the laws of the Requested State. If the law of the Requested State does not provide a specific time for surrender, it shall take place within thirty (30) days from the date on which the Requesting State is notified of the decision to extradite.

5. If the person sought is not removed from the territory of the Requested State within the time required under paragraph (4), he may be set at liberty. The Requested State may subsequently refuse to extradite the person sought for the same offense.

9

6. If circumstances beyond its control prevent a Contracting State from timely surrendering or taking delivery of the person to be extradited, it shall notify the other Contracting State before the expiration of the time limit. In such a case the competent authorities of the Contracting States may agree upon a new date for the surrender.

## Article 15
### Convictions in Absentia

If a Contracting State has applied to the other State for extradition of a person convicted in absentia, the executive authority of the Requested State may refuse to surrender the person if it deems that the proceedings in absentia did not ensure the minimum right to defense to which the person charged is entitled. Extradition may be effected, however, if the Requesting State guarantees, in a manner deemed adequate, that the case against the person whose extradition is requested will be reopened, with guaranteed right of defense.

## Article 16
### Temporary and Deferred Surrender

1. If the extradition request is granted in the case of a person who is being prosecuted for an offense other than that for which extradition is sought or is serving a sentence in the territory of the Requested State for an offense other than that for which extradition is sought, the Requested State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution. The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by agreement of the Contracting States.

2. The Requested State may postpone the extradition proceedings against a person who is being prosecuted for the same offense for which that person is sought or any other offense, or who is serving a sentence in that State for an offense other than that for which extradition is sought. The postponement shall continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.

## Article 17
### Requests for Extradition or Surrender Made by Several States

1. If the Requested State receives requests from the Requesting State and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the executive authority of the Requested State shall determine to which State, if any, it will surrender the person.

10

2.If the Republic of Poland receives an extradition request from the United States of America and a request for surrender pursuant to the European arrest warrant for the same person, either for the same offense or for different offenses, its executive authority shall determine to which State, if any, it will surrender the person.

3.In making its decision under paragraphs 1 and 2 of this Article, the Requested State shall consider all of the relevant factors, including, but not limited to, the following:

(a)     whether the requests were made pursuant to a treaty;
(b)     the places where each of the offenses was committed;
(c)     the respective interests of the requesting States;
(d)     the seriousness of the offenses;
(e)     the nationality of the victim;
(f)     the possibility of any subsequent extradition between the requesting States; and
(g)     the chronological order in which the requests were received from the requesting States.

## Article 18
### Seizure and Surrender of Property

1. To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all articles, documents, and evidence connected with the offense in respect of which extradition is granted. The items mentioned in this Article may be surrendered, to the extent permitted under the law of the Requested State, even when extradition cannot be effected due to the death, disappearance, or escape of the person sought.

2. The Requested State may condition the surrender of the property upon satisfactory assurances from the Requesting State that the property will be returned to the Requested State as soon as practicable. The Requested State may also defer the surrender of such property if it is needed as evidence in the Requested State.

3. The rights of third parties in such property shall be duly respected.

## Article 19
### Rule of Speciality

1. A person extradited under this Treaty may not be detained, prosecuted, sentenced, or punished in the Requesting State except for:

(a) an offense for which extradition has been granted or a differently denominated offense based on the same facts on which extradition was granted, provided such offense is extraditable or is a lesser form of such offense;

11

(b) an offense committed after the extradition of the person; or

(c) an offense for which the executive authority of the Requested State has consented to the person's detention, prosecution, sentencing, or punishment. For the purpose of this subparagraph:

    (i) the Requested State may require the submission of the documents specified in Article 9; and

    (ii) unless the Requested State objects in writing, the person extradited may be detained by the Requesting State for ninety (90) days, or for such longer period of time as the Requested State may authorize, while the request is being processed.

2.   A person extradited under this Treaty may not be extradited to a third State for an offense committed prior to the surrender unless the surrendering State consents.

3.   Paragraphs 1 and 2 of this Article shall not prevent the detention, prosecution, sentencing, or punishment of an extradited person, or the extradition of that person to a third State, if:

(a) that person leaves the territory of the Requesting State after extradition and voluntarily returns to it; or

(b) that person does not leave the territory of the Requesting State within thirty (30) days of the day on which that person is free to leave.

### Article 20
### Simplified Extradition

If the extradition of a person sought to the Requesting State is not obviously precluded by the laws of the Requested State and provided the person sought irrevocably agrees in writing to his extradition after personally being advised by a judge or competent magistrate of his rights to formal extradition proceedings and the protection afforded by them that he would lose, the Requested State may surrender the person sought without a formal extradition proceeding having taken place. In this case Article 19 shall not be applicable.

### Article 21
### Transit

1. Either Contracting State may authorize transportation through its territory of a person surrendered to the other State by a third State. A request for transit shall be made through the diplomatic channel or directly between the United States Department of

12

Justice and the Ministry of Justice of the Republic of Poland. The facilities of the International Criminal Police Organization (INTERPOL) may be used to transmit such a request. It shall contain a description of the person being transported and a brief statement of the facts of the case. A person in transit may be detained in custody during the period of transit.

2. No authorization is required where air transportation is being used by one Contracting State and no landing is scheduled on the territory of the other Contracting State. If an unscheduled landing occurs on the territory of the other Contracting State, that Contracting State may require the request for transit as provided in paragraph 1. That Contracting State may detain the person to be transported until the request for transit is received and the transit is effected, so long as the request is received within ninety-six (96) hours of the unscheduled landing.

## Article 22
### Representation and Expenses

1. The Requested State shall assist, appear in court, and represent the interests of the Requesting State, in any proceeding arising out of a request for extradition.

2. The Requesting State shall bear the expenses related to the translation of documents and the transportation of the person surrendered. The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

3. Neither State shall make any other pecuniary claim against the other State arising out of extradition procedures under this Treaty.

## Article 23
### Consultation

1. The United States Department of Justice and Ministry of Justice of the Republic of Poland may consult with each other directly or through the facilities of INTERPOL in connection with the processing of individual cases and in furtherance of maintaining and improving procedures for the implementation of this Treaty.

2. The Requesting State shall, at the request of the Requested State, inform the Requested State of the status of criminal proceedings against persons who have been extradited, and provide a copy of the final and binding decision if one has been issued in the case in question.

13

### Article 24
### Executive Authorities

For the United States of America, the executive authority shall be the Secretary of State or a person designated by the Secretary of State. For Poland, the executive authority shall be the Minister of Justice-Attorney General or a person designated by the Minister of Justice-Attorney General.

### Article 25
### Termination

Either Contracting State may terminate this Treaty at any time by giving written notice to the other Contracting State, and the termination shall be effective six months after the date of the receipt of such notice.

14