Joseph Abrams, CA State Bar No. 190485
Law Office of Joseph Abrams
2400 E. Katella Avenue, Suite 800
Anaheim, CA 92806
(714) 883-9822
Attorney for Defendant DAWID TOMASZ WOZNIAK

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF DAWID TOMASZ WOZNIAK TO THE REPUBLIC OF POLAND | Case No.: 2:22-mj-00028-KJN-1<br><br>NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF BAIL<br><br>HEARING DATE: APRIL 20, 2022 AT 9:00 A.M. |

    Defendant DAWID TOMASZ WOZNIAK, by and through his counsel of record, Joseph Abrams and Ryan T. Okabe, hereby moves this honorable Court to reconsider the Court's prior order of detention and grant Mr. Wozniak release on bail pending further extradition proceedings.

Dated: April 7, 2022            */s/ Joseph Abrams*
                                          Joseph Abrams
                                          Attorney for Defendant

# INTRODUCTION

### A. Background

On February 17, 2022, the government filed its *Memorandum of Extradition Law and Request for Detention Pending Extradition Proceedings*. Prior counsel failed to file a response to the government's memorandum.

On February 22, 2022, citing only the government's unopposed memorandum, the Honorable Carolyn K. Delaney, United States Magistrate Judge, issued the Court's *Order of Detention Pending Trial* and ordered the defendant, Dawid Tomasz Wozniak, detained pending further extraditions proceedings.[1]

Mr. Wozniak's newly retained counsel now moves this honorable Court to reconsider the Court's prior order of detention and grant Mr. Wozniak release on bail pending further extradition proceedings for the reasons set forth in this motion.

### B. New Information

This motion is based solely on new facts and circumstances that were not shown or presented to the Court when it previously considered the government's request for detention. Specifically, the new facts and circumstances, as set forth in more detail below, include information pertaining to the following:

- Mr. Wozniak's immigration history, education and employment history, family circumstances, and close community ties

- Mr. Wozniak's crime-free life in the United States, outstanding scholastic and professional accomplishments, and good deeds and works

---

[1] Pretrial Services confirmed with counsel that they did not interview Mr. Wozniak or prepare a bail report in this case.

- Mr. Wozniak's dramatically-changed life circumstances and extraordinary family circumstances, the nature of Mr. Wozniak's profession and employment, the procedural history and posture of the case, and mitigation measures available to the Court

## STANDARD OF REVIEW

Federal statutes governing extradition (U.S.C. §§ 3181, *et seq*.) do not explicitly provide for bail, and the Bail Reform Act (U.S.C. §§ 3141, *et seq*.) is also not directly applicable because an extradition proceeding is not a criminal case.

The extradition process, including the granting of bail, is determined *sui generis*. Case law supports granting bail in extradition proceedings in compelling cases where fair justice requires it.[2] More specifically, detainees awaiting extradition proceedings may be released on bail if they demonstrate that they are neither a flight risk nor a danger to the community and special circumstances exists in their case.[3]

## ARGUMENT

## I. MR. WOZNIAK SHOULD BE RELEASED ON BAIL

### A. Mr. Wozniak Is Not A Flight Risk

The government asserts that Mr. Wozniak is a flight risk because he deliberately fled Poland to the United States to avoid prosecution. This assertion is provably false.

**1. Mr. Wozniak's immigration history, education and employment history, family circumstances, and close community ties**

Mr. Wozniak was a 16-year-old minor at the time of the alleged offense on December 24, 2007. Following the alleged offense, Mr. Wozniak was detained and questioned by law enforcement authorities. After fully cooperating with law enforcement, Mr. Wozniak was released without

---

[2] *United States v. Leitner*, 784 F.2d 159, 160 (2d Cir. 1986).
[3] *Id*. at 160, 161.

~ 3 ~
NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF BAIL

restriction and without being charged. Further, nearly a year before the alleged offense, Mr. Wozniak's father began planning Mr. Wozniak's immigration to the United States so that he could begin high school in California in January 2008.

Mr. Wozniak's application for an immigrant visa was submitted on March 5, 2007, nine months *prior* to the alleged offense. Mr. Wozniak legally immigrated to the United States with his brother, Sebastian, in January 2008. So, while Mr. Wozniak may have left Poland shortly after the date of the alleged offense, his departure was long-planned and had nothing whatsoever to do with avoiding prosecution.

Once in California, Mr. Wozniak immediately enrolled at Thomas Downey High School in Modesto, California. In the years that followed, Mr. Wozniak graduated from high school and college, obtained employment as an aviation mechanic, became a U.S. Citizen, and started a family. (See Exhibits A and B.)

In the 14 years that Mr. Wozniak has resided in the United States, he has forged extremely close family and community ties. His wife and 2-year-old son are here. His father and siblings are here. His career is here. His citizenship is here.

It's unimaginable to think that Mr. Wozniak would flee after working so hard, for so long, to obtain so much. Or that he would willingly return to a country seeking his extradition - a country where he has few remaining ties and which is located near a war zone and the center of a refugee crises.

In sum, Mr. Wozniak's immigration history, education and employment history, family circumstances, and close community ties firmly establishe that he is not a flight risk if he is released on bail.

### B. Mr. Wozniak Is Not A Danger To The Community

The government asserts that the alleged offense proves that Mr. Wozniak is a danger to the community. Similar to the government's assertion that Mr. Wozniak is a flight risk, the government relies solely on alleged and unproven conduct that occurred more than 14 years ago when Mr. Wozniak was a minor.

#### 1. Mr. Wozniak's crime-free life in the United States, outstanding scholastic and professional accomplishments, and good deeds and works

Mr. Wozniak today is a 30-year-old married man with a thriving family and career. In more than 14 years of residing in the United States, Mr. Wozniak has lived a completely law-abiding life. What's more, he's worked hard to educate himself, build a career, start a family, and become a respected member of his community.

Mr. Wozniak's close friends and colleagues describe him as polite, respectable, levelheaded, mature, and integral to his community. (See Exhibit C.)

One of Mr. Wozniak's supervisors states, *"I feel that he has proven himself…to be a devoted husband, a proud father…and gracious citizen in the life he has made here…and has never portrayed himself in a negative or aggressive way in my presence."*

Another friend and colleague states, *"This is a person who puts his family and friends before himself and is one of the most unselfish people I have ever met…I have so much respect for all that Dawid has done with his life since he came to the U.S."*

Another friend states, *"He always strived to be a good person…trying to mold his son to grow up and be an upstanding and loving person."*

The unproven allegations against Mr. Wozniak as a 16-year-old youth in Poland should have little or no bearing on the determination if he presents a danger to the community today. To the contrary, Mr. Wozniak's crime-free life in the United States, outstanding scholastic and

professional accomplishments, and good deeds and works establishes that he is not a danger to the community if he is released on bail.

### C. Special Circumstances In Mr. Wozniak's Case Support His Release On Bail

There are number of special circumstances in Mr. Wozniak's case that present compelling factors and support his release on bail.

#### 1. Mr. Wozniak's dramatically-changed life circumstances

Mr. Wozniak's dramatically-changed life circumstances presents a compelling factor and supports his release on bail.

At the time of the alleged offense, Mr. Wozniak was a 16-year-old youth in Poland hanging out with friends. Today, he is 30 years old. He is married with a young son. He is educated and has a thriving career. He is an integral part of his community. The differences between Mr. Wozniak at the time of the alleged offense and Mr. Wozniak today are simply incomparable, and thus constitutes a special circumstance in his case.

#### 2. Mr. Wozniak's extraordinary family circumstances

Mr. Wozniak's extraordinary family circumstances presents another compelling factor and further supports his release on bail.

Mr. Wozniak is the sole source of support for his family. Because his young son has medical needs, Mr. Wozniak and his wife, Monika, decided that she would stay home and take care of their son until he gets older. Mr. Wozniak's son, Kacper, suffers from severe food allergies, eczema, and atopic dermatitis.

Monica describes how Kacper is constantly looking for his father and crying for him. She says that he wakes up crying at night and cries out for his dad all the time. Monika is also worried that the family will run out of money soon because her husband has been unable to work. She fears

being unable to pay the bills and losing everything they have worked so hard for. Monika is devasted that her son has only one parent now, a scared mother. (See Exhibit D.)

In short, Mr. Wozniak's family's reliance on him extends beyond financial support and is all-encompassing, and thus constitutes another special circumstance in his case.

### 3. The nature of Mr. Wozniak's profession and employment

The nature of Mr. Wozniak's profession and employment presents another compelling factor and further supports his release on bail.

Mr. Wozniak is employed as an aviation mechanic for Cal Fire Department of Forestry and Fire Protection (Cal Fire). (See Exhibit E.)

Mr. Wozniak and his colleagues at Cal Fire are dedicated and indispensable servants in the fire protection of California and the emergency services that they provide.

California is the most fire-prone state in the country and requires the most resources for Cal Fire to fulfill its mission. Those responsible for maintaining Cal Fire's flight operations, like Mr. Wozniak, are particularly critical to safeguarding and protecting the people, property, and resources of California, and thus constitutes another special circumstance in Mr. Wozniak's case.

### 4. Mr. Wozniak's need to consult with counsel and participate in the case

Mr. Wozniak's need to closely consult with counsel and participate in the preparation of his case presents another compelling factor and further supports his release on bail.

There are a number of legal and evidentiary concerns in this case that require close scrutiny. First, the alleged offense occurred more than 14 years ago when Mr. Wozniak was a minor in his native country of Poland. Further, the alleged offense involved several other participants and witnesses who have provided inconsistent statements. Also, the police work in the case appears

unprofessional and biased against Mr. Wozniak. Finally, a convicted codefendant appears to have received a favorable plea deal to implicate Mr. Wozniak in his absence.

The above concerns suggest possible corruption and raises valid question as to whether Mr. Wozniak's due process rights will be protected if he is extradited to Poland. As such, it is critical that Mr. Wozniak be able to closely consult with counsel and participate in the preparation of his case, and thus constitutes another special circumstance in Mr. Wozniak's case.

### 5. Mitigation measures available to the Court

Mitigation measures available to the Court presents another compelling factor and further supports Mr. Wozniak's release on bail.

Mitigation measures available to the Court include Pretrial Services supervision of Mr. Wozniak and restrictive conditions limiting his ability to travel outside the Eastern District of California. There are also electronic monitoring and curfew programs that may be imposed to further ensure that Mr. Wozniak engages only in essential activities relating to work, school, medical, and family matters.

The availability of mitigation measures that further ensure Mr. Wozniak's appearance and protect the public constitutes another special circumstance in Mr. Wozniak's case.

### CONCLUSION

As detailed and established in this motion, Mr. Wozniak is neither a flight risk nor a danger to the community if he is released on bail. Additionally, there are a number of special circumstances that present compelling factors and further support Mr. Wozniak's release on bail.

As such, for the reasons set forth in this motion, Mr. Wozniak moves this honorable Court to reconsider the Court's prior order of detention and grant Mr. Wozniak release on bail pending further extradition proceedings.

Dated: April 7, 2022

Respectfully submitted,

*/s/ Joseph Abrams*
Joseph Abrams
Attorney for Defendant

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF BAIL

**CERTIFICATE OF SERVICE**

I, JOSEPH ABRAMS, declare:

That I am a citizen of the United States and resident of or employed in Orange County, California; that my business address is Law Office of Joseph Abrams, 2800 E. Katella Avenue, Suite 800, Anaheim, California 92806; that I am over the age of eighteen years; and I am not a party to the above-entitled action.

That I am an attorney and member of the bar of the State of California and of the United States District Court for the Eastern District of California, and that on this date, I served a true and correct copy of the attached **NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF BAIL** by electronically filing same with the Clerk of the District Court using it's CM/ECF system, which electronically notifies counsel for that party as follows:

**Audrey B. Hemesath**
**Assistant United States Attorney**

This Certificate is executed on this date at Anaheim, California. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 7, 2022               */s/ Joseph Abrams*
                                   Joseph Abrams
                                   Attorney for Defendant