PHILLIP A. TALBERT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street
Sacramento, CA 95814
Telephone: (916) 554-2729

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF DAWID TOMASZ WOŹNIAK TO THE REPUBLIC OF POLAND | CASE NO. 2:22-MJ-00028-KJN-1<br><br>**RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION OF BAIL** |

The United States, in fulfilling its treaty obligations to Poland, opposes Dawid Tomasz Woźniak's Motion for Reconsideration, as bail continues to be unavailable to Woźniak in these extradition proceedings.

**BACKGROUND**

Woźniak is the subject of an extradition request by Poland. ECF No. 1. According to the information provided by the Government of Poland, Woźniak was charged with one count of causing grievous bodily harm resulting in death, in violation of Article 156 § 3 of the Criminal Code of Poland, arising from Woźniak's alleged attack using a wooden stick against Andrzej Malinowski. That same day, Woźniak allegedly also brutally attacked at least one other person. After filing the extradition complaint in this matter, the Government sought the detention of Woźniak. ECF No. 5. Following his initial appearance, Woźniak was ordered detained. ECF No. 6.

1

**ARGUMENT**

Woźniak has not advanced any facts or circumstances that would overcome the presumption against bail in extradition proceedings, particularly where the crime he is charged with stems from a horrific violent episode that resulted in the death of an apparent good Samaritan seeking to intervene in Woźniak's rampage. Woźniak has identified no special circumstances that would allow for bail review in this case. Even if he were able to identify such circumstances, he cannot meet his burden of establishing that he is neither dangerous nor a flight risk.

I.  **Woźniak Has Not Established Any Special Circumstances to Justify Bail Review.**

"There is a presumption against bail in an extradition case." *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989). "The fugitive has the burden of showing that special circumstances exist." *Matter of Extradition of Antonowicz*, 244 F. Supp. 3d 1066, 1068 (C.D. Cal. 2017). "Once special circumstances are shown, [the fugitive] must also demonstrate that he or she will not flee or pose a danger to any other person or to the community." *Id.* (internal citations and quotation marks omitted). "[I]t has long been recognized that the special circumstances exception 'should be exercised only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory.'" *United States v. Cerda*, No. 221CV09557CASGJS, 2022 WL 1078856, at *1 (C.D. Cal. Mar. 7, 2022) (quoting *In re Mitchell*, 171 F. 289, 290 (S.D.N.Y. 1909)). Finally, "special" means "extraordinary" and not merely applicable to all defendants facing extradition. *See Salerno*, 878 F.2d at 318; *Howells*, 2020 WL 6822980 at *1.

The motion for reconsideration suggests five possible circumstances that Woźniak argues support bail reconsideration, but none rise to the level that Courts have previously considered "special." First, Woźniak points to his career and family obligations, arguing that he would comply with bail conditions to continue his productive lifestyle. ECF No. 19 at pg. 6-8. This is another way of saying he is not a risk of flight or a danger to the community, and, as such, the argument cannot constitute a

special circumstance. *See, e.g., Salerno*, 878 F.2d at 318 (noting that the absence of flight risk "is not the criteria for release in an extradition case") (citing *Kamrin v. United States*, 725 F.2d 1225, 1228 (9th Cir. 1984)); *Matter of Extradition of Russell*, 805 F.2d 1215, 1217 (5th Cir. 1986) ("Being a tolerable bail risk is not in and of itself a 'special circumstance.'").  Further, courts have recognized that "almost every defendant involved in extradition proceedings faces removal from an environment to which they have become accustomed: life in the United States." *Matter of Extradition of Budrys*, No. 19 M 179, 2019 WL 1958566, at *6 (N.D. Ill. May 2, 2019).  "A defendant's incarceration regularly creates difficulties for him and his family, both financial and emotional." *Id*. (internal quotation and citation omitted).  Because of this, courts have found that emotional and financial hardship for the family of a fugitive facing extradition is present in almost all cases and therefore does not constitute a "special circumstance." *Id*.; *Matter of Extradition of Schumann*, No. 18-cr-283, 2018 WL 4777562, at *6 (N.D. Ill. Oct. 3, 2018) ("The inability to have any contact or to provide support for family members are typical circumstances whenever one is taken into custody and cannot be considered 'special circumstances.'").  Woźniak has identified nothing so extraordinary in his present life so as to overcome the presumption against releasing extradition fugitives.

Second, Woźniak contends that there are legal and evidentiary issues in the case and cites his desire to closely consult with counsel and participate in preparing his case favors release.  ECF No. 19 at pg. 7-8.  But courts have recognized that the need to consult with counsel, gather evidence, and confer with witnesses, while important, is not extraordinary and does not amount to special circumstances.  *See, e.g., Extradition of Smyth*, 976 F.2d 1535, 1535–36 (9th Cir. 1992).  And while a "*substantial* claim" with a "*high probability*" of success" on the merits can constitute a special circumstance, *see Salerno*, 878 F.2d at 317[1] (emphasis added), Woźniak does not make that difficult showing.

---

[1] The government's general position is that the likelihood of success does not qualify as a "special circumstance" in foreign extradition cases.  *See United States v. Risner*, No. 3-mj-765, 2018 WL 6809796, at *12 (N.D. Tex. Dec. 27, 2018) (collecting cases).  But the Ninth Circuit has stated that

3

Third, Woźniak argues that he will challenge one of the five elements required for extradition certification—probable cause. ECF No. 19 at pg. 7-8. Probable cause requires only "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *In re Extradition of Trinidad*, 754 F. Supp. 2d 1075, 1081 (N.D. Cal. 2010) (internal quotation and citation omitted). The evidence in the extradition request is substantial, including corroborating eyewitness accounts. Polish authorities conducted an investigation immediately following the Christmas eve attacks and were able to identify Woźniak based on the descriptions given. The report of the medical examiner corroborates the cause of death. Woźniak raises vague questions about the reliability of Poland's evidence, but offers no compelling reason why they defeat probable cause. In any event, these merits arguments are more appropriately addressed in the extradition hearing itself, rather than in a request for bail review.

Fourth, Woźniak suggests that the possible length of these proceedings amounts to a "special circumstance." ECF No. 19 at pg. 7-8. But the extradition hearing is already set for a relatively prompt date: June 23, 2022. The "normal passage of time inherent in the litigation process" does not constitute a special circumstance. *Budrys*, 2019 WL 1958566, at *3 (quoting *United States v. Kin-Hong*, 83 F.3d 523, 525 (1st Cir. 1996)). For a delay to constitute a "special circumstance," it must be "unusual or excessive." *Matter of Extradition of Antonowicz*, 244 F. Supp. 3d 1066, 1070 (C.D. Cal. 2017). Courts have rejected the "potential for an extended delay" when it is "hypothetical" and when the delay "would largely arise from [the fugitive's] own strategic decisions." *Matter of Extradition of Carr*, No. 20 CR 370, 2020 WL 4816052, at *7 (N.D. Ill. Aug. 18, 2020). If Woźniak plans to contest extradition, that "is certainly his right," but the same could be said of many cases. *Carr*, 2020 WL 4816052, at *7. Further, Woźniak's right to present evidence in extradition proceedings is limited. In challenging probable cause,

---

a "substantial claim" with "a high probability of success" on the merits can be a "special circumstance". *Salerno*, 878 F.2d at 317.

4

the fugitive "is not entitled to contradict the demanding country's proof or pose questions of credibility"; he "is limited to offering evidence which explains or clarifies that proof." *Matter of Extradition Cruz*, No. 16-cr-283, 2016 WL 6248184, at *4 (N.D. Ill. Oct. 26, 2016) (explaining that "the admission of explanatory evidence is intended" to permit "reasonably clear-cut proof which would be of limited scope and have some reasonable chance of negating a showing of probable cause"); *see Santos v. Thomas*, 830 F.3d 987 (9th Cir. 2016) (en banc) (citing *Charlton v. Kelly*, 229 U.S. 447, 461 (1913), and *Collins v. Loisel*, 259 U.S. 309, 316-17 (1922) (the proffered evidence must "explanatory" not "contradictory" in nature). Given the limited role of the Court in extradition proceedings, and the schedule previously agreed upon by Woźniak, the government does not anticipate a lengthy period of pre-hearing detention.

Fifth and finally, Woźniak speculates there may be shortcomings in the Polish judicial system or with the Polish police that may prevent him from receiving a fair trial if he returns to Poland. ECF No. 19 at pg. 8. These arguments relate to issues of fairness in a foreign justice system and not the requirements for certification; these arguments are for the Department of State, not this Court. *See, e.g., In re Extradition of Noeller*, No. 17-cr-664, 2017 WL 6462358, at *2 (N.D. Ill. Dec. 19, 2017); *Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 829 (11th Cir. 1993) (unlike courts, the Department "exercises broad discretion and may properly consider myriad factors" in extradition cases). As such, these arguments cannot constitute a special circumstance.

As Woźniak has not identified any special circumstances to warrant the consideration of bail in this extradition case, the Court should deny the motion for reconsideration.

**II.      Woźniak Cannot Meet His Burden of Establishing That He Is Not A Risk Of Flight Or A Danger To The Community.**

Even if this Court were to find that Woźniak has established some special circumstance that would warrant further bail review, Woźniak cannot meet his burden of establishing that he is not a danger to the community nor a flight risk on the facts of this case.

5

As to dangerousness, Woźniak is charged in Poland with a serious assault causing death. The victim was one of three innocent passersby that Woźniak is alleged to have attacked in a drunken rage on Christmas Eve. Perhaps Woźniak is correct that the passage of time since the crime has resulted in an increased maturity, but the core allegations of the crime are so shockingly violent that Woźniak cannot merely cite the passage of time to meet his burden of proving that he is not a danger to the community. Woźniak does not discuss any specific steps he may have taken to overcome the circumstances that led him to carry out the attack, such as excessive alcohol use. Woźniak's claim that he has led a reformed life in the United States is simply insufficient to meet his burden of proof where the alleged facts are as extreme as those presented in this case.

As to flight risk, in evaluating a fugitive's risk of flight in the extradition context, courts have considered, among other things, the fugitive's financial means, ties with foreign countries, and incentive to flee based on the severity of the offense. *See, e.g., In re Extradition of Beresford-Redman*, 753 F. Supp. 2d 1078, 1091 (C.D. Cal. 2010). Woźniak is facing a charge that carries a significant penalty. This is substantial incentive to flee. Flight to any country that does not have an extradition treaty with Poland would put him beyond the reach of Polish authorities. When, as here, Poland has met the conditions of the treaty, the United States has an "overriding interest in complying with its treaty obligations" to deliver the fugitive. *See Wright*, 190 U.S. at 62; *United States v. De Loera*, No. 2:06-MJ-98-PRC, 2006 WL 1518981, at *2 (N.D. Ind. May 31, 2006). It is important that the United States be regarded in the international community as a country that honors its agreements in order to be in a position to demand that other nations meet their reciprocal obligations to the United States. *See In re Extradition of Molnar*, 182 F. Supp. 2d 684, 687 (N.D. Ill. 2002) (noting that bail is difficult to obtain in these matters because of the United States' important interest in complying with its treaty obligations: "If the United States were to release a foreign fugitive pending extradition and the defendant absconded, the resulting diplomatic embarrassment would have an effect on foreign relations and the ability of the

United States to obtain extradition of its fugitives."). Flight by a fugitive from extradition after a release on bond would result in the United States failure to meet the reciprocal obligations. For these reasons, Woźniak also cannot meet his burden of establishing that he is not a flight risk.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration should be denied.

Dated: April 18, 2022                                  Respectfully submitted,

                                                       PHILLIP A. TALBERT
                                                       United States Attorney

                                                       */s/ Audrey B. Hemesath*
                                                       AUDREY B. HEMESATH
                                                       Assistant United States Attorney
                                                       Eastern District of California