Joseph Abrams, Cal. State Bar No. 190485
Email: joseph@josephabramslaw.com
Law Office of Joseph Abrams
2400 E. Katella Avenue, Suite 800
Anaheim, CA 92806
Telephone: 714-317-9071

Ryan T. Okabe, State Bar No. 215964
Email: ryan@southbaylawyer.com
Law Offices of Okabe and Haushalter
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, CA 90266
Telephone: 212-349-9003

Attorneys for Defendant,
Dawid Tomasz Wozniak

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF DAWID TOMASZ WOZNIAK TO THE REPUBLIC OF POLAND | Case No.: 2:22-MJ-00028-KJN-1 <br><br> DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION AND RESPONSE TO GOVERNMENT'S MEMORANDUM |

Defendant Dawid Tomasz Wozniak, by and through his counsel of record, Joseph Abrams

and Ryan T. Okabe, hereby files Defendant's Memorandum in Opposition of Certification of

Extradition and Response to Government's Memorandum in the above-titled matter.


Dated: May 31, 2022                    */s/ Joseph Abrams*
                                       Joseph Abrams

Dated: May 31, 2022                    */s/ Ryan T. Okabe*
                                       Ryan T. Okabe

                                       Attorneys for Defendant

**TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………….…......1

II.     POLAND'S REQUEST FOR EXTRADTION……………………………...…..2

        A.  Statement of Facts………………………………………………...……2

        B.  Procedural History……………………………………………....……3

III.    THE EVIDENCE CONTAINED IN THE EXTRADITION REQUEST IS INSUFFICIENT TO SUPPORT A FINDING OF PROBABLE CAUSE AS TO THE CHARGED OFFENSE……………………………………………….…....5

        A.  The Evidence Contained in the Extradition Request…………………………5

              1.  Certified copy of the charging document…………………………………5

              2.  Certified statement from the Polish prosecutor which summarizes the evidence in the prosecution case file……………………………………...……6

                    a.   Summary of the physical evidence, namely, the 59 cm stick…………..……6

                    b.   Statement by witness Szymon Rutkowski…………………………6

                    c.   Statement by witness Marek Szymanski……………………………7

                    d.   Statement by witness Ewelina Rudnicka……………………………8

                    e.   Statement by witness Karolina Rudnicka………………………...……9

                    f.   Statement by witness Katarzyna Grodecka…………………………10

                    g.   Statement by witness Mariusz Kozlowski……………………...…..10

                    h.   Statement by witness Piotr Chmielewski…………………………11

                    i.   Statement by witness Arkadiusz Bonislawski………………………...……11

                    j.   Statement by the medical examiner…………………………......12

              3.  Certified copy of witness statement by Mariusz Kozlowski……………….12

              4.  Certified copy of witness statement by Wlodzimierz Woźniak………………13

              5.  Certified copy of witness statement by Wieslaw Olszewski…………………13

i

6.   Certified copy of witness statement by Maciej Zoltek……………….……….13

B.   Summary of the Evidence……………………………………….…….......14

1-4. Government's assertions regarding probable cause…...………….….……….14

C.   Conclusion…………………………………………………………………...…16

IV.   THE RULE OF NON-CONTRADICTION DOES NOT PREVENT THE COURT FROM CONSIDERING EVIDENCE THAT MR. WOZNIAK WAS IMPROPERLY PROSECUTED AS AN ADULT……………………………….……………...……17

A.   The Scope of the Rule of Non-Contradiction…………………………….…...…17

B.   Legal Requirements to be Charged as an Adult Under Polish Law……………..…..18

C.   Sixteen-Year-Old Dawid Tomasz Wozniak was Improperly Charged as an Adult…...…19

1.   Introduction…………………………………………………….……19

2.   The Polish prosecutor rejects the court's decision……………………….…19

3.   Conclusion………………………………………………………….....22

V.   CONCLUSION………………………………………………….……...……23

# TABLE OF AUTHORITIES

**Cases**

*Coleman v. Burnett*,
  477 F.2d 1187 (D.C. Cir.1973)………………………………………………......5

*Fernandez v. Phillips*,
  268 U.S. 311 (1925)……………………………………………………….……....1

*Gill v. Imundi*,
  747 F. Supp. 1028 (S.D.N.Y. 1990)…..……………………………….....……18

*In re Extradition of Atta*,
  706 F. Supp. 1032 (E.D.N.Y. 1989)……………………………………………5

*In re Extradition of Garcia*,
  188 F. Supp. 2d 921 (N.D. Ill. 2002)……………………..…………….…....…5

*In re Extradition of Mazur*,
  No. 6 M 295 (N.D. Illinois 2007)……………………………………....…..18

*In re Extradition of Sauvage*,
  819 F. Supp. 896 (S.D. Cal. 1993)………………………………...……….5

*In re Extradition of Sindona*,
  450 F. Supp. 672 (S.D.N.Y. 1978)……………………………….……….17, 18

*In re Extradition of Singh*,
123 F.R.D. 108 (D.N.J. 1987)……………………………….……....17, 18

*In re Extradition of Singh*,
  170 F. Supp. 2d 982 (E.D. Cal. 2001)………………………...……..18

*In re Extradition of Strunk*,
  293 F. Supp. 2d 1117 (E.D. Cal. 2002)……………………….……...18

*Maryland v. Pringle*,
  540 U.S. 366 (2003)……………….…...………………………...…….18

iii

*Ordinola v. Hackman,*

    478 F.3d 588 (4th Cir.)…………….…..……………….….…………...………….1

*Quinn v. Robinson,*

    783 F.2d 776 (9th Cir. 1986)…………..……………………………………......18

*Sayne v. Shipley,*

    418 F.2d 679 (5th Cir. 1969)…………..……………………………...……..17

*Shapiro v. Ferrandina,*

    355 F Supp. 563 (S.D.N.Y. 1973)…..……………………………...……..18

**Statutes**

18 U.S.C. § 3184……………………………………………………………………1

Crim. Code of Poland, Article 156, § 2………..……………………………...……..1, 4

Crim. Code of Poland, Article 10, § 2……………..…………………………...…..3, 19, 20

Act on Proceed. in Juv. Cases, Article 42, § 3…………………………………...…...19, 20, 22

# I.

## INTRODUCTION

Defendant Dawid Tomasz Wozniak (hereinafter "Mr. Wozniak" or "Dawid") appears before this Court for an extradition hearing following the Republic of Poland's request for his extradition for prosecution on one count of causing grievous bodily harm resulting in death, in violation of Article 156 § 3 of the Criminal Code of Poland, for his alleged participation in an assault on Andrzej Malinowski.

The government bears the burden of proving that Mr. Wozniak's extradition should be certified. Before Mr. Wozniak's extradition can be certified, the government must establish the following five elements:[1]

1.      The Court is authorized to conduct the extradition hearing;

2.      The Court has jurisdiction over Mr. Wozniak;

3.      An extradition treaty is in place between the Republic of Poland and the United States;

4.      The charged conduct is an extraditable offense; and

5.      The charged offense is supported by probable cause

Mr. Wozniak does not contest that the first four elements required for certification our met in this case. That is, the Court is authorized to conduct the hearing, the Court has jurisdiction over Mr. Wozniak, an extradition treaty is in place between the Republic of Poland (hereinafter "Poland") and the United States, and the charged conduct is an extraditable offense. Mr. Wozniak,

_____

[1] 18 U.S.C. § 3184; *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *Ordinola v. Hackman*, 478 F.3d 588, 608 (4th Cir.).

however, vigorously disputes that there is sufficient evidence to support a finding of probable cause as to the charged offense.

Mr. Wozniak provides this memorandum to assist the Court in making its determination on whether there is sufficient evidence to support a finding of probable cause as to the charged offense and, hence, whether or not to certify Mr. Wozniak's extradition. After careful analysis and consideration of all relevant legal and factual matters in this case, Mr. Wozniak respectfully submits that the Court should *not* certify his extradition for the reasons set forth in this memorandum.

## II.

## POLAND'S REQUEST FOR EXTRADITION

### A. Statement of Facts (ECF No. 1 pg. 34,35)

The following alleged facts are contained in the request for extradition:

Dawid Tomasz Wozniak and his friends, Marek Szymanski, Arkadiusz Bronislawski, Piotr Clunielewski and Mariusz Kozlowski came to Orudusk on 24th December 2007 at approximately 23:00 hours. They all has lmown [sic] each other and were friends. They had often visited each other at home.

They came to that place without any specific purpose. Earlier that day they drank together approximately 3 half-litre bottles of vodka and very [sic] driving cars in several places.

In Grudusk, they stopped at a parking place next to a shopping pavilion. Dawid Tomasz Wozniak came by a Fiat 126P car together with Arkadiusz Bronislawski, which was driven by Mariusz Kozlowski. Piotr Chmielewski and Marek Szymanski came by another car. Dawid Tomasz Wozniak was wearing a light short-sleeve shirt.

At a certain moment, Dawid Tomasz Wozniak got out of Mariusz Kozlowski's car, took out a wooden stick from the boot and came over to another car parked there in which a man unidentified so far was sitting. Then, without any reason, Dawid Tomasz Wozniak opened the door of the car and started tugging the man in the car. His behavior was very aggressive, Mariusz Kozlowski intervened during this incident and pulled Dawid Tomasz Wozniak away from that place.

Then Dawid Tomasz Wozniak, holding the wooden stick in his hand, went towards the stadium located at Marii Konopnickiej street in Grudusk. Marek Szymanski got out of Piotr Chmielewski's car and followed Dawid Tomasz Wozniak, The other friends of Dawid Tomasz Wozniak stayed next to their cars.

At that time, Szymon Rutkowski was in the company of Katmzyna Grodecka and Karolina Rudnicka next to the building at 4 Marii Konopnickiej street. They were waiting for Ewelina Rutkowska, who had gone home to take her hats and gloves.

Marek Szymanski and Dawid Tomasz Wozniak approached Szymon Rutkowski. When Katarzyna Grodecka saw this, she ran away. Then Dawid Tomasz Wozniak was the first to hit Szymon Rutkowski with the wooden stick in his back. Then Karolina Rudnicka followed Karolina Grodecka. When Szymon Rutkowski got the blow, he bent and shielded his face with his hands. Then he was struck again and again in his back with the wooden stick by Dawid Tomasz Wozniak, while Marek Szymanski was kicking him in his arms and chest.

At that time, Andrzej Malinowski was walking on the pavement along Konopnickiej street close to them. When he saw what was happening, he asked Marek Szymanski and Dawid Tomasz Wozniak what they wanted from Szymon Rutkowski. Then Marek Szymanski and Dawid Tomasz Wozniak approached Andrzej Malinowski, Dawid Tomasz Wozniak immediately hit him with the stick in his head, and Marek Szymanski was kicking Andrzej Malinowski in his chest. Andrzej Malinowski fell down on his back, Dawid Tomasz Wozniak and Marek Szymanski ran away from that place in the direction of the parking place next to the stadium. Dawid Tomasz Wozniak got into Mariusz Kozlowski, car, [sic] and Marek Szymanski got into Piotr Chmielewski's car, and they all drove away from Orudusk.

**B. Procedural History (ECF No. 1 pg. 35, 36, 127, 128; ECF Nos. 8, 12)**

On January 1, 2008, Andrzej Malinowski, died from head injuries sustained during the assault that occurred on December 24, 2007.

3

On February 11, 2008, the Polish court issued its decision that Mr. Wozniak should be charged as an adult despite that he was a 16-year-old minor at the time of the alleged offense.[2]

On July 14, 2008, Marek Szymanski was convicted for his part in the assault on Andrzej Malinowski that occurred on December 24, 2007. He was sentenced to three years' imprisonment.

In subsequent proceedings, Mr. Wozniak was charged for his alleged involvement in the assault on Andrzej Malinowski that occurred on December 24, 2007.[3]

On March 3, 2009, Polish authorities issued an arrest warrant for Mr. Wozniak.

On March 16, 2009, Polish authorities learned that Mr. Wozniak was residing in the United States and was aware of his address in Modesto, California.

On September 1, 2011, Poland formerly requested the extradition of Mr. Wozniak.

Due to repeated deficiencies in its extradition request, Poland sent supplemental letters to the U.S. Department of Justice on March 20, 2014, August 14, 2018, and October 8, 2019.

On February 17, 2022, a criminal complaint against Mr. Wozniak was filed in U.S. District Court, Eastern District of California. On this same date, the Honorable Kendall J. Newman, Chief Magistrate Judge, issued an arrest warrant for Mr. Wozniak.

On February 22, 2022, Mr. Wozniak was arrested by the U.S. Marshals Service. Mr. Wozniak has been detained since his arrest pending further extradition proceedings.

---

[2] Minors 15 years and older should be held liable as adults only where *"...the circumstances of the case and the mental state of development of the perpetrator, his characteristics and personal situation warrant it..."* Crim. Code of Poland, Article 156 § 2.

[3] Polish authorities determined that Mr. Wozniak, because of his minor status, could not be held liable for his alleged participation in the assault of Szymon Rutkowski.

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

**III.**

**THE EVIDENCE CONTAINED IN THE EXTRADITION REQUEST IS INSUFFICIENT TO SUPPORT A FINDING OF PROBABLE CAUSE AS TO THE CHARGED OFFENSE**

The federal probable cause standard applies in this case. That is, whether the evidence is *"sufficient to cause of person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt."*[4] Although the federal rules of evidence do not apply in extradition cases, mere conclusory allegations are inadequate to establish probable cause.[5] Further, the government must introduce evidence on each essential element of the charge.[6]

**A.  The Evidence Contained in the Extradition Request**

Described below is the evidence contained in the extradition request, upon which the government relies on as establishing probable cause, and Mr. Wozniak's explanation and reply to each item of evidence:

**1.    Certified copy of the charging document (ECF No. 1 pg. 124)**

Reply:

The charging document does not contribute to the finding of probable cause. The document's purpose is not to set forth or establish probable cause but merely to set forth the formal charge and bare facts in support of the charge.

---

[4] *In re Extradition of Atta*, 706 F. Supp. 1032, 1050 (E.D.N.Y. 1989) (quoting *Coleman v. Burnett*, 477 F.2d 1187,1202 (D.C. Cir.1973)).

[5] *In re Extradition of Garcia*, 188 F. Supp. 2d 921, 932 (N.D. Ill. 2002).

[6] *In re Extradition of Sauvage*, 819 F. Supp. 896, 901 (S.D. Cal. 1993).

2. **Certified statement from the Polish prosecutor which summarizes the evidence in the prosecution case file (ECF No. 1 pg. 34-39), including:**

    a. **Summary of the physical evidence, namely, the 59 cm stick. ECF No. 1 pg. 39.**

Reply:

The item of physical evidence is described as a *"stick 59 cm long and with a diameter of 5 cm."* In other words, the stick that was used in the alleged assault that is the subject of the charged offense measures 23.2 inches long with a diameter of two inches.

The item of physical evidence does not contribute to the finding of probable cause as it cannot be forensically linked to Mr. Wozniak. Specifically, according to the certified statement from the Polish prosecutor, *"It [the stick] has not been found out during the investigation that any traces originating from Dawid Tomasz Wozniak were found on this piece of evidence."*

    b. **Statement by witness Szymon RUTKOWSKI, who stated that "he had come to Grudusk on 24th December 2007 more or less at 23:47 hours. . . When he was standing in front of [his friend's] house, two men ran over to him. One of them was wearing a light short-sleeve shirt. . . . Szymon RUTKOWSKI was immediately hit with a wooden stick by one of them, was beaten with hands and kicked by the other perpetrator. . . .Andrezj MALINOWSKI, who was passing by, saw this and said to the attackers "what do you want from him?" Then the two men who had assaulted Szymon RUTKOWSKI ran over to Andrzej MALINOWSKI and started hitting him with the wooden stick in his head and kicking him all over his body. During the beating Andrzej MALINOWSKI fell down. Then the perpetrators ran away. (ECF No. 1 pg. 37).**

Reply:

Mr. Wozniak objects, on the basis of the Rule of Specialty, to the inclusion of the portion of the statement that refers to the alleged assault on Szymon Rutkowski. The Rule of Specialty limits evidence in extradition proceedings to evidence pertaining *only* to the charged offense for which extradition is sought. Treaty Art. 19(1)(a). In this case, the charged offense relates solely to the alleged assault of Andrzej Malinowski. It is uncontested that Szymon Rutkowski was *not* the

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

victim of the alleged assault that is the subject of the charged offense and for which extradition is

sought. Therefore, Mr. Wozniak respectfully requests that the Court **strike from the record** the

relevant portion of the statement and that it not be considered in the probable cause determination.

As for the balance of the statement, it does not contribute to the finding of probable cause

as Mr. Wozniak is never identified as one of alleged suspects of the assault that is the subject of

the charged offense. The witness identifies the suspects only as "two men," of which "one" was

wearing a "light short-sleeve shirt." There is no statement as to even the most basic physical

characteristics of the suspects such as their height, weight, race, or hair length and color, or to

specific type and color of clothing worn beyond a "light short-sleeve shirt."

  **c. Statement by witness Marek SZYMANSKI, who stated that Wozniak "had taken part in the beating of Szymon RUTKOWSKI, whom he was hitting with a wooden stick, and then saw him holding the wooden stick and standing above the lying man." Later at trial, SZYMANSKI admitted his own role in the offense, as summarized, he "stated that he was hitting Symon RUTKOWSKI with a stick together with Dawid Tomasz Wozniak and directly afterwards saw Dawid Tomasz Wozniak holding the wooden stick ad standing above the lying man. He explained that only Dawid Tomasz Wozniak was using the wooden stick." (ECF No. 1 at pg. 37).**

  **When Polish police were later securing additional photo identifications of Wozniak in support of the extradition request, SZYMANSKI, positively identified Wozniak, and gave a certified statement as follows: "On the day of the incident I went with him to Grudusk. We parked the car at a shop in Grudusk. I drove with CHMIELEWSKI and Dawid Wozniak with KOZLOWSKI. I saw how Dawid took some club out of the car and ran towards the stadium. I ran after Dawid Wozniak. I remember I saw Dawid Wozniak struggling with some guy. I ran and punched that boy in the face. He sat down on the stone wall and covered his head with his hands. Now I do not remember if Dawid Wozniak beat the boy with the club. I went up to him and asked where he is from. He replied that he was from Kamien. At that time, I saw how Dawid Wozniak runs from the first boy. As I turned around I saw a man lying and Dawid Wozniak was behind him. I do not remember if I saw that Dawid Wozniak hitting him with a wooden club. When I passed by this man, he lay motionless. I did not hit him. Only Dawid had a wooden club. At the time when the latter victim fell I did not**

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

**see any other persons near him except Dawid Wozniak. I clearly saw Dawid Wozniak by the second victim." (ECF No. 1 pg. 95).**

<u>Reply</u>:

Mr. Wozniak objects, on the basis of the rule of specialty, to the inclusion of the witness statement as it refers only to the assault on Szymon Rutkowski. As stated, Szymon Rutkowski is *not* the victim of the alleged assault that is the subject of the charged offense. Therefore, Mr. Wozniak respectfully requests that the Court **strike from the record** the witness statement and that it not be considered in the probable cause determination.

Mr. Wozniak also objects, on the basis of the Rule of Specialty, to the inclusion of the identification evidence. Specifically, the evidence refers merely to "the incident" without specifying which incident. Given that the identification offered by Marek Szymanski followed his statement concerning the alleged assault on Szymon Rutkowski, it follows that the incident he refers to is the assault on Szymon Rutkowski, who is *not* the victim of the alleged assault that is the subject of the charged offense. Therefore, Mr. Wozniak respectfully requests that the Court **strike from the record** the identification evidence and that it not be considered in the probable cause determination.

> **d. Statement by witness Ewelina RUDNICKA, who stated that when she came out of her house on the night of December 24, "she saw two men running over to Andrzej MALINOWSKI, who had earlier reprimanded them by saying 'what are you doing, leave him alone.' The two men started beating Andrzej MALINOWSKI. One of the attackers was [hitting] him with a baseball bat. After a blow Andrzej MALINOWSKI fell down on the pavement and the attackers ran away. (ECF No. 1 pg. 37). At the trial of SZYMANSKI, RUDNICKA testified that she was not able to indicate which of the two men was beating MALINOWSKI with the bat, but she added that one of the attackers was wearing a short sleeve short. (ECF No. 1 pg. 38).**

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

Reply:

The statement does not contribute to the finding of probable cause as Mr. Wozniak is never identified as one of alleged suspects. The witness identifies the suspects only as "two men." There is no statement as to even the most basic physical characteristics of the suspects such as their height, weight, race, or hair length and color, or as to specific type and color of clothing worn. Further, the witness states that "one" of the suspects was hitting the victim without identifying which one.

At the subsequent trial three years later, the witness was "not able to indicate" which suspect was beating the victim. Further, the witness describes the alleged weapon as a "baseball bat," when it is actually a stick barely 23 inches long with a diameter of only two inches.

> **e. Statement by witness Karolina RUDNICKA, who stated that when she was standing next to her house on the night of December 24, two men approached her group, one wearing only a short sleeve shirt and holding a baseball bat. "The men beat up Szymon RUTKOWSKI and then ran over to Andrzej MALINOWSKI. The boy wearing the short-sleeve short was hitting Andrezj MALINOWSKI with the bat in the head. After the blow, Andrzej MALINOWSKI fell down on the pavement." At the trial of SZYMANSKI, RUDNICKA confirmed in her testimony that "the bat was held by the man dressed in the short-sleeve shirt." (ECF No. 1 pg. 38).**

Reply:

The statement does not contribute to the finding of probable cause as Mr. Wozniak is never identified as one of the alleged suspects. The witness identifies the suspects only as "two men," of which "one" was wearing a "short-sleeve shirt." There is no statement as to even the most basic physical characteristics of the suspects such as their height, weight, race, or hair length and color, or as to specific type and color of clothing worn beyond a "short-sleeve shirt." Further, the witness described the alleged weapon as a "baseball bat," when it is actually a stick barely 23 inches long with a diameter of only two inches.

9

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

**f. Statement by witness Katarzyna GRODECKA, who testified that she was going to midnight mass with the RUDNICKA and Szymon RUTKOWSKI when "two men ran over to them. One of them was wearing a short-sleeve shirt and holding a wooden stick." She ran away, but later noticed a man lying on the road. ECF No. 1 pg. 38.**

Reply:

The statement does not contribute to the finding of probable cause as Mr. Wozniak is never identified as one of the alleged suspects. The witness identifies the suspects only as "two men," of which "one" was wearing a "short-sleeve shirt." There is no statement as to even the most basic physical characteristics of the suspects such as their height, weight, race, or hair length and color, or as to specific type and color of clothing worn beyond a "short-sleeve shirt."

**g. Statement by witness Mariusz KOZLOWSKI, who stated that "he had come to Grudusk together with Dawid Tomasz Wozniak [and another individual] by car. . . . Dawid Tomasz Wozniak came out of the car and started behaving aggressively. He wanted to pull out an elderly man from another car standing at the parking place." One of the group pulled Wozniak away from the man, but Wozniak "took a wooden stick from [one of the cars] and ran in the direction of the bridge." Wozniak "was wearing just a short-sleeve shirt." SZYMANSKI ran with Wozniak. This witness did not give information about the beatings, but stated that when Wozniak returned to the car, he "got into the car with a wooden stick, he was wearing a short-sleeve shirt." ECF No. 1 pg. 38**

Reply:

Mr. Wozniak objects, on the basis of the Rule of Specialty, to the inclusion of the portion of the statement that refers to an alleged attempted assault on an "elderly man." It's uncontested that the unidentified elderly man is *not* the victim of the alleged assault that is the subject of the charged offense. Therefore, Mr. Wozniak respectfully requests that the Court **strike from the record** the relevant portion of the statement and that it not be considered in the probable cause determination.

---

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

As to the balance of the statement, it does not contribute to the finding of probable cause as it only contains allegations as to actions by Mr. Wozniak that are not relevant and provide no probative value in establishing whether or not Mr. Wozniak was one of the suspects in the alleged assault that is the subject of the charged offense.

> **h.   Statement by witness Piotr CHMIELEWSKI, who stated that he had gone to Grudusk with the group including Wozniak, and that Wozniak "was behaving aggressively. He was holding a wooden stick in his hands. He ran somewhere, and Marek SZYMANSKI ran with him." ECF No. 1 pg. 39**

Reply:

The statement does not contribute to the finding of probable cause as it does not make reference to the alleged assault that is the subject of the charged offense. It contains only allegations as to actions by Mr. Wozniak that are not relevant and provide no probative value in establishing whether or not Mr. Wozniak was one of the suspects in the alleged assault that is the subject of the charged offense.

> **i.   Statement by witness Arkadiusz BONISLAWSKI, who stated that he had gone to Grudusk with the group including Wozniak, and that "they were drinking alcohol together." This witness claimed he did not remember what happened, and that he was asleep in the car. ECF No. 1 pg. 39.**

Reply:

The statement does not contribute to the finding of probable cause as it does not make reference to the alleged assault that is the subject of the charged offense. It contains only allegations as to actions by Mr. Wozniak that are not relevant and provide no probative value in establishing whether or not Mr. Wozniak was one of the suspects in the alleged assault that is the subject of the charged offense. Further, the witness "did not remember what happened" and "was asleep."

---

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

**j.** **Statement by the medical examiner, who provided an opinion that the direct cause of Andrzej MALINOWSKI'S death was "an acute circulation and breathing failure resulting from an injury of the skull and brain. It led to intracranial hypertension syndrome and swelling of the brain and as a consequence to intracranial hypertension syndrome a few days before. The shape and the location of the superficial changes indicates that they occurred as a consequence of a single blow with a hard, oblong, oval object. This tool could be the stick the photograph of which can be found in the files of the case." ECF No. 1 pg. 39.**

Reply:

Mr. Wozniak wishes to express his condolences to the family of Andrzej Malinowski. With all due respect, however, Mr. Wozniak does not contest that Mr. Malinowski suffered a head injury and died several days later. The statement does not contribute to the finding of probable cause as it does not speak to the issue of whether or not Mr. Wozniak was one of the suspects in the alleged assault that is the subject of the charged offense.

**3.** **Certified copy of witness statement and photo identification of Wozniak by Mariusz KOZLOWSKI, who was also present the night of the attack:**

**On the day of the incident I went along with him to Grudusk. Dawid Wozniak took out of my car a big stick and went somewhere. I guess SZYMANSKI went after him. I have not seen Dawid Wozniak hitting other persons with the club. Dawid came to my car. He probably had that club. He did not tell me what happened. I remember that he was under the influence of alcohol. Earlier I saw him drinking vodka. I last saw Dawid Wozniak on the second day after the incident, when the police apprehended us. (ECF No. 1 pg. 107).**

Reply:

The statement does not contribute to the finding of probable cause as it does not make reference to the alleged assault that is the subject of the charged offense. It contains only allegations as to actions by Mr. Wozniak that are not relevant and provide no probative value in establishing whether or not Mr. Wozniak was one of the suspects in the alleged assault that is the subject of the charged offense. Further, the witness describes the alleged weapon as a "big" stick, when it is actually barely 23 inches long and with diameter of only two inches.

12

**4.    Certified copy of witness statement and photo identification by Wlodzimierz WOŹNIAK, who was not an eyewitness to the crime, but did make the hearsay observation that "I know as much as all the inhabitants of Pawlow, it is that Dawid Wozniak battered the boy who died, and it was on Christmas Eve of 24/25 December 2007 . . . ." (ECF No. 1 pg. 111).**

Reply:

Mr. Wozniak objects to the inclusion of this statement on the basis that it is conclusory and prejudicial. The witness acknowledges that the witness was *not* an eyewitness to the alleged assault. Incredibly, however, the witness claims to be able to identify Mr. Wozniak as the perpetrator because the witness knows "all the inhabitants of Pawlow." Mr. Wozniak respectfully requests that the Court **strike from the record** the statement and that it not be considered in the probable cause determination.

**5.    Certified copy of witness statement and photo identification of Wozniak by Wieslaw OLSZEWSKI, an officer who interrogated Wozniak on the night of the crime, and obtained admissions from Wozniak as follows:**

**I interrogated him in the evening and night hours . . . Dawid Wozniak admitted to participating in the battery of one of the victims, and then to participating in the beating of another victim. During the incident Wozniak had a baseball bat, by which he stroked the victims. (ECF No. 1 pg. 99).**

Reply:

The statement does not contribute to the finding of probable cause as it does not make reference to the alleged assault that is the subject of the charged offense. The witness claims that Mr. Wozniak admitted to participating in the battery of "one" of the victims and then to the beating of "another" victim without ever identifying the victims or incidents. Further, the witness describes the alleged weapon as a "baseball bat," when it is actually a stick barely 23 inches long and with a diameter of only two inches.

**6.    Certified copy of witness statement and photo identification of Wozniak by Maciej ZOLTEK, an officer who prepared the juvenile detention report and identified Wozniak as the individual he processed in 2007. (ECF No. 1. pg. 91).**

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

Reply:

The statement does not contribute to the finding of probable cause as it does not make reference to the alleged assault that is the subject of the charged offense. The witness merely states that Mr. Wozniak was the individual he "processed."

**B. Summary of the Evidence**

As shown above, the total of the evidence in this case falls well short of supporting a finding of probable cause. Much of the evidence relied on by the government is inadmissible or irrelevant. The evidence that does speak directly to the alleged assault that is the subject of the charged offense is insufficient to identify Mr. Wozniak as one of the two suspects.

The government makes the following assertions in concluding that the evidence establishes probable cause.

    **1.**    **The extradition request includes corroborating eyewitness statements from the group of people who were stopped at the house on the way to midnight mass, all of whom identified the man wearing the short-sleeve shirt as the attacker with the wooden bat.**

Reply:

The government's assertion that evidence of a "man wearing the short-sleeve shirt" is somehow sufficient to implicate Mr. Wozniak as one of the two suspects in the assault is preposterous.

The witness statements that the government relies on to make this assertion are those from Syzman Rutkowski, Ewelina Rudnicka, Karolina Rudnicka, and Katarzyna Grodecka.  None of these statements identify Mr. Wozniak by name, physical description, or any other means.

    **2.**    **The corroborating eyewitness statements of the members of Wozniak's group, who all appeared to minimize their own involvement in some ways, but confirm it was Wozniak who was behaving aggressively, took the bat out of the**

---

14

**car, and ran off wearing a distinctive short-sleeve shirt on a December night in Poland.**

Reply:

That Mr. Wozniak was allegedly behaving aggressively, took the bat out of the car, and ran off into the Polish night wearing a short-sleeve shirt does not advance in any meaningful way the identification of Mr. Wozniak as one of the two suspects in the assault. Also, it is utterly unclear why the government chooses to describe the short-sleeve shirt as "distinctive" when nowhere else in the evidence is it described as anything other than a "short-sleeve shirt." Also, the "bat" that the government refers to is actually a stick barely 23 inches long with a diameter of only two inches.

The witness statements that the government relies on to make this assertion are those from Mariusz Kozlowski, Piotr Chmielewski, and Arkadiusz Bonislawski. None of these statements make reference to the alleged assault that is the subject of the charged offense. They contain only allegations as to actions by Mr. Wozniak that are not relevant and provide no probative value in establishing whether or not Mr. Wozniak was one of the suspects in the alleged assault that is the subject of the charged offense.

**3.      Wozniak's friend Szymanski, who went to trial, was still reluctant to implicate Wozniak, but clarified that there was no one else around the victim when he was beaten until he collapsed, and Wozniak was the one holding the bat.**

Reply:

As previously argued, Marek Szymanski's witness statement and identification evidence is inadmissible for purpose of this hearing as it violates the Rule of Specialty. Specifically, the evidence refers only to the assault on Szymon Rutkowski, who is *not* the victim of the alleged assault that is the subject of the charged offense. Mr. Wozniak therefore respectfully renews his

---

15

request that the Court **strike from the record** Marek Szymanski's witness statement and identification evidence.

> **4.      Wozniak made admissions to one of the officers when he was first detained in Poland, admitting that he had participated in the beating. The beating was found by the medical examiner to be the direct cause of the death of the victim.**

<u>Reply</u>:

Here, the government is referring to the witness statement of Wieslaw Olszewski, an officer who questioned Wozniak. As stated previously, the witness claims that Mr. Wozniak admitted to participating in the battery of "one" of the victims and then to the beating of "another" victim without ever identifying the victims or incidents. Further, the witness describes the alleged weapon as a "baseball bat," when it is actually a stick barely 23 inches long with a diameter of only two inches. As also stated previously, the statement by the medical examiner is irrelevant to the issue of identifying Mr. Wozniak as one the suspects who participated in the assault on the victim.

**C.  Conclusion**

As shown above, the government relies on inadmissible and irrelevant evidence and week identification statements to make faulty assertions about the strength of the evidence contained in the extradition request. By all appearances, the police work in the case was sloppy, at best. This is seen in the disarray of the evidence and the lack of relevant and substantive witness statements. Although the investigation may have been poorly conducted, the Court must still objectively review the evidence *as presented* in the extradition request, including that any inadmissible, irrelevant, or prejudicial evidence contained therein not be considered in the probable cause determination.

Mr. Wozniak submits that a careful review of the admissible and relevant evidence as it is contained and presented in the extradition request makes it abundantly clear that it is insufficient to support a finding of probable cause.

**IV.**

**THE RULE OF NON-CONTRADICTION DOES NOT PREVENT THE COURT FROM CONSIDERING EVIDENCE THAT MR. WOZNIAK WAS IMPROPERLY PROSECUTED AS AN ADULT**

The extradition hearing is a fundamental part of the accused's right to be accorded due process.[7] In this case, the Court has an important role to play in ensuring that the submitted evidence in the extradition request is sufficiently supported by probable cause to justify Mr. Wozniak's extradition – a decision that will have far reaching consequences for Mr. Wozniak, his family, and the community he has called home for the past 14 years.

**A.   The Scope of the Rule of Non-Contradiction**

Mr. Wozniak understands and accepts that the "Rule of Non-Contradiction" (hereinafter the "Rule") applies in extradition cases. The Rule is generally understood to mean that the defense may offer evidence to "explain" but not to "contradict" the submitted evidence.[8] However, the precise scope of the Rule has never been established and can vary. Many courts have been reluctant to interpret the Rule in its strictest form, and have diligently evaluated the credibility of the

---

[7] *In re Extradition of Singh*, 123 F.R.D. 108, 125 (D.N.J. 1987); *Sayne v. Shipley*, 418 F.2d 679, 686 (5th Cir. 1969), cert. denied, 398 U.S. 903 (1970).

[8] *In re Extradition of Sindona*, 450 F. Supp. 672, 685 (S.D.N.Y. 1978).

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

submitted evidence.[9] Courts have also recognized that strict application of the Rule can have absurd and unjust results.[10]

A fair interpretation of the Rule provides the Court with discretion to admit evidence that ensures a fair decision-making process before official action is taken which impairs a person's life and liberty.[11] Any fair notion of due process mandates that a judicial proceeding give all parties an opportunity to be heard on critical and decisive allegations which go to the core of the parties' claim or defense and to present evidence on the contested facts.[12] That is, the Court has discretion to receive and review defense evidence that negates a showing of probable cause.[13]

Also, under American law, probable cause must be determined on the basis of the "totality of the circumstances."[14] The plain meaning and understanding of "totality of the circumstances" dictates that it should not be limited to only the government's evidence but should also include evidence proffered by the defense.

**B. Legal Requirements to be Charged as an Adult Under Polish Law**

Pursuant to Polish Penal Code, Article 10, § 1, *"Whoever commits a prohibited act after having attained the age of 17 years shall be liable under the provisions of this Code."*

_____

[9] *In re Extradition of Strunk*, 293 F. Supp. 2d 1117 (E.D. Cal. 2003); *Gill v. Imundi*, 747 F. Supp. 1028, 1041 (S.D.N.Y. 1990); *Quinn v. Robinson*, 783 F.2d 776, 815 (9th Cir. 1986), cert. denied, 479 U.S. 882 (1986); *Shapiro v. Ferrandina*, 355 F. Supp. 563, 572 (S.D.N.Y. 1973).

[10] *In re Extradition of* Mazur, No. 06 M 295 (N.D. Illinois 2007) (Court stating, "Certainly, this case comes closer than any this Court has seen to pointing out the absurdity of the law in this area."); In *re Extradition of Singh*, 170 F. Supp. 2d 982, 994 (E.D. Cal. 2001); *Sandhu v.Burke*, 97 Civ. 4608 (S.D.N.Y. 2000).

[11] *In re Extradition of Singh*,123 F.R.D.108,125 (D.N.J. 1987).

[12] *Id.*

[13] *In re Extradition of Sindona*, 450 F. Supp. 672, 685 (S.D.N.Y. 1978).

[14] *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

Polish Penal Code, Article 10, § 2, further provides, *"A juvenile, who after attaining the age of 15 years…may be liable under the provisions specified in this Code, if the circumstances of the case and the mental state of development of the perpetrator, his characteristics and personal situation warrant it, and especially when previously applied educational or corrective measures have proved ineffective."*

Finally, Article 42, § 3 of the Act on Proceedings in Juvenile Cases requires an assessment of the case prior to explanatory proceedings justifying the charging of a minor as an adult.

## C.  Sixteen-Year-Old Dawid Tomasz Wozniak was Improperly Charged as an Adult

### 1.  Introduction

It is uncontested that Dawid was a 16-year-old minor at the time of the incident that is the subject of the charged offense. Following Dawid's arrest, he was taken to Police Children's Shelter in Plock because he could not be taken into custody due to his age.

Dawid was subsequently transferred to Family Court in Przasnysz, 3rd Family and Minors Division, which instituted proceedings in the matter. After holding a hearing, at which Mr. Wozniak was *not* present, the Family Court handed his case over to the District Public Prosecutor's Office in Ciechanow for criminal prosecution as an adult.

It was recently discovered by defense counsel in Poland that Dawid was in fact improperly charged as an adult for the incident that is the subject of the charged offense. See Exhibit A.

### 2.  The Polish prosecutor rejects the court's decision

Upon receiving the case, the District Public Prosecutor's Office vigorously disagreed with the Court's decision to prosecute Dawid as an adult and immediately challenged the decision in a complaint date February 18, 2008. See Exhibit B. In the complaint, the prosecutor writes, in pertinent part, the following:

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

**This is not possible to agree with the court's position. The assessment of the existence of grounds for responsibility of the juvenile, Dawid Wozniak, under Article 10 § 2 of the Polish Penal Code was based on the findings of the investigation, which are very general and do not take into account the grounds for responsibility set out in Article 10 § 2 of the Polish Penal Code. When referring the case to the prosecutor, the court did not analyse the circumstances of the case. It omitted a detailed assessment of the juvenile offender regarding his level of development, characteristics, and personal conditions, limiting itself to stating that didactic measures were applied to the juvenile. From the records of the proceedings, it transpires that Dawid Wozniak was subjected to an obligation to apologise to the victim in the case no. III RNpw 50/07 concerning an act under Article 157 § 2 of the Polish Penal Code. However, this information is only contained in the official memo. The lack of evidence from these proceedings makes it impossible to assess the degree of depravity of the minor. All the more so in the case of pending proceedings, and it can only be assumed that further didactic or corrective measures will be applied to Dawid Wozniak.**

**Essential for the application of Article 42 § 3 of the Act on Proceeding in Juvenile Cases is the assessment of the circumstances of the case. Dawid Wozniak committed the criminal acts acting jointly and in concert with a person liable under the Polish Penal Code, who at the present stage of the proceedings has been charged under Article 158 § 1 and 158 § 2 of the Polish Penal Code. The decision of the court of first instance does not indicate that the evidence makes it possible to unequivocally attribute to the minor such an action which caused bodily injuries to Andrzej Malinowski, resulting in his death (Article 156 § 3 of the Polish Penal Code). This is even more impossible if we consider that on the date of the decision (in case no. Ds 3106/07 /Sp of the District Prosecutor's Office in Ciechanow), the expert did not issue an opinion as to the injuries sustained by Andrzej Malinowski and the mechanism of their occurrence. Therefore, it cannot be indicated that these injuries were caused only by Dawid Wozniak.**

Of particular concern is the prosecutor's assertion that the court did not follow the statutory requirements prior to making its decision to charge Dawid as an adult (e.g., *"The assessment...and findings of the investigation, which are very general and do not take into account the grounds for responsibility set out in Article 10 § 2 of the Polish Penal Code."*). The prosecutor plainly states that the court shirked its responsibilities in assessing "the degree of depravity of the minor" (e.g., *"The court did not analyse the circumstances of the case. It omitted a detailed assessment of the*

*juvenile offender regarding his level of development, characteristics, and personal conditions, limiting itself to stating that didactic measures were applied to the juvenile."*)

The prosecutor not only asserts that Dawid's legal protections as a minor were violated, but also questions the strength of the evidence against him (e.g., *"Dawid Wozniak committed the criminal acts acting jointly and in concert with a person liable under the Polish Penal Code…The decision of the court of the first instance does not indicate that the evidence makes it possible to unequivocally attribute to the minor such an action which caused bodily injuries to Andrzej Malinowski"*)

The prosecutor's complaint continues by questioning the court's acceptance of an unverified version of the alleged offense, as follows:

> **It should be presumed that the court of the first instance accepted the version presented by the minor questioned in the preparatory proceedings, according to which he was the only one who used a wooden baton during the incident. This version was not the only one presented by Dawid Wozniak. Other evidence did not unequivocally verify the minor's account.**

The prosecutor's complaint also highlights that the court's initial response to Dawid's arrest was not to have him detained at all, as follows (see also Exhibit C):

> **It should be noted that the course of proceedings indicates that the court of the first instance also had doubts concerning the application of Article 10 § 2 of the Polish Penal Code to Dawid Wozniak since, in its decision of 28 December 2007, it did not find any premises for placing the minor in a juvenile detention centre and ordered that he be released from the police children's shelter and brought back to his parents.**

The court's decision was ultimately upheld on formal reasons with no response to the merits of the Prosecutor's Office's complaint, including the lack of notification to Dawid concerning proceedings in the matter. Unfortunately for Dawid, it is now too late to appeal the court's improper decision to prosecute him as an adult.

21

DEFENDANT'S MEMORANDUM IN OPPOSITION OF CERTIFICATION OF EXTRADITION
AND RESPONSE TO GOVERNMENT'S MEMORANDUM

### 3.      Conclusion

The complaint by the District Public Prosecutor's Office is a clear and powerful rebuke of the Polish court's conduct in assessing the critical issue of whether or not Dawid should have been prosecuted as an adult, or even at all.

The complaint speaks directly to the critical issue of probable cause that this Court must decide at Dawid's extradition hearing. The Polish court's procedural and substantive errors are inextricably linked with the question of the evidence against Dawid. As the Polish prosecutor states, *"Essential for the application of Article 42 § 3 of the Act on Proceeding in Juvenile Cases is the assessment of the circumstances of the case."* After making this point, and as stated above, the Polish prosecutor then questions whether the evidence is sufficient to attribute the alleged conduct to Dawid. Further, as also stated above, the Polish prosecutor was concerned that the Polish court was too quick to accept an unverified version of events.

Whether the Court decides to review this issue as a due process issue or more squarely as an evidentiary probable cause issue, or perhaps a hybrid of both, the inescapable conclusions is the same: Had the Family Court conducted a proper assessment of Dawid and the circumstances of the offense, it's likely that Dawid would not have been charged, or at worst charged as a minor, either of which negates the possibility of his extradition. There is no evidence in the record that supports Dawid was properly charged as an adult un Polish law and requirements, either through proper procedural measures or based on the sufficiency of the evidence against him.

As previously stated, it is within the authority and discretion of this Court to ensure a fair decision-making process before official action is taken which impairs a person's life and liberty. Clearly, the decision to prosecute Dawid as an adult was done unfairly and based on insufficient

22

evidence. And it is solely due to that decision and failed process that Mr. Wozniak's liberty is now threatened.

It is urged that the Court act to correct this injustice and not delegate its authority to the Department of State on the chance that the Department will not surrender Dawid to Polish authorities. It is well understood that certified extraditions are routinely surrendered unless the person or the alleged conduct touches political spheres of influence, which is clearly not the case here.

## V.

## CONCLUSION

As detailed and set forth in this memorandum, the evidence contained in the extradition request is insufficient to support a finding of probable cause as to the charged offense that is the subject of the extradition request. As shown, the government relies on inadmissible and irrelevant evidence and week identification statements to make faulty assertions about the strength of the evidence contained in the extradition request. Mr. Wozniak submits that a careful review of the admissible and relevant evidence as it is contained and presented in the extradition request makes it abundantly clear that it is insufficient to support a finding of probable cause. Therefore, Mr. Wozniak respectfully requests that the Court not certify the extradition request as it is not sufficiently supported by probable cause.

That Mr. Wozniak was improperly charged as an adult only further supports the negation of probable cause and the non-certification of the extradition request. As explained, the Rule of Non-Contradiction does not prevent the Court from considering evidence set forth in this memorandum that Mr. Wozniak was improperly prosecuted as an adult.

23

As such, for all the reasons set forth in this memorandum, Mr. Wozniak prays for compassion and understanding from the Court, and that the Court exercise its discretion and not certify the extradition request.


Dated: May 31, 2022                                          */s/ Joseph Abrams*
                                                            Joseph Abrams

Dated: May 31, 2022                                          */s/ Ryan T. Okabe*
                                                            Ryan T. Okabe

                                                            Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, JOSEPH ABRAMS, declare:

That I am a citizen of the United States and resident of or employed in Orange County, California; that my business address is Law Office of Joseph Abrams, 2800 E. Katella Avenue, Suite 800, Anaheim, California 92806; that I am over the age of eighteen years; and I am not a party to the above-entitled action.

That I am an attorney and member of the bar of the State of California and of the United States District Court for the Eastern District of California, and that on this date, I served a true and correct copy of the attached **DEFENDANT'S MEMORANDUM IN OPPOSITOIN OF CER-TIFICATION OF EXTRADITION AND RESPONSE TO GOVERNMENT'S MEMORAN-DUM** by electronically filing same with the Clerk of the District Court using it's CM/ECF system, which electronically notifies counsel for that party as follows:

**Audrey B. Hemesath**
**Assistant United States Attorney**

This Certificate is executed on this date at Anaheim, California. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: May 31, 2022                          _/s/ Joseph Abrams_
                                             Joseph Abrams
                                             Attorney for Defendant